1  Michael Allen (admitted to appear *pro hac vice*)
   mallen@relmanlaw.com
2  D. Scott Chang (SBN 146403)
   schang@relmanlaw.com
3  Jamie L. Crook (SBN 245757)
   jcrook@relmanlaw.com
4  **RELMAN, DANE & COLFAX PLLC**
   1225 19th Street, NW, Suite 600
5  Washington, DC 20036
   Telephone: 202-728-1888
6  Facsimile: 202-728-0848

7  David Geffen (SBN 129342)
   geffenlaw@aol.com
8  **DAVID GEFFEN LAW**
   530 Wilshire Boulevard, Suite 205
9  Santa Monica, CA 90401
   Telephone: 310-434-1111
10 Facsimile: 310-434-1115

11 *Attorneys for Plaintiff*

12

                    UNITED STATES DISTRICT COURT
13                  CENTRAL DISTRICT OF CALIFORNIA
                        (WESTERN DIVISION)
14

15 **MEI LING,**                      │  Case No. 2:11-cv-7774-SVW

16                    Plaintiff,      │

17           — *v.* —                 │  **SECOND AMENDED
                                      │  COMPLAINT FOR
18 **CITY OF LOS ANGELES,**           │  DELCLARATORY RELIEF,
                                      │  PERMANENT INJUNCTIVE
19 **CALIFORNIA; COMMUNITY**          │  RELIEF, AND DAMAGES AND
                                      │  DEMAND FOR TRIAL**
20 **REDEVELOPMENT AGENCY OF
   THE CITY OF LOS ANGELES;**
21 Redrock NoHo Residential, LLC;

22 Park Plaza West Senior Partners,
   L.P.; JSM Florentine, LLC; Legacy
23 Partners Residential, Inc.; FPI
   Management, Inc.; and Guardian/KW
24 NoHo, LLC,

25                   Defendants.      │

26

27

28

# I. **NATURE OF THE ACTION**

1.    This is an action for declaratory judgment, injunctive relief, and damages for discrimination and retaliation on the basis of disability in the provision of housing.  This action arises under the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; the California Fair Employment and Housing Act, Cal. Gov't Code, Sec. 12900 *et seq.*; the California Unruh Civil Rights Act, Cal. Civ. Code, Sec. 51 *et seq.*; and the California Disabled Persons Act, Cal. Civ. Code, Sec. 54 *et seq.*

2.    Plaintiff Mei Ling is a resident of Los Angeles, California.  She is non-ambulatory and uses a wheelchair during all waking hours.  Because of her physical disability, Plaintiff cannot obtain employment and subsists on a small monthly stipend from the County of Los Angeles.

3.    Defendant City of Los Angeles and Defendant Community Redevelopment Agency of Los Angeles are recipients of federal financial assistance from the U.S. Department of Housing and Urban Development.  The City and its Community Redevelopment Agency use that federal financial assistance to fund private housing developments in Los Angeles.  These Defendants have provided federal funding and other forms of support to private housing developers without ensuring that the private housing providers comply with federal laws prohibiting housing discrimination on the basis of disability.

4.    Since 2006, Plaintiff has sought to rent an affordable, wheelchair-accessible apartment unit at numerous multi-family housing developments in Los Angeles that have received financial and other assistance from the City of Los Angeles and its

1   Community Redevelopment Agency and/or have received federal
2   financial assistance directly from the U.S. Department of Housing
3   and Urban Development.

4        5.   Since 2006 and continuing through the present,
5   Plaintiff has unsuccessfully applied for wheelchair-accessible,
6   affordable housing at several such multi-family housing
7   developments, including The Lofts at NoHo Commons and NoHo
8   14.

9        6.   Because Plaintiff was unable to obtain affordable,
10  wheelchair-accessible housing at The Lofts, NoHo 14, or any other
11  private development that receives assistance from the City and/or
12  the federal government, she was forced to live in homeless
13  shelters and transitional housing from approximately June 2006 to
14  May 2009.

15       7.   Since June 2009, Plaintiff has lived at The Piedmont,
16  an apartment building for seniors and persons with disabilities in
17  the North Hollywood region of the City.  Plaintiff's apartment unit
18  at The Piedmont is not fully accessible to her.  She is unable to
19  use the shower or toilet in her unit, and cannot access reliable,
20  affordable public transportation to and from her building.

21       8.   Plaintiff has requested that Defendants Community
22  Redevelopment Agency of Los Angeles and Legacy Partners
23  Residential, Inc., which manages her current building, allow her to
24  transfer to a unit in another property that would be more
25  accessible to Plaintiff and would provide better access to
26  affordable and reliable public transit services.

27       9.   In addition, Plaintiff has requested a reasonable
28  accommodation in the form of an exception to a policy maintained

1   at The Lofts at NoHo Commons, which excludes one-bedroom,

2   wheelchair-accessible "Pantages" floor plan units from its

3   affordable housing program.  Defendants Redrock NoHo

4   Residential, LLC and Legacy Partners Residential, Inc. have

5   refused to grant this reasonable accommodation, which would

6   allow Plaintiff to rent a more accessible Pantages unit through this

7   development's affordable housing program.

8       10.   Defendants City of Los Angeles and its Community

9   Redevelopment Agency, Redrock NoHo Residential, LLC, and

10  Legacy Partners Residential, Inc. have refused to make an

11  affordable, wheelchair-accessible unit available to Plaintiff and

12  have failed to ensure that a minimum number of wheelchair-

13  accessible dwelling units are available for renters such as Plaintiff

14  who require government assistance to pay for housing.

15      11.   Each Defendant has furthermore failed to make

16  affordable, wheelchair-accessible housing available for Plaintiff,

17  with the effect of denying her housing opportunities on the basis

18  of her disability.

19      12.   Further, Defendant Legacy Partners Residential, Inc.

20  has sought to intimidate Plaintiff and to interfere with her exercise

21  of these federally protected rights.

22      13.   Defendants have done so with deliberate indifference

23  for Plaintiff's federally protected rights to equal housing

24  opportunities notwithstanding her disability.

25      14.   These and other acts as alleged more fully herein

26  constitute unlawful housing discrimination and retaliation on the

27  basis of disability and are continuing violations of the

28  Rehabilitation Act, the Fair Housing Act, the California Fair

1   Employment and Housing Act, the California Unruh Civil Rights

2   Act, and the California Disabled Persons Act.  Plaintiff brings this

3   complaint to redress the injuries that she has suffered as a result

4   of this continuing pattern of discriminatory and retaliatory conduct

5   by Defendants and to obtain injunctive and declaratory relief that

6   will prevent Defendants from causing similar future harm to

7   Plaintiff and other City residents in need of affordable, accessible

8   housing.

9                    **II.   PARTIES**

10       15.   Plaintiff Mei Ling is a 58-year-old woman who lives in

11  North Hollywood, in Los Angeles, California.  She has used a

12  wheelchair since 2006.  Plaintiff requires a dwelling unit that is

13  both wheelchair-accessible and affordable on her limited income.

14       16.   Defendant City of Los Angeles ("City") is a municipal

15  corporation as defined by the laws of the State of California.

16       17.   Defendant Community Redevelopment Agency of Los

17  Angeles ("CRA/LA") is a public agency authorized by California

18  redevelopment law to conduct redevelopment and revitalization

19  activities, using public and private funds, in designated areas in

20  the City.

21       18.   Defendant Redrock NoHo Residential, LLC ("Redrock

22  NoHo") is a Delaware limited liability company that does business

23  in California, including in the City and County of Los Angeles.

24  Redrock NoHo is the owner of The Lofts at NoHo Commons ("The

25  Lofts"), a multi-family housing development located at 11136

26  Chandler Boulevard, North Hollywood, California.  The Lofts is a

27  CRA/LA-assisted development.

28       19.   Defendant Guardian/KW NoHo, LLC ("Guardian/KW")

1   is a Delaware limited liability company that does business in

2   California, including in the City and County of Los Angeles.

3   Guardian/KW owned NoHo 14, a multi-family housing

4   development located at 5440 North Tujunga Avenue, North

5   Hollywood, California, from on or around June 30, 2010 until on

6   or around March 1, 2012.  NoHo 14 is a CRA/LA-assisted

7   development.

8        20.   Defendant JSM Florentine, LLC ("JSM") is a California

9   limited liability company that does business in California,

10  including in the City and County of Los Angeles.  JSM developed

11  and was the original owner of NoHo 14.  JSM owned NoHo 14,

12  which was formerly called The Florentine, until on or around

13  December 2009.[1]

14       21.   Defendant Legacy Partners Residential, Inc. ("Legacy

15  Partners") is a Delaware corporation that does business in

16  California, including in the City and County of Los Angeles.

17  Legacy Partners has managed The Lofts since December 31, 2007.

18  Legacy Partners managed NoHo 14 from June 2008 through

19  approximately September 2010.  Legacy Partners has managed The

20  Piedmont Luxury Senior Apartments ("The Piedmont"), a multi-

21  family housing development located at 6750 Whitsett Avenue,

22  North Hollywood, California, throughout the period during which

23  Plaintiff has resided there.

24       22.   Defendant FPI Management, Inc. ("FPI") is a California

25  corporation that does business in California, including in the City

26  _____

27  [1] JSM has been served with the original Complaint and the First Amended
    Complaint but has never entered an appearance in this action.  Plaintiff's
    Request for Entry of Defendant JSM Florentine, LLC's Default is pending.

28  *See* Dkt. 70.

1  and County of Los Angeles. FPI managed NoHo 14 from

2  approximately September 2010 through August 2011.

3  ### III.  JURISDICTION AND VENUE

4  23.  Original jurisdiction is conferred on this Court by 28

5  U.S.C. §§ 1331, 1343(a)(4), 2201, and 2202; 29 U.S.C. § 794a;

6  and 42 U.S.C. § 3613(a).

7  24.  Venue is proper in this District and Division, pursuant

8  to 28 U.S.C. §§ 84(c)(2) and 1391(b), because a substantial part of

9  the acts and omissions giving rise to Plaintiff's claims took place

10  in Los Angeles; the properties that are the subject of this action

11  are situated in Los Angeles; Defendant City and Defendant

12  CRA/LA reside in Los Angeles; and the remaining Defendants

13  regularly conduct business in Los Angeles.

14  25.  Plaintiff's claims under the California Fair Employment

15  and Housing Act ("FEHA") the California Unruh Civil Rights Act

16  ("Unruh Act"), and the California Disabled Persons Act ("CDPA")

17  arise out of the same acts and omissions that form the basis of

18  Plaintiff's federal claims under the Rehabilitation Act and the Fair

19  Housing Act. This Court therefore has supplemental jurisdiction

20  over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367,

21  because they form part of the same case or controversy as her

22  federal law claims over which this Court has original jurisdiction.

23  ### IV.  FACTUAL ALLEGATIONS

24  26.  Plaintiff suffers from spinal conditions including spinal

25  stenosis and spondylosis, which is a painful condition resulting

26  from the degeneration of the spine's intervertebral disks. Plaintiff

27  has been non-ambulatory since 2006 and is restricted to a

28  wheelchair.

27.   Plaintiff's physical mobility impairment substantially limits several major life activities.  Plaintiff cannot walk and requires a wheelchair.  Her physical disability prevents her from obtaining employment.  Because of her mobility impairment, Plaintiff requires assistance with personal care.

28.   As a consequence of her disability, Plaintiff cannot earn an income and subsists on a small monthly stipend from Los Angeles County's General Relief program, in the amount of $221. Because of her financial circumstances, Plaintiff cannot afford to live in market-rate housing without government assistance.

29.   Plaintiff requires an affordable dwelling unit that is also wheelchair-accessible.[2] Among other features, Plaintiff requires a dwelling unit with countertops, electrical outlets, and light fixtures at a height that she can reach while sitting in her wheelchair; sufficiently wide doorways; a bathroom layout that allows for the installation of grab bars around the toilet and a standalone shower with enough floor clearance for Plaintiff to install a roll-in ramp that will enable her to enter the shower in a wheelchair; floors without heavy carpet or padding; and sufficient living space to provide privacy for her caregiver.

30.   Plaintiff became homeless on or around June 2006. Since that time, Plaintiff has sought to obtain affordable, wheelchair-accessible housing in CRA/LA-supported buildings located in various parts of the City.

31.   In April 2007, Plaintiff obtained a Housing Choice Voucher (formally labeled and still commonly called a Section 8

---

[2] For purposes of this complaint, the term "affordable" refers to the definition set forth in 24 C.F.R. § 92.252.

1   voucher), administered by the Housing Authority of the City of

2   Los Angeles ("HACLA").  Plaintiff's Housing Choice Voucher

3   currently provides her with $1,469.00 per month to apply to the

4   rental of a two-bedroom apartment unit.

5        32.   The City is a recipient of federal financial assistance,

6   including funding from the U.S. Department of Housing and Urban

7   Development ("HUD").  Each year, HUD provides the City with

8   tens of millions of dollars in the form of, *inter alia*, HOME,

9   CDBG, ESG, EDI, and HOPWA grants.

10        33.   Furthermore, HUD permits the City to pledge a portion

11   of its CDBG funds in exchange for federally-guaranteed loans

12   under the "Section 108" program.  The proceeds of these loans are

13   to be used, among other purposes, to finance affordable housing

14   and community development projects.  The federal government

15   provides these resources to subsidize the rents of low-income

16   individuals and families, and the City is obligated to administer

17   them consistent with the obligations imposed by the Rehabilitation

18   Act and related federal civil rights laws.

19        34.   The City then allocates federal HUD funds to the

20   CRA/LA for purposes of implementing the agency's

21   redevelopment initiatives.  In addition, the City has capitalized its

22   Affordable Housing Trust Fund with CDBG and HOME grants

23   from HUD.  Allocations from the City's Affordable Housing Trust

24   Fund constitute a substantial portion of CRA/LA's annual

25   operating budget.  The CRA/LA is, therefore, also a recipient of

26   federal financial assistance.

27        35.   The CRA/LA, in turn, provides funding and other

28   support to private developers to develop housing in more than 30

1   project areas throughout Los Angeles.  The funding that the
2   CRA/LA allocates to some private developers includes federal
3   HUD funds.

4       36.   As recipients of federal financial assistance, the City
5   and the CRA/LA have a duty to ensure that the housing developers
6   to whom they provide funding comply with federal laws that
7   prohibit housing discrimination on the basis of disability,
8   including the Rehabilitation Act.  The City and CRA/LA's
9   obligations as recipients of federal financial assistance include but
10  are not limited to:

11          (a)   Ensuring that the housing developers to which
12      they  provide funding, any portion of which derives from
13      federal financial assistance, make available a sufficient
14      number of dwelling units that are accessible to individuals
15      with  mobility and sensory disabilities, in a sufficient range
16      of sizes with a sufficient range of amenities so that qualified
17      individuals with mobility impairments have a comparable
18      choice of living arrangements to that of other eligible
19      persons.  24 C.F.R. §§ 8.22-8.27, 8.32.

20          (b)   Monitoring and ensuring that the policies and
21      practices of the housing developers to which they provide
22      funding, any portion of which derives from federal
23      financial assistance, do not exclude qualified individuals
24      with disabilities from participation in, or deny them the
25      benefits of, HUD-funded programs and activities, and
26      instructing such housing developers of their duty to modify
27      housing policies and  practices where necessary to ensure
28      they do not discriminate on the basis of disability against

- 10 -

1     qualified individuals with disabilities. 24 C.F.R. §§ 8.27,

2     8.33.

3     37. Private housing developments that have received

4  federal financial assistance directly from HUD have the same

5  obligations to ensure that persons with disabilities are not denied

6  housing opportunities on the basis of disability by ensuring that

7  the development offers wheelchair-accessible units available in a

8  sufficient range of sizes and amenities so that qualified

9  individuals with mobility impairments have a comparable choice

10  of living arrangements to that of other eligible persons, and by

11  making reasonable modifications to their housing policies and

12  practices to ensure that they do not discriminate against a

13  qualified individual on the basis of his or her disability.

14     38. The CRA/LA has funded several new multi-family

15  housing developments in the North Hollywood Redevelopment

16  Project area ("NoHo Project Area"). The NoHo Project Area was

17  developed as a transit-oriented village and is located along a

18  public transportation corridor and is home to the NoHo Arts

19  District, as well as shops, grocery stores, banks, a pharmacy, a

20  U.S. Post Office, and other necessary services. It is therefore well

21  situated for persons with mobility impairments such as Plaintiff.

22     39. However, the CRA/LA has failed to ensure that the

23  multi-family housing developments that it has supported in the

24  NoHo Project Area contain any guaranteed number of wheelchair-

25  accessible units, or that these units are made available in a

26  sufficient range of sizes and amenities so that a qualified

27  individual with a disability has a choice of living arrangements

28  comparable to that of other prospective tenants. The result of this

1　failure has been to exclude Plaintiff from housing opportunities in
2　these CRA/LA-assisted developments.

3　　　40.　Once Plaintiff obtained her Housing Choice Voucher,
4　she began to apply for tenancy in an affordable unit at various
5　CRA/LA-assisted developments in the NoHo Project Area,
6　including The Lofts and NoHo 14.  Plaintiff has focused her
7　housing search in the NoHo Project Area because of the proximity
8　to reliable, affordable public transportation and other services as
9　described above in Paragraph 38.

10　　　41.　Plaintiff's housing search has been impeded by the
11　failure of the City and CRA/LA to make information available on
12　the location of dwelling units in CRA/LA-assisted properties that
13　are rented at affordable rates and meet the accessibility
14　requirements mandated by 24 C.F.R. Part 8 for wheelchair users
15　like Plaintiff.  Her search has been further hindered by poorly
16　implemented waitlist policies at CRA/LA-supported properties.

17　　　42.　Because of Defendants' failure to ensure the existence
18　of a minimum number of wheelchair-accessible units; the lack of
19　information about those few wheelchair-accessible, affordable
20　apartment units that may exist; and the lengthy waitlists for
21　affordable units at CRA/LA-assisted properties in the NoHo
22　Project Area, Plaintiff was forced to live in homeless shelters and
23　transitional housing for approximately three years.

24　　　*The Piedmont*

25　　　43.　The Piedmont is a 198-unit development in North
26　Hollywood.  It is an age-restricted development and rents some
27　units at below-market rates for persons with Housing Choice
28　Vouchers from HACLA.

- 12 -

44.   In April 2009, Plaintiff signed a lease for a two-bedroom apartment at The Piedmont.  Plaintiff has resided in this unit since June 2009.

45.   Plaintiff's apartment unit at The Piedmont is not fully accessible to her.  Among other things, she cannot use the shower because the layout cannot be modified to install a roll-in ramp. Plaintiff must go off premises to locations with roll-in showers several times per week in order to bathe properly.  Furthermore, because of the design of the bathroom, grab bars cannot be installed around the toilet.

46.   There are no units at The Piedmont that would be more accessible to Plaintiff than the inaccessible unit that she currently occupies.

47.   Plaintiff faces obstacles to accessing public transportation to and from The Piedmont.  Bus service to and from The Piedmont is unreliable and extremely limited in the evenings. Thus, Plaintiff must use Access Para Transit, which is cost-prohibitive on Plaintiff's limited income.  Due to the high cost of Access Para Transit, Plaintiff cannot make daily trips to locations where she is able to use wheelchair-accessible showers.

48.   Plaintiff's current housing is not fully accessible to her and does not allow her the full use and enjoyment of the unit. Plaintiff therefore continues to search for an affordable, accessible dwelling unit in CRA/LA-assisted properties in the NoHo Project Area, as she has since 2006.

*The Lofts*

49.   The CRA/LA has allocated CDBG and HOME funding as well as funding from the City's Affordable Housing Trust Fund

1   to The Lofts' ownership.  HUD confirmed that The Lofts was
2   supported with federal financial assistance in the compliance
3   review discussed below in Paragraph 56.  The obligations to
4   comply with federal anti-discrimination laws that accompany the
5   receipt of federal financial funding, as summarized above in
6   Paragraphs 36-37, run with the land.  For The Lofts, this covenant
7   runs for 55 years.  Thus, Defendant Redrock NoHo, the current
8   owner of The Lofts, is bound by the Rehabilitation Act, as is The
9   Lofts' current management company, Defendant Legacy Partners.

10      50.    Pursuant to an Agreement Containing Covenants
11   Affecting Real Property with the CRA/LA, 28 of The Lofts' 292
12   apartment units are reserved for persons with very low, low, or
13   moderate income.

14      51.    In July 2006, Plaintiff asked to be placed on The Lofts'
15   "interest list."  The Lofts' management refused to do so.  After a
16   lottery was held in November 2006, Plaintiff was placed on a
17   waitlist for an affordable unit.  At that time, Plaintiff was listed as
18   Number 155 on The Lofts' waitlist.  A manager informed Plaintiff
19   that The Lofts would not accept Section 8 (or Housing Choice)
20   vouchers and that it would take at least three years for Plaintiff to
21   reach the top of the waitlist.

22      52.    Contrary to the representation from The Lofts
23   management that there were no affordable units available, Plaintiff
24   learned in August 2007, from the Los Angeles Housing
25   Department, that there were still affordable units available at The
26   Lofts at that time.  Plaintiff therefore submitted an application for
27   an affordable unit.  Upon information and belief, there were
28   vacant and available units in The Lofts' affordable housing

1   program at least through June 2008.

2       53.   In November 2007, The Lofts' managers informed
3   Plaintiff that she was now Number 335 on the affordable unit
4   waitlist, not Number 155 as she had previously been told in
5   November 2006.

6       54.   Defendant Legacy Partners assumed management of
7   The Lofts on December 31, 2007 and continues to manage The
8   Lofts through the present time.

9       55.   Throughout 2008 and 2009, Plaintiff regularly inquired
10   from The Lofts management about her status on the waitlist for an
11   affordable unit. As of February 2009, Plaintiff was still Number
12   335 on the affordable housing waitlist.

13       56.   Pursuant to a compliance review conducted in late
14   2011, and made available to the City and CRA/LA in January
15   2012, HUD has determined that all of the affordable units at The
16   Lofts are studio units, and that none of the one-bedroom units is
17   designated affordable.

18       57.   HUD's compliance review also revealed that the floor
19   plans for each of the units that have been designated as accessible
20   are substantially out of compliance with applicable accessibility
21   requirements.

22       58.   Upon information and belief, one-bedroom Pantages
23   units at The Lofts have been vacant and available since 2007 and
24   continue to be vacant and available.

25       59.   In December 2009, Plaintiff finally reached the top of
26   The Lofts' affordable housing waitlist. At that time, Plaintiff
27   requested that The Lofts ownership and/or management
28   accommodate her disability by making a unit with a Pantages floor

1    plan available to her under the affordable housing program.

2        60.    Among other features, Pantages units have bathroom

3    designs with sufficient floor space for Plaintiff to maneuver her

4    wheelchair, access the combined bath/shower fixture, and store the

5    bulky assistive equipment that would enable Plaintiff to bathe

6    inside this dwelling unit.  The Pantages units' bathroom design

7    would also allow for the installation of grab bars around the toilet

8    area and for other modifications that would make the unit

9    accessible to her.

10        61.    As recipients of federal funding from HUD that is

11   intended to ensure that housing is available to persons like

12   Plaintiff who have with little or no income, Defendants City,

13   CRA/LA, Redrock NoHo, and Legacy Partners have an obligation

14   under 24 C.F.R. 8.26 to ensure that individuals with disabilities

15   who require government assistance in paying for housing are able

16   to choose from dwelling units in a sufficient range of sizes with a

17   sufficient range of amenities to ensure that accessible, affordable

18   units are available to individuals such as Plaintiff and to ensure

19   that qualified individuals like Plaintiff are not denied housing on

20   the basis of disability.

21        62.    The Lofts' ownership and/or management has

22   nonetheless repeatedly denied Plaintiff's request for a reasonable

23   accommodation to its affordable housing program, which excludes

24   Pantages units.  The Lofts has limited its affordable housing

25   program so as to include only studio units.  The layout for the

26   affordable studio units would not allow Plaintiff to make

27   necessary bathroom modifications described above in Paragraph

28   60.

1    63.   Defendants City and CRA/LA have failed to ensure that
2    The Lofts' ownership and management fulfill their obligations
3    under 24 C.F.R. Part 8, including 24 C.F.R. § 8.26.
4    64.   By adopting policies and practices that exclude one-
5    bedroom units from its affordable housing program, and by failing
6    to ensure that the units designated as "accessible" actually meet
7    federal accessibility standards, Defendants Redrock NoHo and
8    Legacy Partners have continuously denied Plaintiff housing
9    throughout the time period during which they have, respectively,
10   owned and managed The Lofts, in violation of the Rehabilitation
11   Act and its implementing regulations, the Fair Housing Act,
12   FEHA, the Unruh Act, and the CDPA.
13   *NoHo 14*
14   65.   NoHo 14 is a CRA/LA-assisted, multi-family housing
15   development located in the NoHo Arts District of Los Angeles, at
16   5440 Tujunga Avenue, North Hollywood, California.  Defendant
17   JSM received financing from CRA/LA to develop NoHo 14 and
18   owned the development through December 2009.
19   66.   NoHo 14 was owned by Defendant Guardian/KW from
20   on or around June 30, 2010 through on or around March 1, 2012.
21   67.   Defendant Legacy Partners managed NoHo 14 from
22   approximately June 2008 through September 2010.  Defendant FPI
23   managed NoHo 14 from approximately September 2010 through
24   August 2011.
25   68.   NoHo 14 has 180 units, at least seven of which are to
26   be rented at rates that are affordable for persons of moderate, low,
27   and very low income, pursuant to an Agreement Containing
28   Covenants Affecting Real Property with the CRA/LA.  NoHo 14's

1  affordable housing program includes one- and two-bedroom units.
2  At least some of the affordable units at NoHo 14 have floor plan
3  designs that would allow Plaintiff to install portable accessibility
4  equipment in the bathroom at minimal cost while also providing
5  sufficient privacy for Plaintiff's caregiver.

6      69.   On or around April 2008, NoHo 14 managers told
7  Plaintiff that the property would be open for rentals in a few
8  months and that they would place Plaintiff as Number 1 on the
9  waitlist for an affordable unit.  On or around June 2008, Plaintiff
10  submitted an application for tenancy at NoHo 14 to Defendant
11  Legacy Partners, which had by that time assumed management of
12  the development.  Legacy Partners and JSM nonetheless refused to
13  offer Plaintiff tenancy at NoHo 14 in 2008.

14      70.   Plaintiff resubmitted tenancy applications in 2009 and
15  2010.  Plaintiff submitted applications and/or made follow-up
16  inquiries on the status of her pending applications during the time
17  periods when NoHo 14 was owned by Defendants JSM and
18  Guardian/KW, respectively, and at times when NoHo 14 was
19  managed by Defendant Legacy Partners and Defendant FPI,
20  respectively.

21      71.   Since submitting her first tenancy application in June
22  2008, Plaintiff has made frequent visits to NoHo 14 to inquire
23  about her status on the affordable housing waitlist.  On two
24  separate occasions, in October and November 2009, Defendant
25  Legacy Partners called the police in an attempt to intimidate
26  Plaintiff and to interfere with her exercise of her federally
27  protected right not to be subjected to housing discrimination on
28  the basis of her disability, after Plaintiff requested that she be

1  provided with the status of her waitlist number, a copy of the

2  current waitlist, and the unit numbers of units with wheelchair

3  accessibility features.

4      72.   In December 2010, Plaintiff was informed by Defendant

5  FPI that NoHo 14 would conduct a lottery for renting out

6  affordable units, and she submitted a new application for tenancy,

7  as instructed by FPI.  Following the lottery, Plaintiff was Number

8  79 on the affordable housing waitlist at NoHo 14.

9      73.   On information and belief, Defendants JSM,

10  Guardian/KW, Legacy Partners and/or FPI held affordable units at

11  NoHo 14 off the market, did not fairly administer the waiting list,

12  and determined to disregard Plaintiff's previous status as Number

13  1 on that list, in order to avoid renting such a unit to Plaintiff.

14      74.   Although housing units at NoHo 14 that are accessible

15  or could be made accessible to Plaintiff have become available

16  throughout the time period when Plaintiff's tenancy applications

17  have been pending (2008 through the present) and could have been

18  rented to Plaintiff at an affordable rate, Defendants Legacy

19  Partners, FPI, JSM, and Guardian/KW never offered Plaintiff

20  tenancy at a unit at NoHo 14.

21      **V.   INJURY TO PLAINTIFF**

22      75.   As a result of Defendants' conduct as described above,

23  Plaintiff filed an administrative complaint with HUD on June 23,

24  2009, naming as respondents Redrock NoHo; Legacy Partners; the

25  City; and the CRA/LA.  HUD issued its final investigative report

26  on March 30, 2011.

27      76.   Defendants City, CRA/LA, Legacy Partners, and

28  Redrock NoHo have continuously refused Plaintiff's requests that

1    they make reasonable accommodations in their rules, policies,

2    practices, services, and/or procedures that would afford Plaintiff

3    an equal opportunity to the use and full enjoyment of a dwelling,

4    as described above in Paragraphs 59-64.

5        77.   All Defendants have intentionally denied housing to

6    Plaintiff on a continuing basis, as follows:

7        (a)   Defendants City and CRA/LA have denied

8        housing to Plaintiff by failing to ensure that the housing

9        developers to which they provide support, including federal

10       financial assistance, comply with their obligations to provide

11       a minimum number of accessible dwelling units in a

12       sufficient range of sizes with a sufficient range of amenities

13       to ensure that accessible, affordable units are available to

14       individuals such as Plaintiff and to ensure that so that

15       qualified individuals like Plaintiff are not denied housing

16       on the basis of disability.

17        (b)   Defendants Redrock and Legacy Partners have

18       denied housing to Plaintiff by failing to provide a minimum

19       number of accessible dwelling units in a sufficient range

20       sizes with a sufficient range of amenities to ensure that

21       accessible, affordable units are available to individuals such

22       as Plaintiff and by refusing to rent an affordable, accessible

23       unit at The Lofts to Plaintiff on the basis of her disability,

24       despite the fact that such units have become available or

25       could have been made available to Plaintiff throughout the

26       relevant time period.

27        (c)   Defendants JSM, Guardian/KW and FPI have

28       denied housing to Plaintiff by refusing to rent an affordable,

1    accessible unit at NoHo 14 to Plaintiff on the basis of her

2    disability, despite that fact that  such units have become

3    available or could have been made available to Plaintiff

4    throughout the relevant time period.

5    78.    Defendant Legacy Partners has intentionally interfered

6    with Plaintiff's exercise of rights guaranteed under the Fair

7    Housing Act and FEHA.

8    79.    Defendants have done so with deliberate indifference.

9    Defendants have known that their acts and omissions create a

10   substantial likelihood of harm to Plaintiff's federally protected

11   rights, and Defendants have failed to act upon that likelihood.

12   80.    As a result of each Defendant's unlawful actions

13   described above in Paragraphs 1 to 79, Plaintiff has suffered,

14   continues to suffer, and will in the future suffer irreparable loss

15   and injury including but not limited to out-of-pocket expenses,

16   fear, humiliation, embarrassment, emotional distress, and unlawful

17   deprivation of her federally protected rights to exercise and enjoy

18   equal housing opportunities, without regard for disability.

19   81.    Each Defendant has continuously engaged in an

20   ongoing pattern, practice, and policy of discrimination on the

21   basis of disability.  Each Defendant continues to engage in such a

22   pattern, practice, and policy of discrimination so as to constitute

23   continuing violations of Plaintiff's federally protected rights.

24   82.    Each Defendant's unlawful actions were, and are,

25   intentional and willful, and/or have been and are being

26   implemented with callous and reckless disregard for Plaintiff's

27   statutorily protected rights.

28   83.    Defendant City and Defendant CRA/LA are liable for

1  ongoing and continuing violations of Plaintiff's rights under the

2  Rehabilitation Act, the Fair Housing Act, and FEHA because

3  during the relevant time period Defendants Redrock NoHo and

4  Legacy Partners, and these Defendants' agents/officers, have been

5  acting and will continue to act (a) with the consent of, (b) under

6  the control and supervision of, and/or (c) within their authority as

7  agents of Defendant City and Defendant CRA/LA.

8      84.   Defendant City and Defendant CRA/LA are liable for

9  ongoing and continuing violations of Plaintiff's rights under the

10  Fair Housing Act and FEHA because during the relevant time

11  period Defendants JSM, Guardian/KW, and FPI, and these

12  Defendants' agents/officers, have been acting and will continue to

13  act (a) with the consent of, (b) under the control and supervision

14  of, and/or (c) within their authority as agents of Defendant City

15  and Defendant CRA/LA.

16      85.   Defendant Redrock NoHo is liable for ongoing and

17  continuing violations of Plaintiff's rights under the Rehabilitation

18  Act, the Fair Housing Act, FEHA, the Unruh Act, and the CDPA

19  because during the relevant time period Defendant Legacy Partners

20  and its agents/officers have been acting and will continue to act

21  (a) with the consent of, (b) under the control and supervision of,

22  and/or (c) within their authority as agents of Defendant Redrock

23  NoHo.

24      86.   Defendant JSM is liable for ongoing and continuing

25  violations of Plaintiff's rights under the Fair Housing Act, FEHA,

26  the Unruh Act, and the CDPA because during the relevant time

27  period Defendant Legacy Partners and its agents/officers were

28  acting (a) with the consent of, (b) under the control and

1  supervision of, and/or (c) within their authority as agents of
2  Defendant JSM.

3       87.   Defendant Guardian/KW is liable for ongoing and
4  continuing violations of Plaintiff's rights under the Fair Housing
5  Act, FEHA, the Unruh Act, and the CDPA because during the
6  relevant time period Defendant Legacy Partners and Defendant
7  FPI, and their agents/officers, were acting (a) with the consent of,
8  (b) under the control and supervision of, and/or (c) within their
9  authority as agents of Defendant Guardian/KW.

10            **VI.**  **CLAIMS FOR RELIEF**

11       88.   Plaintiff has a disability within the meaning of the
12  Rehabilitation Act, 29 U.S.C. § 791, and has a handicap within the
13  meaning of the Fair Housing Act, 42 U.S.C. § 3602, because she
14  has a physical mobility impairment that substantially limits one or
15  more major life activities.  For the same reasons, Plaintiff has a
16  physical disability within the meaning of California Government
17  Code Sections 12955.3 and 12926(k).

18       89.   Plaintiff satisfies any and all legitimate eligibility
19  criteria for renting an apartment in a CRA/LA-assisted apartment
20  building and in The Piedmont.

21       90.   Throughout the relevant time period during which
22  Plaintiff has sought affordable, accessible housing, Defendants
23  could have made available to Plaintiff, at an affordable rent, an
24  apartment unit that would be accessible to Plaintiff and/or which
25  could be made accessible at minimal expense at The Lofts, NoHo
26  14, and/or at another CRA/LA-assisted property in the NoHo
27  Project Area.

28

1

## FIRST CLAIM FOR RELIEF

2

### 29 U.S.C. § 794
### Against Defendants City, CRA/LA, Redrock NoHo, and Legacy Partners

3

4        91.   These Defendants' acts, including those through their

5 employees and/or agents/officers, as described in Paragraphs 1 to

6 90, violate the Rehabilitation Act, 29 U.S.C. § 794.

7

## SECOND CLAIM FOR RELIEF

8

### 42 U.S.C. § 3604(d)
### Against Defendants Redrock NoHo and Legacy Partners

9

10      92.   These Defendants' acts, including those through their

11 employees and/or agents/officers, as described in Paragraphs 1 to

12 1 to 90, violate the Fair Housing Act, 42 U.S.C. § 3604(d).

13

## THIRD CLAIM FOR RELIEF

14

### 42 U.S.C. § 3604(f)(1)
### Against Defendants City, CRA/LA, Redrock NoHo, Guardian/KW, JSM, Legacy Partners, and FPI

15

16      93.   These Defendants' acts, including those through their

17 employees and/or agents/officers, as described in Paragraphs 1 to

18 90, violate the Fair Housing Act, 42 U.S.C. § 3604(f)(1).

19

## FOURTH CLAIM FOR RELIEF

20

### 42 U.S.C. § 3604(f)(2)
### Against Defendants City, CRA/LA, Redrock NoHo, Guardian/KW, JSM, Legacy Partners, and FPI

21

22      94.   These Defendants' acts, including those through their

23 employees and/or agents/officers, as described in Paragraphs 1 to

24 90, violate the Fair Housing Act, 42 U.S.C. § 3604(f)(2).

25

## FIFTH CLAIM FOR RELIEF

26

### 42 U.S.C. § 3604(f)(3)
### Against Defendants City, CRA/LA, Redrock NoHo, Guardian/KW, JSM, Legacy Partners, and FPI

27

28      95.   These Defendants' acts, including those through their

1  employees and/or agents/officers, as described in Paragraphs 1 to

2  90, violate the Fair Housing Act, 42 U.S.C. § 3604(f)(3).

3               **SIXTH CLAIM FOR RELIEF**

4                    **42 U.S.C. § 3617**

5            **Against Defendant Legacy Partners**

6      96.   Defendant Legacy Partners' acts, including those

7  through its employees and/or agents/officers, as described in

8  Paragraphs 67 and 69-74, violate the Fair Housing Act, 42 U.S.C.

9  § 3617.

10              **SEVENTH CLAIM FOR RELIEF**

11                **Cal. Gov't Code Sec. 12955(a)**
   **Against Defendants Redrock NoHo, Guardian/KW, and JSM**

12     97.   These Defendants' acts, including those through their

13  employees and/or agents/officers, as described in Paragraphs 1 to

14  90, violate FEHA, Cal. Gov't Code Sec. 12955(a).

15              **EIGHTH CLAIM FOR RELIEF**

16                **Cal. Gov't Code Sec. 12955(e)**
                **Against Defendants City and CRA/LA**

17     98.   These Defendants' acts, including those through their

18  employees and/or agents/officers, as described in Paragraphs 1 to

19  90, violate FEHA, Cal. Gov't Code Sec. 12955(e).

20              **NINTH CLAIM FOR RELIEF**

21                **Cal. Gov't Code Sec. 12955(k)**
   **Against Defendants City, CRA/LA, Redrock NoHo,**
22          **Guardian/KW, JSM, Legacy Partners, and FPI**

23     99.   These Defendants' acts, including those through their

24  employees and/or agents/officers, as described in Paragraphs 1 to

25  90, violate FEHA, Cal. Gov't Code Sec. 12955(k).

26

27

28

1            **TENTH CLAIM FOR RELIEF**

2            **Cal. Gov't Code Sec. 12955.7**

3            **Against Defendant Legacy Partners**

4       100.  Defendant Legacy Partners' acts, including those

5  through its employees and/or agents/officers, as described in

6  Paragraphs 67 and 69-74, violate FEHA, Cal. Gov't Code Sec.

7  12955.7.

8            **ELEVENTH CLAIM FOR RELIEF**

9            **Cal. Gov't Code Sec. 12927(c)(1) and 12955(k)**

10  **Against Defendants City, CRA/LA, Redrock NoHo and Legacy Partners**

11      101.  These Defendants' acts, including those through their

12 employees and/or agents/officers, as described in Paragraphs 49 to

13 64, violate FEHA, Cal. Gov't Code Sec. 12927(c)(1).

14           **TWELFTH CLAIM FOR RELIEF**

15           **Cal. Civ. Code Sec. 51**

16  **Against Defendants Redrock, Guardian/KW, JSM, Legacy Partners, and FPI**

17      102.  These Defendants' acts, including those through their

18 employees and/or agents/officers, as described in Paragraphs 1 to

19 90, violate the Unruh Act, Cal. Civ. Code Sec. 51.

20           **THIRTEENTH CLAIM FOR RELIEF**

21           **Cal. Civ. Code Secs. 54.1 and 54.3**

22  **Against Defendants Redrock, Guardian/KW, JSM, Legacy Partners, and FPI**

23      103.  These Defendants' acts, including those through their

24 employees and/or agents/officers, as described in Paragraphs 1 to

25 90, violate the CDPA, Cal. Civ. Code Secs. 54.1 and 54.3.

26           **VII.  PRAYER FOR RELIEF**

27      WHEREFORE Plaintiff respectfully prays that the Court

28

1    grant her the following relief:

2         (a)   Enter a declaratory judgment that the foregoing actions
3    of Defendants City, CRA/LA, Redrock NoHo, and Legacy Partners
4    with respect to its management of The Lofts violate 29 U.S.C. §
5    794.

6         (b)   Enter a declaratory judgment that the foregoing actions
7    of Defendants Redrock NoHo and Legacy Partners with respect to
8    its management of The Lofts violate 42 U.S.C. § 3604(d).

9         (c)   Enter a declaratory judgment that the foregoing actions
10   of Defendants City, CRA/LA, Redrock NoHo, JSM, Guardian/KW,
11   Legacy Partners with respect to its management of The Lofts, and
12   FPI violate 42 U.S.C. § 3604(f)(1)-(3).

13        (d)   Enter a declaratory judgment that the foregoing actions
14   of Defendants Redrock NoHo, Guardian/KW, and JSM violate
15   California Government Code Section 12955(a).

16        (e)   Enter a declaratory judgment that the foregoing actions
17   of Defendants City and CRA/LA violate California Government
18   Code Section 12955(e).

19        (f)   Enter a declaratory judgment that the foregoing actions
20   of Defendants City, CRA/LA, Redrock NoHo, Guardian/KW, JSM,
21   Legacy Partners with respect to its management of The Lofts, and
22   FPI violate California Government Code Section 12955(k).

23        (g)   Enter a declaratory judgment that the foregoing actions
24   of Defendants City, CRA/LA, Redrock NoHo, and Legacy Partners
25   with respect to its management of The Lofts violate California
26   Government Code Sections 12927(c)(1) and 12955(k).

27        (h)   Enter a declaratory judgment that the foregoing actions
28   of Defendant Legacy Partners with respect to its management of

1   NoHo 14 as alleged in Paragraphs 67 and 69 to 74 violate 42

2   U.S.C. § 3617 and California Government Code Section 12955.7.

3       (i)   Enter a declaratory judgment finding that the foregoing

4   actions of Defendants Redrock NoHo, Guardian/KW, JSM, Legacy

5   Partners with respect to its management of The Lofts, and FPI

6   violate California Civil Code Sections 51 and 54.1.

7       (j)   Enter an injunction directing Defendants to take all

8   affirmative steps necessary to remedy the effects of the illegal,

9   discriminatory conduct described herein and to prevent similar

10   occurrences in the future;

11       (k)   Enter an injunction directing that Defendants

12   immediately make available to Plaintiff an affordable dwelling

13   unit in a CRA/LA-assisted property that has the necessary

14   accessibility features described above, including an order that

15   Defendants provide any and all reasonable modifications necessary

16   for Plaintiff to enjoy the full use and enjoyment of the dwelling

17   unit;

18       (l)   Award compensatory damages to Plaintiff in an amount

19   to be determined by the jury that would fully compensate Plaintiff

20   for the economic loss, humiliation, embarrassment, and emotional

21   distress that she has suffered and will continue to suffer as a result

22   of the discriminatory and retaliatory conduct alleged in Paragraphs

23   1 to 90;

24       (m)   Award Plaintiff statutory damages pursuant to

25   California Civil Code Sections 51(a) and 54.3 against Defendants

26   Redrock, Guardian/KW, JSM, Legacy Partners, and FPI.

27       (n)   Award punitive damages to Plaintiff in an amount to be

28   determined by the jury that would punish Defendants Redrock,

1  Guardian/KW, JSM, Legacy Partners, and FPI for the willful,

2  wanton, and reckless conduct alleged in Paragraphs 1 to 90 and

3  that would effectively deter similar conduct in the future;

4      (o)   Award Plaintiff her reasonable attorneys' fees and costs

5  pursuant to 29 U.S.C. § 794a; 42 U.S.C. §§ 3613(c); 42 U.S.C. §

6  1988; Cal. Gov't Code Sec. 12989.2(b); and Cal. Civ. Code Sec.

7  51.

8      (p)   Order such other relief as this Court deems just and

9  equitable.

10                              **JURY DEMAND**

11      Plaintiff hereby requests a jury trial.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Dated:  May 1, 2012

2   Respectfully submitted,

3   *[signature]*

    Jamie L. Crook
4   on behalf of counsel for Plaintiff

5   Michael Allen (admitted to appear *pro hac vice*)
    mallen@relmanlaw.com
6   D. Scott Chang (SBN 146403)
    schang@relmanlaw.com
7   Jamie L. Crook (SBN 245757)
    jcrook@relmanlaw.com
8   **RELMAN, DANE & COLFAX PLLC**
    1225 19th Street, NW, Suite 600
9   Washington, DC 20036
    Telephone: (202) 728-1888
10  Facsimile: (202) 728-0848

11  David Geffen (SBN 129342)
    geffenlaw@aol.com
12  **DAVID GEFFEN LAW**
    530 Wilshire Boulevard, Suite 205
13  Santa Monica, CA 90401
    Telephone: (310) 434-1111
14  Facsimile: (310) 434-1115

15  *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**
**CENTRAL DISTRICT OF CALIFORNIA**

2

I hereby certify that on this 1st day of May, 2012, I served notice of the
3   filing of Plaintiff's Second Amended Complaint via e-mail and first-class mail
    on all counsel of record.  I further certify that Plaintiff's Second Amended
4   Complaint will be served according to law on the following parties:

5       JSM Florentine, LLC
        c/o Craig D. Jones
6       111 N. Pass Avenue
        Burbank, CA 91505

7

8

9                                                Jamie L. Crook

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28