Michael Allen (admitted to appear *pro hac vice*)
mallen@relmanlaw.com
D. Scott Chang (SBN 146403)
schang@relmanlaw.com
Jamie L. Crook (SBN 245757)
jcrook@relmanlaw.com
**RELMAN, DANE & COLFAX PLLC**
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: 202-728-1888
Facsimile: 202-728-0848

David Geffen (SBN 129342)
geffenlaw@aol.com
**DAVID GEFFEN LAW**
530 Wilshire Boulevard, Suite 205
Santa Monica, CA 90401
Telephone: 310-434-1111
Facsimile: 310-434-1115

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION)

| | |
|---|---|
| **MEI LING,**<br><br>Plaintiff,<br><br>–– *v.*––<br><br>**CITY OF LOS ANGELES, CALIFORNIA; COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES;** Redrock NoHo Residential, LLC; Park Plaza West Senior Partners, L.P.; JSM Florentine, LLC; Legacy Partners Residential, Inc.; FPI Management, Inc.; and Guardian/KW NoHo, LLC,<br><br>Defendants. | Case No. 2:11-cv-7774-SVW<br><br>**PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS BY FPI MANAGEMENT, INC. AND GUARDIAN/KW NOHO, LLC**<br><br>Hearing Date: July 9, 2012<br>Time: 1:30 p.m.<br>Courtroom: Number 6, 2nd Floor<br>Judge: Hon. Stephen V. Wilson<br><br>Complaint Filed: Sept. 20, 2011<br>Trial Date: None Set |

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Introduction .............................................................................................................. 1

Legal Standard ......................................................................................................... 2

Argument .................................................................................................................. 3

I. Plaintiff Stated a Claim for Otherwise Making Housing Unavailable and Discrimination in the Terms and Conditions Of the Rental of a Dwelling By Alleging that Guardian Discouraged Her Through Tactics of Delay and Hindrance ...................... 3

    A. Plaintiff Properly Pled Claims Under § 3604(f)(1) and (2) ........................................................... 3

    B. Plaintiff Stated a Claim Under The Unruh Civil Rights Act ................................................................. 7

II. Ms. Ling Stated a Claim for Failure to Make Reasonable Accommodations ............................................................. 8

    A. Plaintiff Alleged Sufficient Facts to State a Plausible Reasonable Accommodation Claim under the Fair Housing Act. ................................................................................ 8

    B. Ms. Ling Alleged Sufficient Facts to State a Claim Under the Disabled Persons Act ........................................................ 12

III. Ms. Ling Properly Alleged Claims under the Fair Employment And Housing Act .............................................................................. 13

IV. In the Alternative, Leave to Amend Should Be Granted ........................................................................................................ 14

Conclusion .............................................................................................................. 15

- i -

Ling v. City of Los Angeles et al., Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. To Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC

# TABLE OF AUTHORITIES

Cases

*Alameda v. Fair Employment & Hous. Comm'n*,
   153 Cal. App. 3d 499 (1984) .................................................................................. 14

*Angelucci v. Century Supper Club*, 41 Cal. 4th 160 (2007) ....................................... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 2, 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... 2, 3

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655 (9th Cir. 1992) ................... 14, 15

*Giebeler v. M & B Assocs.*, 343 F.3d 1143 (9th Cir. 2003) .................... 2, 10, 11, 12

*Griggs v. Duke Power Co.*, 401 U.S. 424 (1971) ....................................................... 3

*Harris v. Ithzaki*, 183 F.3d 1043 (9th Cir. 1999) ....................................................... 5

*Janush v. Charities Hous. Dev. Corp.*, 169 F. Supp. 2d 1133
   (N.D. Cal. 2000) ......................................................................................................... 9

*Koire v. Metro Car Wash*, 40 Cal. 3d 24 (1985) ....................................................... 8

*Llanos v. Estate of Coehlo*, 24 F. Supp. 2d 1052 (E.D. Cal. 1998) ........................... 8

*Marina Point, Ltd. v. Wolfson*, 30 Cal. 3d 721 (1982) .............................................. 7

*McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004) ............................... 8, 12

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ........................................... 3

*Pack v. Fort Washington II*, 689 F. Supp. 1237 (E.D. Cal. 2009) ...................... 8, 14

*Sabi v. Sterling*, 183 Cal. App. 4th 916 (2010) ....................................................... 13

*Schreiber Distrib. Co. v. ServWell Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ............................................................................ 14, 15

*Singleton v. Gendason*, 545 F.2d 1224 (9th Cir. 1976_ ............................................ 4

*Sisemore v. Master Fin., Inc.*, 151 Cal. App. 4th 1386 (2007) ............................... 13

*South Middlesex Opportunity Council v. Town of Framingham*,
   752 F. Supp. 2d 85 (D. Mass 2010) ............................................................................ 4

*Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010) ..................................... 6, 7

*Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205 (1972) .......................................... 3

*U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) ........................................... 11, 12

*United States v. Balistreri*, 981 F.2d 916 (7th Cir. 1992) ..................................... 5, 6

- ii -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. To Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC

*United States v. Cal. Mobile Home Park Mgmt.*, 29 F.3d 1413
 (9th Cir. 1994) ..................................................................................................8, 9

*United States v. City of Black Jack*, 508 F.2d 1179 (8th Cir. 1974) ........................3

*United States v. City of Parma*, 494 F. Supp. 1049
 (N.D. Ohio 1980)...................................................................................................4

*United States v. Yonkers Bd. of Educ.*, 624 F. Supp. 1276
 (S.D.N.Y. 1985).....................................................................................................4

*United States v. Youritan Constr. Co.*, 370 F. Supp. 643
 (N.D. Cal. 1973) ................................................................................................4, 5

*Williams v. Matthews Co.*, 499 F.2d 819 (8th Cir. 1974)......................................4, 6

*Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir. 2001) .................................3

Statues and Regulations

24 C.F.R. § 8.27(a) ...................................................................................................10

24 C.F.R. § 100.1 .....................................................................................................14

42 U.S.C. § 3604...............................................................................................*passim*

Cal. Civ. Code § 51....................................................................................................7

Cal. Civ. Code § 54.1...............................................................................................13

Cal. Gov't Code § 12927 .........................................................................................13

Cal. Gov't Code § 12955 .........................................................................................13

Cal. Gov't Code § 12955.6 ................................................................................13, 14

Rules

Fed. R. Civ. P. 8(a)(2) ................................................................................................2

- iii -

Ling v. City of Los Angeles et al., Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. To Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC

# INTRODUCTION

For more than six years, Plaintiff Mei Ling, a formerly homeless woman with a disability who uses a wheelchair, has sought to rent an accessible, affordable apartment at NoHo 14, a large apartment complex in the NoHo Redevelopment Area that received substantial public funding from the Community Redevelopment Agency. After Defendants Guardian/KW NoHo, LLC ("Guardian"), an owner of NoHo 14, and FPI Management, Inc. ("FPI"), a management company for Guardian at NoHo 14, engaged in a series of acts designed to discourage Ms. Ling from obtaining an accessible, affordable unit at NoHo 14 and denied her requests for exceptions to NoHo 14's waitlist policy as a reasonable accommodation, Ms. Ling filed this action alleging violations of federal and state fair housing laws.

Guardian and FPI responded to Ms. Ling's lawsuit by moving to dismiss it. Guardian and FPI argue that Ms. Ling has failed to allege sufficient facts to state plausible claims for otherwise making housing unavailable because of her disability, discriminating in the terms and conditions of the rental of a dwelling because of her disability, and denying Ms. Ling's request for reasonable accommodations.

Guardian and FPI's motions lack merit. First, Ms. Ling has alleged that Defendants engaged a series of acts designed to discourage her from renting an accessible, affordable unit at NoHo 14 through tactics of delay and hindrance such as withholding information about the availability of accessible, affordable units and unfairly administering the waitlist for affordable housing units to avoid renting to her. These allegations are more than sufficient to state plausible claims at the pleading stage under federal and state fair housing laws for otherwise making housing unavailable and discriminating in the terms and conditions of the rental of a dwelling.

1    Second, the accommodation requested by Ms. Ling – that Guardian and
2 FPI grant an exception to its waitlist policy and assign her to an available
3 accessible, affordable housing unit at NoHo 14 – is reasonable on its face and
4 is necessary to provide Ms. Ling with an equal opportunity to use and enjoy a
5 dwelling at NoHo 14.  Under Supreme Court precedent as interpreted by the
6 Ninth Circuit, people with disabilities are not just entitled to a reasonable
7 accommodation under fair housing laws that puts them on the same footing as
8 similarly situated nondisabled persons.  *See Giebeler v. M & B Assocs.*, 343
9 F.3d 1143, 1150 (9th Cir. 2003).  Instead, reasonable accommodations may, as
10 in this case, result in people with disabilities receiving preferential treatment
11 when the accommodation is necessary to afford them an equal opportunity to
12 use and enjoy a dwelling.  *Id.*
13   Guardian and FPI's motions to dismiss should be denied in their entirety
14 and Ms. Ling should be permitted to establish that Guardian and FPI
15 discriminated against her in violation of federal and state laws based on a fully
16 developed record.

17                              **LEGAL STANDARD**

18   Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a
19 pleading must contain "a short and plain statement of the claim showing that
20 the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint satisfies
21 these "minimal notice pleading requirements," and thus survives a motion to
22 dismiss for failure to state a claim, so long as it "pleads factual content that
23 allows the court to draw the reasonable inference that the defendant is liable
24 for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In
25 other words, to satisfy Rule 8, the complaint must assert "enough facts to state
26 a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550
27 U.S. 544, 570 (2007).
28

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Twombly*, 550 U.S. at 557). In considering a motion to dismiss, a court must accept the allegations in the complaint as true, construe the pleading in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *See Twombly*, 550 U.S. at 555-56; *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir. 2001).

## ARGUMENT

**I.  Plaintiff Stated a Claim for Otherwise Making Housing Unavailable and Discriminating in the Terms and Conditions of the Rental of a Dwelling By Alleging that Guardian Discouraged Her Through Tactics of Delay and Hindrance**

**A.   Plaintiff Properly Pled Claims Under § 3604(f)(1) and (2)**

The federal Fair Housing Act was enacted to ensure the "removal of artificial, arbitrary and unnecessary barriers [to housing] that operate invidiously . . . to discriminate on the basis of racial or other impermissible characteristics." *United States v. City of Black Jack*, 508 F.2d 1179, 1184 (8th Cir. 1974) (citing *Griggs v. Duke Power Co.*, 401 U.S. 424, 430-31 (1971).

The Supreme Court has repeatedly held that the Fair Housing Act is to be interpreted broadly. The Court has stated that the language of the Fair Housing Act is "broad and inclusive," carries out a "policy Congress considered to be of the highest priority," and therefore the Fair Housing Act must be given a "generous construction." *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209, 211, 212 (1972).

- 3 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC

1    Section 804(f)(1) of the Fair Housing Act, 42 U.S.C. § 3604(f)(1),
2 provides that it is unlawful "[t]o discriminate in the sale or rental, or to
3 otherwise make unavailable or deny, a dwelling to any buyer or renter because
4 of a handicap of . . . that buyer or renter. . . ." 42 U.S.C. § 3604(f)(1).
5    Consistent with the Supreme Court's mandate that the Fair Housing Act
6 be interpreted broadly, the practices prohibited under the "otherwise make
7 unavailable" clause have been liberally construed. *See United States v.*
8 *Youritan Constr. Co.*, 370 F. Supp. 643, 648 (N.D. Cal. 1973). The
9 prohibition on otherwise making unavailable or denying housing reaches all
10 discriminatory housing practices that make housing more difficult to obtain
11 because of a protected class. *United States v. Yonkers Bd. of Educ.*, 624 F.
12 Supp. 1276, 1291 n.9 (S.D.N.Y. 1985) (citing *United States v. City of Parma*,
13 494 F. Supp. 1049, 1053 (N.D. Ohio 1980)), *aff'd in relevant part*, 661 F.2d
14 562 (6th Cir. 1981) (interpreting § 3604(a) which prohibits otherwise making
15 housing unavailable based on the protected classes other than disability).
16    The Fair Housing Act was designed to prohibit "all forms of
17 discrimination, sophisticated as well as simple minded, and thus . . .
18 burdensome application procedures, and tactics of delay and hindrance and
19 special treatment must receive short shrift from the courts." *Singleton v.*
20 *Gendason*, 545 F.2d 1224, 1227 n.5 (9th Cir. 1976) (quoting *Williams v.*
21 *Matthews Co.*, 499 F.2d 819, 826 (8th Cir. 1974)); *South Middlesex*
22 *Opportunity Council v. Town of Framingham*, 752 F. Supp. 2d 85, 97 (D.
23 Mass. 2010) (quoting *Williams*, 499 F.2d at 826); *Youritan Constr. Co.*, 370 F.
24 Supp. at 646, 648 (holding that several apartment complexes violated the
25 "otherwise make unavailable" provision of the Fair Housing Act by
26 discouraging African-American applicants using tactics such as failing to
27 provide applicants with necessary information to complete an application,
28 "showing applicants the most expensive apartments," "giving them incomplete

- 4 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC

tours," "misrepresenting the availability of apartments" and "emphasizing security deposit requirements").

Section 3604(f)(2) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of – (A) that person. . . ." 42 U.S.C § 3604(f)(2). Similar to the "otherwise make unavailable or deny" provision, conduct designed to discourage homeseekers through tactics of delay or hindrance constitutes discriminatory terms and conditions under § 3604(b). *United States v. Balistreri*, 981 F.2d 916, 929 (7th Cir. 1992) (holding that tactics of delay or hindrance of testers violates § 3604(b)); *see also*, *Harris v. Itzhaki*, 183 F.3d 1043, 1053 (9th Cir. 1999).

Ms. Ling has pled sufficient facts to show that her claim that Guardian and FPI violated § 3604(f)(1) and (2) is plausible. Ms. Ling alleges that she "submitted applications and/or made follow-up inquiries on the status of her pending applications during the time periods when NoHo 14 was owned by . . . Guardian/K.W. . . and at times when NoHo 14 was managed by . . . FPI." Second Amended Complaint (hereinafter "SAC") ¶ 70. She contends that although housing units at NoHo 14 that are accessible or could have been made accessible to her have become available during the time that her applications were pending and could have been rented to her at an affordable rate, Guardian and FPI never offered a unit to her. *Id*. ¶ 74.

She further alleges that after being told that she would be placed as Number 1 on the waitlist in April 2008 by a prior management company, *id.* ¶ 69, she was told by Guardian's management company FPI that she was Number 79 on the affordable housing waitlist after it conducted a lottery. *Id.* ¶ 72. Ms. Ling also asserts that Guardian and FPI held affordable units off the market, did not fairly administer the waiting list, and disregarded her previous

- 5 -

status as number one on the waiting list to avoid renting a unit to her. *Id.* ¶ 73.

These allegations fall squarely within the range of "burdensome application procedures and tactics of delay and hindrance" prohibited under the "otherwise make unavailable" and discriminatory terms or conditions provisions. *See Williams*, 499 F.2d at 826; *Balistreri*, 981 F.2d at 929. Each of the tactics engaged in by Guardian and FPI made it more difficult for Ms. Ling to obtain housing at NoHo 14 because of her disability. Ms. Ling has therefore alleged sufficient facts to withstand a motion to dismiss.

Guardian and FPI raise several incorrect arguments to support their motions to dismiss. First, Guardian and FPI argue that the appropriate inference to be drawn from Ms. Ling's allegations is that she was refused a unit because she drew number 79 in the lottery for affordable housing units. However, as discussed above, the totality of Ms. Ling's allegations against Guardian and FPI raise a reasonable inference that they engaged in a series of acts designed to discourage Ms. Ling from obtaining a unit at NoHo 14 through tactics of delay and hindrance in violation of § 3604(f)(1) and (2). At the motion to dismiss stage, it is not necessary for Ms. Ling to demonstrate that the only inference from the facts alleged is that Guardian and FPI violated the Fair Housing Act – she must only show that one of the reasonable inferences from the facts alleged is that Guardian and FPI *could* have violated the Fair Housing Act. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (explaining in a Fair Housing Act case that "the court will ask itself *could* these things have happened, not *did* they happen" and "it is not necessary to stack up inferences side by side and allow cases to go forward only if plaintiff's inference seems more compelling than opposing inferences").

Second, Guardian wrongly contends that Ms. Ling has not alleged that a unit was available during the time that Guardian has owned NoHo 14. But

1  Ms. Ling plainly alleged that affordable units that either were accessible or
2  could be made accessible to her became available during the time Guardian
3  has owned NoHo 14.  SAC ¶ 74.  And it is plausible that one of the seven
4  affordable units at NoHo 14 that could be made accessible to Ms. Ling became
5  available in the time that Guardian has owned NoHo 14.
6     Third, Guardian mistakenly alleges that Ms. Ling has not sufficiently
7  alleged that Guardian's acts were based on her handicap.  At the motion to
8  dismiss stage, Ms. Ling satisfies the pleading standard by alleging that
9  Guardian and FPI engaged in conduct that violates § 3604(f)(1) and (2)
10 because of her disability.  *See Swanson*, 614 F.3d at 405; SAC ¶ 14.
11    Thus, Ms. Ling's complaint satisfies the pleading standard at the motion
12 to dismiss stage.  She identifies the type of discrimination she thinks occurred
13 (handicap), by whom (Guardian and FPI) and when (in connection with her
14 attempt to rent an apartment in 2010 and thereafter).  *See Swanson*, 614 F.3d
15 at 405.  Ms. Ling alleged all the facts she needed to include in a complaint to
16 satisfy the pleading standard under Rule 8.  *See id.*

17    **B.    Plaintiff Stated a Claim Under the Unruh Civil Rights Act**

18    The Unruh Act, California Civil Code § 51, provides that "[a]ll persons
19 within the jurisdiction of this state are free and equal, and no matter what their
20 . . . disability . . . are entitled to the full and equal accommodations,
21 advantages, facilities, privileges, or services in all business establishments of
22 every kind whatsoever."  Cal. Civ. Code § 51.
23    The Unruh Act "expresses a state and national policy against
24 discrimination on arbitrary grounds."  *Angelucci v. Century Supper Club*, 41
25 Cal. 4th 160, 167 (2007) (citations omitted).  "The purpose is to compel a
26 recognition of the equality of citizens in the right to the [] service offered . . ."
27 by a business entity covered by the Act.  *Marina Point, Ltd. v. Wolfson*, 30
28 Cal. 3d 721, 738 (1982).  The California Supreme Court has held that "[t]he

Act is to be given a liberal construction with a view to effectuating its purposes." *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 28 (1985).

As discussed above, Ms. Ling alleged that Guardian and FPI engaged in intentional discrimination by attempting to discourage her from living at NoHo 14 because of her disability through the use of tactics of delay and hindrance. These allegations state a claim under the Unruh Act. *See Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1249 (E.D. Cal. 2009) (holding that actions such as imposing discriminatory rules that violate § 3604 also violate the Unruh Act) (citing *Llanos v. Estate of Coehlo,* 24 F. Supp. 2d 1052 (E.D. Cal. 1998)). Ms. Ling alleged that Guardian and FPI, business establishments, denied her full and equal housing accommodations because of her disability.

## II. Ms. Ling Stated a Claim for Failure to Make Reasonable Accommodations

### A. Plaintiff Alleged Sufficient Facts to State a Plausible Reasonable Accommodation Claim under the Fair Housing Act

Ms. Ling alleges that Guardian and FPI violated the Fair Housing Act by refusing to grant an exception to the waitlist policy and provide her with the opportunity to rent an available, wheelchair-accessible, affordable apartment when it became available.[1] Unlawful discrimination prohibited by the Fair Housing Act includes "'a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling.'" *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004) (quoting 42 U.S.C. § 3604(f)(3)(B)). The reasonable accommodation provision "'imposes an affirmative duty upon landlords reasonably to accommodate the needs of handicapped persons.'" *United States v. Cal.*

---

[1] Ms. Ling does not contend that she should be given a priority over non-disabled applicants for market-rate apartments.

- 8 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC

*Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1416 (9th Cir. 1994).

"The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *Id.* Whether an accommodation is reasonable under the circumstances is a fact-intensive, case-specific determination that will rarely be appropriate for resolution on a motion to dismiss. *See Janush v. Charities Hous. Dev. Corp.*, 169 F. Supp. 2d 1133, 1136 (N.D. Cal. 2000).

Guardian and FPI incorrectly assert two arguments in their motions to dismiss Ms. Ling's reasonable accommodation claim. First, Guardian and FPI wrongly contend that Ms. Ling has not alleged facts showing that she requested an accommodation. Second, FPI mistakenly argues that Ms. Ling's requested accommodation does not provide her an "equal opportunity" to use and enjoy a dwelling but rather provides her with preferential treatment compared to non-disabled applicants.

Ms. Ling alleges sufficient facts to raise the inference that she requested an exception, because of her disability, to the Guardian and FPI policies for assigning tenants to the limited affordable units available at NoHo 14. Ms. Ling alleges that, because of her disability and consequent inability to work, she has sought an apartment unit at NoHo 14 (and other buildings) that is both wheelchair-accessible and affordable, SAC ¶¶ 2, 4; *see id.* ¶¶ 27, 28, 29, but that she has been unsuccessful in securing such a unit. *Id.* ¶ 5. The Second Amended Complaint alleges NoHo 14 must have at least seven units affordable to moderate, low, and very-low income persons under its agreement with the CRA and that at least some of the affordable units at NoHo 14 have floor plans that could be made accessible by Ms. Ling at her cost. *Id.* ¶ 68. She further alleges that that she submitted applications and made follow-up inquiries on the status of her applications during the period of time that NoHo 14 was owned by Guardian and managed by FPI. *Id.* ¶ 70. She made frequent

- 9 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC

visits to NoHo 14 to inquire about her status on the affordable housing waitlist and requested that Defendants provide her with her waitlist number, a copy of the current waitlist, and the unit numbers with accessibility features. *Id*. ¶ 71. A reasonable inference from these facts is that Ms. Ling requested that Guardian and FPI grant an exception to the NoHo 14 waitlist policy and provide her the opportunity to rent an accessible, affordable unit when it became available as a reasonable accommodation.

Ms. Ling's requested accommodation – that Guardian and FPI grant her an exception to their waitlist policy and provide her the opportunity to rent an available accessible, affordable unit – is necessary to provide her an equal opportunity to use and enjoy a dwelling. As an initial matter, Ms. Ling's request for an accommodation is "reasonable on its face." *See Giebeler*, 343 F.3d at 1157. The reasonableness of Ms. Ling's request is demonstrated by analogy to a United States Department of Housing & Urban Development ("HUD") regulation that requires that owners and managers of federally subsidized housing projects use the very method requested by Ms. Ling as a reasonable accommodation to assign persons on the waitlist to vacant, accessible units. HUD's regulation requires owners and managers give priority to applicants "on the waiting list having handicaps requiring the accessibility features of the vacant unit." 24 C.F.R. § 8.27(a) (stating that owners and managers of multifamily housing projects give priority first to current residents needing the accessibility features of the vacant unit and then to applicants needing the accessibility features of the vacant unit). According to HUD's regulation, such a policy is a reasonable, nondiscriminatory step to maximize the utilization of accessible units. *See id*. Ms. Ling has not alleged that NoHo 14 is a federally subsidized housing project. However, since HUD requires that federally subsidized owners and managers use the method that she requested to assign vacant accessible units, Ms. Ling's requested

1  accommodation is reasonable on its face.

2  FPI contends that Ms. Ling was given an equal opportunity to use and
3  enjoy a dwelling because she was provided the same right to apply for the
4  affordable housing units through the lottery and be placed on the affordable
5  housing wait list as non-disabled applicants. FPI presumably contends that
6  Ms. Ling is not entitled to an accommodation that would allow her to be
7  assigned to an available accessible, affordable unit ahead of similarly situated
8  nondisabled applicants.

9  But, as the Ninth Circuit recognized in *Giebeler*, "an accommodation
10 may indeed result in a preference for disabled individuals over otherwise
11 similarly situated nondisabled individuals." *Giebeler*, 343 F.3d at 1150 (citing
12 *U.S. Airways v. Barnett*, 535 U.S. 391 (2002)). In *Barnett*, the Supreme Court
13 specifically rejected the argument that reasonable accommodations may only
14 result in equal treatment of people with disabilities. In *Barnett*, an airline
15 cargo handler who was disabled as a result of back injuries requested an
16 exception to the company's seniority policy that would allow him to transfer
17 to a less physically demanding position. *Barnett*, 535 U.S. at 394. The airline
18 refused to authorize an exception to its seniority rules, contending that the
19 Americans with Disabilities Act ("ADA") only requires equal treatment of
20 persons with disabilities and does not allow preferential exceptions to
21 disability-neutral policies as reasonable accommodations. *Id*. at 397.

22 The Supreme Court rejected the defendant's arguments. It explained
23 that the ADA "requires reasonable accommodations necessary to meet the
24 disability-created needs of a disabled person, so that the disabled person may
25 enjoy the same workplace opportunities enjoyed by non-disabled persons."
26 *Giebeler*, 343 F.3d at 1150 (citing *Barnett*, 535 U.S. at 397). "Such
27 reasonable accommodation in the service of equal opportunity may require
28 preferential treatment of the disabled." *Id*. Furthermore, *Barnett* "recognized

that the obligation to 'accommodate' a disability can include the obligation to alter policies than can be barriers to nondisabled persons as well." *Id.* at 1151.

Applying the principles set forth in *Barnett* and *Giebeler* to this case, Ms. Ling is entitled to the accommodation she sought from Defendants. Just as the plaintiff in *Barnett* was not disqualified from an adjustment in his seniority rank because other non-disabled employees desired the position that he sought but were barred from obtaining it by the seniority policy, so too Ms. Ling is not disqualified from an adjustment in NoHo 14's waitlist policy simply because there were other prospective tenants similarly unable – albeit for reasons other than disability – to obtain a housing unit at NoHo 14 because of the waitlist policy. *See Giebeler*, 343 F.3d at 1150. Without an alteration in the seniority policy, the plaintiff in *Barnett* would not be able to enjoy the same workplace opportunities enjoyed by nondisabled persons. Similarly, absent an exception to NoHo 14's waitlist policy that allowed Ms. Ling to be assigned to an accessible, affordable unit, Ms. Ling cannot enjoy the same opportunity to live at NoHo 14 enjoyed by non-disabled persons on the waitlist.

Thus, Ms. Ling is not disqualified from seeking an accommodation under the Fair Housing Act because it would provide her with a preference for an accessible unit over a similarly situated non-disabled person, and Ms. Ling should be allowed the opportunity to establish that NoHo 14 failed to reasonably accommodate her based on a fully-developed record. *See McGary*, 386 F.3d at 1264.

### B. Ms. Ling Alleged Sufficient Facts to State a Claim under the Disabled Persons Act

The reasonable accommodation provision of the California Disabled Persons Act provides that "[a]ny person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable

accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." Cal. Civ. Code § 54.1(b)(3)(B). The reasonable accommodation provision of the Disabled Persons Act is largely identical to the reasonable accommodation provision of the Fair Housing Act. *Sabi v. Sterling*, 183 Cal. App. 4th 916, 943 (2010).

As discussed above, Ms. Ling has alleged a plausible reasonable accommodation claim under the analogous reasonable accommodation provision of the Fair Housing Act. Since Ms. Ling has alleged a plausible claim under the Fair Housing Act, Ms. Ling has similarly alleged a sufficient claim under the reasonable accommodation provision of the Disabled Persons Act.

### III. Ms. Ling Properly Alleged Claims under the Fair Employment and Housing Act

The Fair Employment and Housing Act ("FEHA") provides that it shall be unlawful: "(a) [f]or the owner of any housing accommodation to discriminate against or harass any person because of the . . . disability . . . of that person" or "(k) [t]o otherwise make unavailable or deny a dwelling based on discrimination because of . . . disability . . ." Cal. Gov't Code § 12955.

"Discrimination" is defined to include the "provision of inferior terms, conditions, privileges, facilities, or services in connection with those housing accommodations" and the "refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling." Cal. Gov't Code § 12927(c)(1).

The California Legislature intended to make FEHA substantially equivalent to the Fair Housing Act. *Sisemore v. Master Fin., Inc.*, 151 Cal. App. 4th 1386, 1420 (2007). FEHA provides equivalent, if not greater

1  protections for victims of housing discrimination.  *See* Cal. Gov't Code §
2  12955.6 ("Nothing in this part shall be construed to afford to the classes
3  protected under this part, fewer rights or remedies than the federal Fair
4  Housing Amendments Act of 1988 (P.L. 100-430) and its implementing
5  regulations (24 C.F.R. [§] 100.1 *et seq.*) . . . This part may be construed to
6  afford greater rights and remedies to an aggrieved person than those afforded
7  by federal law and other state laws").

8  California courts rely on cases interpreting the Fair Housing Act to
9  interpret analogous provisions of FEHA.  *Pack*, 689 F. Supp. 2d at 1248
10  (citing *Alameda v. Fair Employment & Hous. Comm'n,* 153 Cal. App. 3d 499,
11  504 (1984).  Violations of the Fair Housing Act will also constitute violations
12  of the parallel provisions of FEHA.  *Pack*, 689 F. Supp. 2d at 1248.  Thus, for
13  the reasons discussed above, Ms. Ling has alleged sufficient facts to state
14  claims under the "otherwise make unavailable," discriminatory terms or
15  conditions, and reasonable accommodation provisions of FEHA because she
16  has alleged plausible claims under analogous provisions of the Fair Housing
17  Act.

18  **IV.   In the Alternative, Leave to Amend Should Be Granted**

19  As shown above, the Ms. Ling alleges sufficient facts to state plausible
20  claims for relief against Guardian and FPI under the Fair Housing Act, FEHA,
21  the Unruh Act, and the Disabled Persons Act.  Should the Court conclude,
22  however, that Ms. Ling must support her claims against Guardian and FPI
23  with additional detail or greater specificity, Ms. Ling respectfully requests that
24  the Court grant her leave to amend to address any concerns the Court may
25  have in an amended pleading.  *See DeSoto v. Yellow Freight Sys., Inc.*, 957
26  F.2d 655, 658 (9th Cir. 1992) (holding that "leave to amend should be granted
27  'unless the court determines that the allegation of other facts consistent with
28  the challenged pleading could not possibly cure the deficiency.'") (quoting

*Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Guardian and FPI's motions to dismiss be denied.

Dated:  June 5, 2012

Respectfully submitted,

/s/ D. Scott Chang
D. Scott Chang
on behalf of counsel for Plaintiff

Michael Allen (admitted to appear *pro hac vice*)
*mallen@relmanlaw.com*
D. Scott Chang (SBN 146403)
*schang@relmanlaw.com*
Jamie L. Crook (SBN 245757)
*jcrook@relmanlaw.com*
**RELMAN, DANE & COLFAX PLLC**
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848

David Geffen (SBN 129342)
*geffenlaw@aol.com*
**DAVID GEFFEN LAW**
530 Wilshire Boulevard, Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsimile: (310) 434-1115

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**
**CENTRAL DISTRICT OF CALIFORNIA**

I hereby certify that on this 5th day of June, 2012, I filed the foregoing Plaintiff's Opposition to Motions to Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC using the Court's CM/ECF filing system, which shall serve as notice of such filing on all counsel of record. I further certify that Plaintiff's Opposition to Motions to Dismiss by FPI Management, Inc. and Guardian/KW NoHo, LLC will be served according to law on the following party, which has not yet entered its appearance:

JSM Florentine, LLC
c/o Craig D. Jones
111 N. Pass Avenue
Burbank, CA 91505


/s/ D. Scott Chang
D. Scott Chang