1   Michael Allen (admitted to appear *pro hac vice*)
    *mallen@relmanlaw.com*
2   D. Scott Chang (SBN 146403)
    *schang@relmanlaw.com*
3   Jamie L. Crook (SBN 245757)
    *jcrook@relmanlaw.com*
4   **RELMAN, DANE & COLFAX PLLC**
    1225 19th Street, NW, Suite 600
5   Washington, DC 20036
    Telephone: 202-728-1888
6   Facsimile: 202-728-0848

7   David Geffen (SBN 129342)
    *geffenlaw@aol.com*
8   **DAVID GEFFEN LAW**
    530 Wilshire Boulevard, Suite 205
9   Santa Monica, CA 90401
    Telephone: 310-434-1111
10  Facsimile: 310-434-1115

11  *Attorneys for Plaintiff*

12
                    UNITED STATES DISTRICT COURT
13                  CENTRAL DISTRICT OF CALIFORNIA
                          (WESTERN DIVISION)
14

15   **MEI LING,**                          Case No. 2:11-cv-7774-SVW

16                        Plaintiff,

17            — *v.*—                        **PLAINTIFF'S OPPOSITION TO
                                            MOTION TO DISMISS BY
18                                          COMMUNITY REDEVELOPMENT
     **CITY OF LOS ANGELES,**               AGENCY OF LOS ANGELES**
19   **CALIFORNIA; COMMUNITY**
     **REDEVELOPMENT AGENCY OF**            Hearing Date: July 9, 2012
20   **THE CITY OF LOS ANGELES;**           Time: 1:30 p.m.
                                            Courtroom: Number 6, 2nd Floor
21   Redrock NoHo Residential, LLC; Park    Judge: Hon. Stephen V. Wilson
22   Plaza West Senior Partners, L.P.; JSM
     Florentine, LLC; Legacy Partners       Complaint Filed: Sept. 20, 2011
23   Residential, Inc.; FPI Management, Inc.;   Trial Date: None Set
     and Guardian/KW NoHo, LLC,
24

25                        Defendants.

26

27

28

1

**TABLE OF CONTENTS**

2  Table of Authorities ....................................................................................................ii

3  Introduction ................................................................................................................1

4  Overview of Factual Allegations ................................................................................2

5  Legal Standard ............................................................................................................5

6  Argument ....................................................................................................................6

7  I.    Plaintiff's Claims Against the CRA Are Timely ...........................................6

8  II.   The SAC States Viable Rehabilitation Act Claims
       Against the CRA .............................................................................................9

9

       A. The CRA Is Bound by the Rehabilitation Act ...........................................9

10

       B. Under Section 504, the CRA May Not Deny
11        Housing Opportunities because of Disability and
          Must Ensure that the Entities It Supports with Federal
12        Assistance Do Not Deny Housing Opportunities
          Because of Disability ...........................................................................11

13

       C. The Conduct Alleged Against the CRA Violates the
14        Rehabilitation Act ................................................................................13

15  III.  The SAC States Viable Claims against the CRA
         Under The Fair Housing Act and FEHA ....................................................16

16

       A. The CRA Is Subject to the Fair Housing
17        Act and FEHA .....................................................................................16

18       B. The Conduct Alleged Against the CRA Violates
          the FHA and FEHA .............................................................................19

19

20  IV.  Defendant CRA/LA Is Vicariously Liable for
         Discriminatory Housing Practices by its Agents .......................................21

21  Conclusion ................................................................................................................23

22

23

24

25

26

27

28

- i -

Ling v. City of Los Angeles et al., Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

**TABLE OF AUTHORITIES**

Cases

*Accardi v. Super. Ct.*, 21 Cal. Rptr. 2d 292 (Cal. 1993)..............................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..............................................5

*Auburn Woods I Homeowners Ass'n v. Fair Employment & Hous. Comm'n*, 121 Cal. App. 4th 1578 (2004) ..............................................20

*Bay Area Addiction Research and Treatment, Inc. v. City of Antioch*, C 98-2651 SI, 2000 WL 33716782 (N.D. Cal. Mar. 16, 2000) ...................10

*Beaver v. Tarsadia Hotels*, No. 11cv1842 DMS (CAB), 2012 WL 1564535 (S.D. Cal. May 2, 2012) ..............................................6

*Behavioral Health Servs., Inc. v. City of Gardena*, CV 01-07183 (RZ), 2003 WL 21750852 (C.D. Cal. Feb. 26, 2003)..............................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..............................................5, 14

*Bonner v. Lewis*, 857 F.2d 559 (9th Cir. 1988) ..............................................22

*Borders Online v. State Bd. of Equalization*, 129 Cal. App. 4th 1179 (2005) ..............................................22

*Boswell v. Gumbaytay*, No. 2:07-CV-135-WKW, 2009 WL 1515872 (M.D. Ala. June 1, 2009)..............................................21

*Budway Enters., Inc. v. Fed. Ins. Co.*, EDCV 09-448-VAP, 2009 WL 1014899 (C.D. Cal. Apr. 14, 2009)..............................................5-6

*Californians for Disability Rights v. Cal. Dep't of Transp.*, No. C 06-5125 SBA, 2009 WL 2982840 (N.D. Cal. Sept. 14, 2009)..............................................7, 8

*Casa Marie v. Super. Ct. of Puerto Rico*, 988 F.2d 252 (1st Cir. 1993) ...............17

*Chew v. Hybl*, No. C96-03459 CW, 1997 WL 33644581 (N.D. Cal. Dec. 9, 1997)..............................................23

*City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725 (1995) ..............................................16

*Cleveland v. Caplaw Enters.*, 448 F.3d 518 (2d Cir. 2006) ..............................................21

*Cmty. Servs., Inc. v. Windy Gap Mun. Auth.*, 421 F.3d 170 (3d Cir. 2005) ..............................................19

*Coughlin v. Cal. Dep't of Corr. & Rehab.*, No. 2:08-CV-0272-GEB-JFM, 2010 WL 1689463 (Apr. 26, 2010)..............................................22

*Darst-Webbe Tenant Ass'n Bd. v. St. Louis Hous. Auth.*, 339 F.3d 709 (8th Cir. 2003) ..............................................17

- ii -

*Davitton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001)
(en banc) ........................................................................................................... 9

*De Silva v. Hashemi*, NO H028520, 2005 WL 3466593
(Cal. Ct. App. Dec. 19, 2005)............................................................................ 22

*Dinapoli v. DPA Wallace Ave II LLC*, No. 07 Civ. 1409 (PAC),
2009 WL 755354 (S.D.N.Y. Mar. 23, 2009) .................................................. 18

*Dominguez v. Washington Mutual Bank*, 85 Cal. Rptr. 3d 705
(Cal. Ct. App. 2008) .......................................................................................... 8

*Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812 (9th Cir. 2001)....................... 7

*Felicien v. PNC Mortg.*, No. C-11-2388 EMC, 2012 WL 1413231
(N.D. Cal. Apr. 23, 2012) .................................................................................. 6

*Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008) (en banc) .................................. 8

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1990) ........................................................................... 6

*Harding v. Orlando Apartments, LLC*, No. 6:11-cv-85-Orl-19DAB,
2011 WL 1457164 (M.D. Fla. Apr. 15, 2011) .......................................... 19, 20

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)........................................... 7

*Holley v. Crank*, 400 F.3d 667 (9th Cir. 2005)...................................................... 10

*Hous. Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.*,
943 F.2d 644 (6th Cir. 1991)............................................................................ 17

*Huntington Branch, NAACP v. Town of Huntington,* 844 F.2d 926
(2d Cir. 1988) ................................................................................................... 17

*Huynh v. Chase Manhattan Bank*, 465 F.3d 997 (9th Cir. 2006)............................. 6

*In re Apple iPod iTunes Anti-Trust Litig.*, 2010 WL 2629907, at *4 (N.D. Cal.
June 29, 2010)................................................................................................... 15

*In re Wells Fargo Residential Mortgage Lending Discrimination
Litig.*, No. M:08-CV-1930 MMC, 2010 WL 3037061
(N.D. Cal. July 30, 2010)................................................................................. 21

*Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120 (C.D. Cal.
2001) ..........................................................................................................*passim*

*Jhaveri v. ADT Sec. Servs., Inc.*, 2:11-CV-4426-JHNMANx,
2012 WL 843315 (C.D. Cal. Mar. 6, 2012) ...................................................... 6

*J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 570 F. Supp. 2d 1212
(E.D. Cal. 2008)................................................................................................. 9

- iii -

*Kramer v. Regents of the Univ. of Calif.*, 81 F. Supp. 2d 972
(N.D. Cal. 1999) ...........................................................................6-7

*Kuchmas v. Towson Univ.*, 553 F. Supp. 2d 556 (D. Md. 2008)..............................8

*Liberty Resources, Inc. v. Phila. Hous. Auth.*,
528 F. Supp. 2d 553 (E.D. Pa. 2007) ...........................................18

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ........................................3

*Mark H. v. Lemahieu*, 513 F.3d 922 (9th Cir. 2008)...................................13

*Martinez v. United States*, 812 F. Supp. 2d 1052 (C.D. Cal. 2010) .........................5

*Meyer v. Holley*, 537 U.S. 280 (2003)........................................................21

*Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646 (9th Cir. 1988)................................3

*Morales v. City of Los Angeles*, 214 F.3d 1151 (9th Cir. 2000)...............................6

*Nat'l Fair Hous. Alliance v. A.G. Spanos Const. Inc.*,
No. C 07-3255 SBA, 2008 WL 4369325 (N.D. Cal. Sept. 23, 2008)............8

*Nat'l Fair Hous. Alliance, Inc. v. Prudential Ins. Co. of Am.*,
208 F. Supp. 2d 46 (D.D.C. 2002) ................................................17

*Nat'l Fair Hous. Alliance, Inc. v. S.C. Bodner Co., Inc.*,
No. 1:10-cv-993-RLY-DML, 2012 WL 529941
(S.D. Ind. Feb. 17, 2012).............................................................20

*Nevels v. W. World Ins. Co., Inc.*, 359 F. Supp 2d 1110
(W.D. Wash. 2004)........................................................................16

*Patton v. Dumpson*, 498 F. Supp. 933 (S.D.N.Y. 1980) .........................................22

*Peters v. Bd. of Trustees of Vista Unified Sch. Dist.*, 457 F. App'x 612
(9th Cir. 2011) ...............................................................................6

*Porter v. Jones*, 319 F.3d 483 (9th Cir. 2003)................................................5

*Puga v. One W. Bank*, CV-09-02501-PHX-NVW,
2010 WL 3715163 (D. Ariz. Sept. 14, 2010)................................5-6

*Rodriguez v. Morgan*, CV 09-8939-GW, 2012 WL 253867
(C.D. Cal. Jan. 26, 2012)..............................................................20

*Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003) .........................12

*Sharpvisions, Inc. v. Borough of Plum*, 475 F. Supp. 2d 514
(W.D. Pa. 2007).............................................................................17

*Sinisgallo v. Town of Islip Hous. Auth.*, 12-CV-1733 ADS AKT,
2012 WL 1888140 (E.D.N.Y. May 23, 2012) ..............................10

*Sisemore v. Master Fin., Inc.*, 151 Cal. App. 4th 1386 (Cal. Ct. App. 2007).........18

- iv -

1   *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097 (9th Cir. 2004) ...................... 19

2   *Taylor v. Hous. Auth. of New Haven*, 267 F.R.D. 36 (D. Conn. 2010)............. 12, 16

3   *Telesca v. Long Island Hous. Partnership, Inc.*, 443 F. Supp. 2d 397
4       (E.D.N.Y. 2006) ........................................................................................ 10

    *Three Rivers Ctr. for Independent Living, Inc. v. Hous. Auth. of the City of*
5       *Pittsburgh*, 382 F.3d 412 (3d Cir. 2004) ........................................................ 12

6   *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205 (1972) ........................................ 16

7   *United States v. Habersham Props., Inc.*, 319 F. Supp. 2d 1366
        (N.D. Ga. 2003)................................................................................... 17, 19
8
    *United States v. Mass. Indus. Fin. Agency*, 910 F. Supp. 21
9       (D. Mass. 1996) ................................................................................... 17, 19

10  *United States v. Scott*, 788 F. Supp. 1555 (D. Kan. 1992) ............................... 17, 19

11  *Violette v. Shoup*, 16 Cal. App. 4th 611 (1993)..................................................... 22

12  *Wai v. Allstate Ins. Co.*, 75 F. Supp. 2d 1 (D.D.C. 1999).................................... 17

13  *Wood v. Vista Manor Nursing Ctr.*, C 06-01682 JW, 2006 WL 2850045
        (N.D. Cal. Oct. 5, 2006)............................................................................. 9
14
    *Z.F. ex rel. M.A.F. v. Ripon Unified Sch. Dist.*, 2:10-CV-00523, 2011 WL
15      320249 (E.D. Cal. Jan. 28, 2011)................................................................. 9

16  *Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir. 2001) ............................... 5

17  Statues and Regulations

18  24 C.F.R. § 8.22 .......................................................................................... 12

19  24 C.F.R. § 8.24 .......................................................................................... 11

20  24 C.F.R. § 8.26 .......................................................................................... 11

21  24 C.F.R. § 8.3 ............................................................................................ 10

22  24 C.F.R. § 8.33 .......................................................................................... 11

23  24 C.F.R. § 8.4 ................................................................................. 11, 13, 14

24  24 C.F.R. § 92.252 ........................................................................................ 4

25  24 C.F.R. § 100.70(b) .................................................................................. 19

26  29 U.S.C. § 794 ...................................................................................*passim*

27  42 U.S.C. § 3601 ........................................................................................ 16

28  42 U.S.C. § 3604 .................................................................................*passim*

- v -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1   42 U.S.C. § 3613 ............................................................................................. 9

2   Cal. Civ. Code § 2295 ..................................................................................... 22

3   Cal. Civ. Code § 2330 ..................................................................................... 22

4   Cal. Gov't Code § 12927 ............................................................................ 5, 20

5   Cal. Gov't Code § 12955 ...................................................................... 5, 18, 20

6

7   <u>Rules</u>

8   Cal. Civ. P. Code § 338(a) .......................................................................... 6, 7

9   Fed. R. Civ. P. 8(a)(2) ..................................................................................... 5

10   Fed. R. Civ. P. 12(b)(6) ...................................................................... *passim*

11

12   <u>Other Authorities</u>

13   H.R. Rep. No. 711, 100th Cong., 2d Sess. (1988) ....................................... 17

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

The Rehabilitation Act, the Fair Housing Act ("FHA"), and California's Fair Employment and Housing Act ("FEHA") were all enacted to promote fair housing and equal opportunities to persons with disabilities and demand a broad and generous application under binding U.S. Supreme Court and state court precedent.  Defendant Community Redevelopment Agency of Los Angeles's ("CRA") Motion to Dismiss (Dkt. 86) is based on the fundamentally flawed premise that it has *no* obligations under these federal and state civil rights laws prohibiting housing discrimination.  According to the CRA, it is bound by none of these statutes because it is not the owner or manager of housing.  This untenable argument is belied by the plain language of the statutes and abundant judicial precedent.

As shown below, the CRA is bound by the Rehabilitation Act because it is a recipient of federal financial assistance.  Under this federal statute, the CRA has an enforceable obligation to ensure that housing providers it supports with any portion comprising federal funds ensure that otherwise qualified individuals with disabilities, such as Plaintiff, are not denied equal housing opportunities on the basis of disability.  Plaintiff's Second Amended Complaint (Dkt. 76, hereinafter "SAC") states viable claims against the CRA under the Rehabilitation Act based on its failures, *inter alia*, to monitor and ensure that housing providers it supports with assistance that includes federal funding comply with basic accessibility standards, make reasonable accommodations where necessary to afford persons with disabilities equal housing opportunities, and do not exclude qualified individuals with disabilities from participation in, or deny them the benefits of, HUD-funded programs and activities, including the affordable housing programs offered by these providers, by failing to make accessible units available.  These ongoing failures by the CRA have prevented Plaintiff from obtaining suitable housing

- 1 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1   at any CRA-assisted housing development, despite her continuous six-year

2   search.

3       The SAC also alleges viable claims against the CRA under provisions

4   of the FHA and FEHA that prohibit housing discrimination on the basis of

5   disability.  The CRA's failure to implement policies that would ensure equal,

6   *i.e.* accessible, housing opportunities are available to qualified individuals with

7   disabilities and failure to exercise sufficient oversight over, or to impose

8   sanctions against, any of the housing providers it supports on account of their

9   failing to rent accessible units and make reasonable accommodations to

10   Plaintiff and other persons with disabilities constitute continuing violations of

11   both statutes.  The CRA is directly liable under both statutes for the

12   discriminatory manner in which it has administered its housing programs, with

13   the effect of denying housing and discrimination in the provision of housing-

14   related services, and is furthermore vicariously liable for discriminatory

15   housing practices committed by its agents, including Defendants Redrock

16   NoHo, LLC (Redrock), Legacy Partners Residential, Inc. ("Legacy"),

17   Guardian/KW NoHo, LLC ("Guardian/KW"), and FPI Management, Inc.

18   ("FPI").

19       Plaintiff's claims against the CRA under all three statutes are timely

20   because she alleges continuing violations, and the Court's review at this stage

21   is limited to the face of the SAC.

22       For these reasons, and as set forth below, the CRA's Motion to Dismiss

23   should be denied.

24             **OVERVIEW OF FACTUAL ALLEGATIONS**

25       The U.S. Department of Housing and Urban Development ("HUD")

26   annually allocates HOME, CDBG, ESG, EDI, and HOPWA grants, in addition

27   to Section 108 loans to Defendant City of Los Angeles ("City"), which in turn

28   allocates federal HUD funds to Defendant CRA.  Pl.'s Second Amended

1  Compl. (Dkt. 76, hereinafter "SAC") ¶ 33.  The City also allocates to

2  Defendant CRA funds from the City's Affordable Housing Trust Fund, which

3  is capitalized with CDBG and HOME grants from HUD.  *Id.* ¶ 34.  The CRA

4  uses the federal funding it receives from the City to provide financing to

5  private developers for purposes of developing housing in Los Angeles.  *Id.* ¶

6  35.  Using federal funding allocated to it by the City, the CRA has funded

7  private multi-family housing developments located in several project areas

8  located throughout Los Angeles, including in the North Hollywood Project

9  Area ("NoHo Project Area"), a transit-oriented village with close proximity to

10  shops, grocery stores, banks, a pharmacy, a U.S. Post Office, and other

11  necessary services.  *Id.* ¶¶ 35, 38.

12       As a recipient of federal financial assistance, the CRA has a duty to

13  ensure that the housing developers to whom it provides federal funds comply

14  with federal civil rights laws that prohibit housing discrimination on the basis

15  of disability and comply with federal obligations to provide a minimum

16  number of wheelchair-accessible units and to ensure that the wheelchair-

17  accessible units are available in a sufficient range of sizes and amenities so as

18  to provide qualified individuals with disabilities a choice of living

19  arrangements comparable to that of other prospective tenants.  *Id.* ¶¶ 36, 39.

20       Following an investigation, and by letter dated January 11, 2012, HUD

21  reported its conclusion that "the City and the CRA are not in compliance with

22  Section 504."  Ex. A to Req. for Jud. Notice at 3.[1]  HUD found that the City

23  and the CRA failed to monitor or survey developments to ensure they met

24  _____

[1] In a separately filed Request for Judicial Notice Plaintiff requests judicial

25  notice of the contents of the HUD Compliance Report.  The Court may
consider judicially noticeable facts on a motion to dismiss.  *See, e.g., Mir v.*

26  *Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).  The Court may
furthermore consider the HUD Compliance Report for purposes of this motion

27  for dismissal because it is referred to in the complaint, central to Plaintiffs'
claims relating to The Lofts, and of unquestionable authenticity.  *See Marder*

28  *v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

1   Section 504 physical accessibility standards. *Id.* at 4-6.  HUD additionally

2   found that the City and the CRA have failed to monitor and ensure that the

3   rental policies and practices of federally funded recipients did not have the

4   effect of discriminating in the provision of housing on the basis of disability.

5   *Id.* at 7-11; *see also id.* App. 5 (documenting accessibility violations in

6   specific CRA-assisted developments in the NoHo Project Area.

7        Plaintiff has a mobility impairment that restricts her to a wheelchair. *Id.*

8   ¶¶ 26-27.  Because of her physical disability, Plaintiff requires a dwelling unit

9   that is wheelchair accessible. *Id.* ¶ 29.  Plaintiff is unable to work because of

10   her disability. *Id.* ¶ 27.  Because she is unable to earn an income, Plaintiff

11   subsists on small monthly stipend from the General Relief program of the

12   County of Los Angeles, and she cannot afford market-rate housing. *Id.* ¶ 28.

13   Her housing costs are paid for through a Housing Choice Voucher from the

14   Housing Authority of the City of Los Angeles. *Id.* ¶ 31.

15        Since 2006, Plaintiff has sought to obtain accessible housing, rented at

16   an affordable rate, at various CRA-assisted developments in the NoHo Project

17   Area,[2] which is ideally situated for Plaintiff because of her mobility

18   impairments. *Id.* ¶¶ 38, 40.  To date, her search for an accessible, affordable

19   dwelling unit at a CRA-assisted development has been fruitless. *Id.* ¶¶ 42, 90.

20   The City and the CRA have denied Plaintiff housing by failing to make

21   available information on the location of dwelling units in CRA-assisted

22   properties that are rented at affordable rates and to ensure that its recipients

23   comply with the accessibility requirements mandated by 24 C.F.R. Part 8. *Id.*

24   ¶¶ 41-42.  Because of these failures, Plaintiff was forced to live in homeless

25   shelters and transitional housing for approximately three years. *Id.* ¶ 42.

26   Plaintiff's current dwelling unit, in The Piedmont development, is not fully

27   ───────────────

28   [2] The term "affordable" has the meaning set forth in the housing assistance
regulations promulgated HUD. *See* 24 C.F.R. § 92.252.

- 4 -

1    accessible to her, and there are no other units at The Piedmont that would be

2    more accessible.  *Id.* ¶ 45.

3         Plaintiff asserts claims against Defendant CRA pursuant to 29 U.S.C. §

4    794; 42 U.S.C. § 3604(f)(1)-(3); and California Government Code Section

5    12927(c)(1) and Section 12955(e) and (k). SAC ¶¶ 91, 93-95, 98-99, 101.

6                            **LEGAL STANDARD**

7         Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a

8    pleading must contain "a short and plain statement of the claim showing that

9    the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint satisfies

10   these "minimal notice pleading requirements," and thus survives a motion to

11   dismiss for failure to state a claim, so long as it "pleads factual content that

12   allows the court to draw the reasonable inference that the defendant is liable

13   for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

14   *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  In other words, to satisfy

15   Rule 8, the complaint must assert "enough facts to state a claim to relief that is

16   plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

17        "A claim has facial plausibility when the plaintiff pleads factual content

18   that allows the court to draw the reasonable inference that the defendant is

19   liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Thus, in ruling on

20   a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the

21   allegations in the complaint as true, construe the pleading in the light most

22   favorable to the plaintiff, and draw all reasonable inferences in favor of the

23   plaintiff. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir. 2001);

24   *Martinez v. United States*, 812 F. Supp. 2d 1052, 1057-58 (C.D. Cal. 2010).

25   Moreover, "facts outside the record . . . cannot be considered on [a] motion to

26   dismiss," *Puga v. One W. Bank*, CV-09-02501-PHX-NVW, 2010 WL

27   3715163, at *2 (D. Ariz. Sept. 14, 2010), and "[t]he scope of review . . . is

28   limited to the four corners of the Complaint and to documents of which the

- 5 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1    Court takes judicial notice," *Budway Enters., Inc. v. Fed. Ins. Co.*, EDCV 09-

2    448-VAP, 2009 WL 1014899, at *1 n.3 (C.D. Cal. Apr. 14, 2009) (citing *Hal*

3    *Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th

4    Cir. 1990)); *see also Jhaveri v. ADT Sec. Servs., Inc.*, 2:11-CV-4426-JHN-

5    MANx, 2012 WL 843315, at *2 (C.D. Cal. Mar. 6, 2012) (same).

6                                    **ARGUMENT**

7    **I.      Plaintiff's Claims Against the CRA Are Timely.**

8            A challenge to the timeliness of a plaintiff's claims is an affirmative

9    defense.  *Beaver v. Tarsadia Hotels*, No. 11cv1842 DMS (CAB), 2012 WL

10   1564535, at *7 n.2 (S.D. Cal. May 2, 2012).  Rule 12(b)(6) dismissal on

11   statute of limitations grounds is allowed only "if '[a]ccepting as true the

12   allegations in the complaint, as [the Court] must when reviewing a motion to

13   dismiss under Federal Rule of Civil Procedure 12(b)(6), the running of the

14   statute is apparent on the face of the complaint.'"  *Beaver*, 2012 WL 1564535,

15   at *5 (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.

16   2006)) (ellipsis in *Beaver* omitted); *see also Felicien v. PNC Mortg.*, No. C-

17   11-2388 EMC, 2012 WL 1413231, at *2 (N.D. Cal. Apr. 23, 2012) ("A

18   motion to dismiss on statute of limitations grounds may be granted 'only if the

19   assertions of the complaint, read with the required liberality, would not permit

20   the plaintiff to prove that the statute was tolled.'"  (quoting *Morales v. City of*

21   *Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000))).

22           The CRA is correct that a two-year limitations period applies to the

23   FHA and FEHA claims.  The Ninth Circuit has not established whether

24   California's two-year limitations period for personal injury actions or the

25   three-year limitations period in California Code of Civil Procedure Section

26   338(a) applies to Rehabilitation Act claims.  *See Peters v. Bd. of Trustees of*

27   *Vista Unified Sch. Dist.*, 457 F. App'x 612, 614 (9th Cir. 2011)

28   (acknowledging uncertainty in Ninth Circuit precedent); *see also Kramer v.*

- 6 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1   *Regents of the Univ. of Calif.*, 81 F. Supp. 2d 972, 977-78 (N.D. Cal. 1999)

2   (applying to Rehabilitation Act claim the three-year limitations period for

3   actions "upon a liability created by statute" in California Code of Civil

4   Procedure Section 338(a)).

5       The Court need not resolve this issue for purposes of the CRA's Motion

6   to Dismiss because even assuming that a two-year limitations period applies to

7   all of Plaintiff's claims against the CRA, the running of that period is not

8   apparent on the face of the SAC, which adequately pleads the CRA's

9   continuing violations of all three statutes.  *See Californians for Disability*

10  *Rights, Inc. v. Cal. Dep't of Transp.*, No. C 06-5125 SBA, 2009 WL 2982840,

11  at *1 (N.D. Cal. Sept. 14, 2009) (acknowledging similar uncertainty with

12  respect to applicable limitations period for ADA claims and holding that "the

13  Court need not resolve this dispute because Plaintiffs' claims are timely under

14  the continuing violations doctrine").

15      The SAC alleges that Plaintiff has unsuccessfully sought to obtain

16  housing at a CRA-assisted development since 2006 and that the CRA's

17  ongoing violations of the Rehabilitation Act, FHA, and FEHA are the cause of

18  her continuing inability to do so through the present time.  SAC ¶¶ 30, 36, 38-

19  39, 76, 77(a), 81, 90.  It is well settled under all three statutes that a claim

20  based on a continuing violation is timely where the most recent occurrence of

21  the violation occurred within the limitations period.  *See, e.g.*, *Havens Realty*

22  *v. Coleman*, 455 U.S. 363, 380-81 (1982) (applying continuing violations

23  doctrine to FHA claims); *Inland Mediation Bd. v. City of Pomona*, 158 F.

24  Supp. 2d 1120, 1147-48 (C.D. Cal. 2001) (same); *Douglas v. Cal. Dep't of*

25  *Youth Auth.*, 271 F.3d 812, 821-24 (9th Cir. 2001) (applying continuing

26  violations doctrine to Rehabilitation Act claims based on maintenance of

27  discriminatory policy); *Californians for Disability Rights*, 2009 WL 2982840,

28  at *1-*2 (applying continuing violation doctrine to claims brought under the

- 7 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1   Rehabilitation Act); *Kuchmas v .Towson Univ.*, 553 F. Supp. 2d 556, 565 (D.

2   Md. 2008) (same); *Dominguez v. Washington Mutual Bank*, 85 Cal. Rptr. 3d

3   705, 710 (Cal. Ct. App. 2008) (same, for FEHA) (citing *Accardi v. Super. Ct.*,

4   21 Cal. Rptr. 2d 292, 296 (Cal. 1993)).

5      For its contrary assertion, the CRA relies on *Garcia v. Brockway*, 526

6   F.3d 456 (9th Cir. 2008) (en banc), a design and construction case brought

7   under 42 U.S.C. § 3604(f)(3)(C) that is inapposite here. *Garcia* was based on

8   two discrete alleged design and construction violations at one apartment

9   complex, and there was no allegation that either defendant engaged in a

10  pattern of continuing violations. *See Nat'l Fair Hous. Alliance v. A.G. Spanos*

11  *Const. Inc.*, No. C 07-3255 SBA, 2008 WL 4369325, at *3 (N.D. Cal. Sept.

12  23, 2008) (distinguishing *Garcia* and holding that plaintiffs' claims based on

13  the continuing violations doctrine were not time-barred). Here, by contrast,

14  the SAC expressly alleges facts to support the application of the continuing

15  violations doctrine to Plaintiff's claims against the CRA under the

16  Rehabilitation Act, the FHA, and FEHA. Plaintiff's claims are not based on

17  the continuing effects of a past violation but instead on the CRA's ongoing

18  violations themselves. *Cf. Californians for Disability Rights*, 2009 WL

19  2982840, at *4 (distinguishing *Garcia*).

20     Moreover, this case does not involve any design and construction

21  claims, contrary to the CRA's misreading of the SAC. Even if the "design and

22  construction" template were appropriate for Plaintiff's claims against the

23  CRA, which it is not, here, as in *Spanos* and unlike in *Garcia*, the CRA is

24  involved an ongoing violation of these statutes, spanning many buildings

25  throughout the NoHo Project Area.

26     Finally, the filing of Plaintiff's administrative complaint with HUD, in

27  which the CRA was named as a respondent, tolled the statute of limitations

28  period for the duration of the investigation (June 23, 2009 through March 30,

- 8 -

1   2011).  SAC ¶ 75; 42 U.S.C. § 3613(a)(1)(B); *see also Davitton v.*

2   *Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137, 1141-42 (9th Cir.

3   2001) (en banc) (holding that under California law filing of administrative

4   complaint with a federal agency tolls the statue of limitations period on related

5   state law claims).[3]

6   **II.      The SAC States Viable Rehabilitation Act Claims Against the CRA.**

7   **      A.      The CRA Is Bound by the Rehabilitation Act.**

8          Section 504 of the Rehabilitation Act prohibits recipients of federal

9   financial assistance from engaging in conduct that, on the basis of disability,

10  excludes an otherwise qualified individual with a disability from participation

11  in, denies such person the benefits of, or subjects such person to

12  discrimination under any program or activity receiving federal financial

13  assistance.  29 U.S.C. § 794(a).

14         The CRA contends that it is does not "fall within the ambit of the

15  Rehabilitation Act" because it is "not an owner and/or property manager."

16  Def.'s Mem. at 10.  This argument has no legal support whatsoever.  A plain

17  reading of the text of Section 504 makes clear that the Act applies to "*any*

18  program or activity receiving Federal financial assistance."  29 U.S.C. §

19  794(a) (emphasis added).  The Act broadly defines subject recipients to

20  include:

21         [a]ny State or its political subdivision, any instrumentality of a State or

22         its political subdivision, any public or private agency, institution,

23  _____

24  [3] *See also Z.F. ex rel. M.A.F. v. Ripon Unified Sch. Dist.*, 2:10-CV-00523,
    2011 WL 320249, at *4 (E.D. Cal. Jan. 28, 2011); *J.W. ex rel. J.E.W. v.*

25  *Fresno Unified Sch. Dist.*, 570 F. Supp. 2d 1212, 1222-23 (E.D. Cal. 2008)
    (tolling section 504 claim); *Wood v. Vista Manor Nursing Ctr.*, C 06-01682

26  JW, 2006 WL 2850045, at *2-*3 (N.D. Cal. Oct. 5, 2006) (similar, in case
    brought under the FHA, FEHA, Unruh Civil Rights Act, Rehabilitation Act,

27  and ADA, where "the same facts and discrimination claims are alleged in the
    OCR complaint and the First Amended Complaint currently before the

28  Court").

- 9 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1    organization, or other entity, or any person to which Federal financial

2    assistance is extended for any program or activity directly or through

3    another recipient.

4  24 C.F.R. § 8.3.

5        In the context of housing discrimination claims, courts have accordingly

6  applied the Rehabilitation Act to all types of defendants, including

7  municipalities, *see, e.g.*, *Behavioral Health Servs., Inc. v. City of Gardena*, CV

8  01-07183 (RZ), 2003 WL 21750852, at *10 (C.D. Cal. Feb. 26, 2003)

9  (holding that city violated Rehabilitation Act in denying conditional use

10  permit); *Bay Area Addiction Research And Treatment, Inc. v. City of Antioch*,

11  C 98-2651 SI, 2000 WL 33716782 (N.D. Cal. Mar. 16, 2000) (granting

12  preliminary injunction on Rehabilitation Act claim challenging city's plan to

13  relocate treatment center); housing authorities, *see, e.g.*, *Sinisgallo v. Town of

14  Islip Hous. Auth.*, 12-CV-1733 ADS AKT, 2012 WL 1888140 (E.D.N.Y. May

15  23, 2012) (granting preliminary injunction on Rehabilitation Act claim against

16  housing authority's termination of plaintiffs' tenancy); and others in a position

17  to affect the availability and accessibility of housing for people with

18  disabilities, *see, e.g.*, *Telesca v. Long Island Hous. Partnership, Inc.*, 443 F.

19  Supp. 2d 397 (E.D.N.Y. 2006) (applying Rehabilitation Act to state's

20  affordable housing development agency, non-profit corporation, and local

21  agencies that allocated federal funds to provide affordable housing).

22        The only authorities that the CRA cites for its faulty proposition that

23  Section 504 applies only to owners and property managers are FHA cases that

24  do not even address the Rehabilitation Act.  *See Holley v. Crank*, 400 F.3d 667

25  (9th Cir. 2005); *Cleveland v. Caplaw Enters.*, 448 F.3d 518 (2d Cir. 2006).  As

26  shown below in Part III.A., the CRA is also wrong in asserting that only

27  owners and property managers are subject to the FHA.

28        In short, because the CRA is a recipient of federal financial assistance,

- 10 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1  SAC ¶ 34, it is bound by Section 504.  *See also* Ex. A to Pl.'s Req. for Jud.

2  Notice.

3      **B.    Under Section 504, the CRA May Not Deny Housing**
       **Opportunities because of Disability and Must Ensure that**
4      **the Entities It Supports with Federal Assistance Do Not Deny**
       **Housing Opportunities  because of Disability.**
5

6          Pursuant to the statutory mandate in Section 504 that federal agencies

7  promulgate regulations to carry out the purposes of the Act, *see* 29 U.S.C. §

8  794(a), HUD has published implementing regulations that govern recipients'

9  operation and administration of housing-related programs and activities.  *See*

10  24 C.F.R. Part 8.  24 C.F.R. § 8.4 provides guidance on the strictures of

11  Section 504 and elaborates that "in providing any housing, aid, benefit, or

12  service in a program or activity that receives Federal financial assistance from

13  [HUD]," a recipient may not, *inter alia*: "(i)  Deny a qualified individual with

14  handicaps the opportunity to participate in, or benefit from, the housing, aid,

15  benefit, or service; (ii) Afford a qualified individual with handicaps an

16  opportunity to participate in, or benefit from, the housing, aid, benefit, or

17  service that is not equal to that afforded to others; [or] (iii) Provide a qualified

18  individual with handicaps with any housing, aid, benefit, or service that is not

19  as effective in affording the individual an equal opportunity to obtain the same

20  result, to gain the same benefit, or to reach the same level of achievement as

21  that provided to others."  *Id.* § 8.4(b)(1)(i)-(iii).

22          Recipients are further obligated to make reasonable accommodations for

23  individuals with disabilities; modify housing policies and practices to ensure

24  that these policies do not discriminate on the basis of disability; and ensure

25  that dwelling units are available in a sufficient range of sizes and amenities to

26  ensure that persons with disabilities have a choice in living arrangements that

27  is comparable to that of other eligible persons.  *Id.* §§ 8.24, 8.26, 8.33.  In

28  addition, multi-family housing developments financed in any part with federal

- 11 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1  funds and constructed after 1991 must be "designed and constructed to be

2  readily accessible to and usable by individuals with handicaps," and have "a

3  minimum of five percent of the total dwelling units . . . be made accessible for

4  persons with mobility impairments." *Id.* § 8.22.[4]

5      The regulations in 24 C.F.R. Part 8 provide HUD's definitive

6  interpretation of the scope of a recipient's obligations under the Act and

7  constitute persuasive authority establishing that Section 504 requires that the

8  CRA not only refrain from discriminating on the basis of disability itself, but

9  also affirmatively ensure that housing providers to which it provides

10 financing, any part of which includes federal funding, themselves comply with

11 Section 504 and other anti-discrimination laws.  *See, e.g.*, *Save Our Valley v.*

12 *Sound Transit*, 335 F.3d 932, 943-44 (9th Cir. 2003) ("As an agency

13 interpretation of a statute, a regulation may be relevant in determining the

14 scope of the right conferred by Congress."); *Taylor v. Hous. Auth. of New*

15 *Haven*, 267 F.R.D. 36, 47 (D. Conn. 2010) (holding that HUD's Section 504

16 regulations provide probative interpretations of the scope of obligations

17 imposed by the statute); *Inland Mediation Bd.*, 158 F. Supp. 2d at 1144-46

18 (relying on HUD regulations to interpret scope of conduct prohibited under the

19 FHA).

20     The Court need not address the CRA's argument that Plaintiff has no

21 private cause of action to enforce HUD's Section 504 regulations because

22 Plaintiff has not asserted causes of action under these regulations.[5]  Although a

23 private plaintiff may bring a private cause of action to enforce certain agency

24 ────────────────
   [4] Section 8.22 further requires that "[a]n additional two percent of the units
25 (but not less than one unit) in such a project shall be accessible for persons
   with hearing or vision impairments."

26 [5] Nor is Plaintiff aware of any Ninth Circuit authority addressing whether
   there is a private right of action to enforce the specific regulations at issue in
27 the Third Circuit case *Three Rivers Center for Independent Living, Inc. v.*
   *Housing Authority of the City of Pittsburgh*, 382 F.3d 412 (3d Cir. 2004), on
28 which the CRA relies.

- 12 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1  regulations, *see, e.g.*, *Mark H. v. Lemahieu*, 513 F.3d 922, 936-39 (9th

2  Cir. 2008) (applying test to determine whether plaintiff could enforce the

3  regulation at issue), here Plaintiff relies on 24 C.F.R. Part 8 to define the scope

4  of Defendants' obligations under Section 504 and not to enforce a specific

5  regulatory obligation.  Her claims are brought under the *statutes*—the

6  Rehabilitation Act, the FHA, and FEHA—all of which create a private right of

7  action.

8      **C.**    **The Conduct Alleged Against the CRA Violates the**

9                   **Rehabilitation Act.**

10      The Rehabilitation Act prohibits subject recipients from, *inter alia*,

11  engaging in conduct that has the effect of denying housing because of

12  disability and from refusing to make reasonable accommodations that may be

13  necessary to provide otherwise qualified persons with disabilities an equal

14  opportunity to use and enjoy housing compared to other similarly situated

15  persons.  29 U.S.C. § 794(a); 24 C.F.R. § 8.4(b)(1)(i)-(iii).

16      The SAC s alleges that the CRA has failed to monitor and ensure that

17  housing providers it supports with assistance that includes federal funding

18  comply with Section 504 and other anti-discrimination laws.  Specifically, the

19  SAC alleges that the CRA has failed: to ensure that housing developers to

20  which it provides funding, any portion of which derives from federal financial

21  assistance, meet the accessibility standards of Section 504; to monitor and

22  ensure that the policies and practices of such developers do not exclude

23  qualified individuals with disabilities from participation in, or deny them the

24  benefits of, HUD-funded programs and activities; to instruct such developers

25  of their duty to modify housing policies and practices, including waiting lists,

26  where necessary to ensure that that these policies do not discriminate on the

27  basis of disability against qualified individuals with disabilities; and to make

28  information available to the public about affordable, accessible housing.  SAC

1    ¶¶ 10, 35-36, 39, 41, 61, 63, 77(a), 83.  These failures have caused continuing

2    injury to Plaintiff, who has a disability and is otherwise qualified for tenancy,

3    by preventing her from obtaining suitable housing at any CRA-assisted

4    housing development.  *Id.* ¶¶ 26-28, 41-42, 48, 89-90.  These acts and

5    omissions by the CRA have denied Plaintiff housing and an opportunity to

6    participate in CRA-assisted projects because of her disability, in violation of

7    Section 504.  *See also* 24 C.F.R. § 8.4(b)(1)(i) and (ii).

8         The SAC further alleges that the CRA has permitted federally assisted

9    housing providers to operate affordable housing programs without making

10   necessary accommodations for otherwise qualified would-be tenants with

11   disabilities, for example by allowing Redrock and Legacy to designate only

12   studios as affordable housing units, SAC ¶¶ 39, 56-57, 61-64, thus stating a

13   viable reasonable accommodation claim under Section 504, for the reasons set

14   forth in Part II.C. of the concurrently filed Opposition to Motions to Dismiss

15   by Defendants Legacy Partners Residential, Inc. and Redrock NoHo

16   Residential, LLC, incorporated herein by reference.  *See also* 24 C.F.R. §

17   8.4(b)(1)(iii).

18        Apart from its incorrect contention that it is not subject to the

19   Rehabilitation Act at all, the CRA's only challenge to Plaintiff's

20   Rehabilitation Act claim is an assertion that Plaintiff has not suffered a

21   concrete injury.  Def.'s Mem. (Dkt. 86) at 11-12.  This assertion is refuted by

22   the plain allegations in the SAC, which clearly state that Plaintiff has been

23   unable to locate suitable housing in any CRA-assisted development despite a

24   continuous six-year search.  SAC ¶ 26-28, 41-42, 48, 89-90.

25        The CRA's argument moreover misstates the applicable standard under

26   Rule 12(b)(6).   Plaintiff is not required to prove a *prima facie* case to survive

27   this Motion to Dismiss.  *Cf.* Def.'s Mem. at 11 (asserting that Plaintiff has

28   "failed to establish the third prong of her prima facie case").  *See Twombly*,

- 14 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1    550 U.S. 563 n.8 (recognizing long-settled rule that a complaint "may not be

2    dismissed based on a district court's assessment that the plaintiff will fail to . .

3    . prove his claim to the satisfaction of the factfinder").  Instead, the relevant

4    inquiry is whether Ms. Ling has adequately alleged facts (or could allege facts

5    if granted leave to amend) that, if later proven to the fact finder, would entitle

6    her to relief.  *In re Apple iPod iTunes Anti-Trust Litig.*, 2010 WL 2629907, at

7    *4 (N.D. Cal. June 29, 2010).

8         The CRA's remaining arguments are easily disposed of.  With respect to

9    the discussion of Plaintiff's efforts to obtain housing at the NoHo 14

10   development, Plaintiff incorporates by reference her concurrently filed

11   Opposition to the Motions to Dismiss by Guardian/KW and FPI (Dkt. 93 at 3-

12   11.)  The CRA is also obligated to ensure that Guardian/KW and FPI

13   administer waiting lists fairly in compliance with the Section 504 regulations.

14   The CRA's argument that a transfer is not a reasonable accommodation

15   (Def.'s Mem. at 12-13) may be disregarded because Plaintiff does not pursue

16   claims based on the denial of a transfer request in the SAC.

17        The CRA's discussion of housing voucher cases (*id.* at 13-14) is

18   inapposite because Plaintiff makes no allegations based on, and does not seek

19   to hold the CRA liable, for any conduct relating to the housing choice voucher

20   program, which is administered by a different agency.  SAC ¶ 31.  The cases

21   cited by the CRA on pages 14-15 of its Memorandum are all distinguishable

22   because they involved claims seeking either to hold housing authorities whose

23   only responsibility was to administer housing choice (or Section 8) vouchers

24   responsible for the conduct of private housing providers, who were not

25   themselves "recipients" subject to Section 504, or to compel such agencies to

26   take affirmative steps to provide housing to the plaintiffs.  Unlike in the cases

27   that the CRA cites, Plaintiff is not seeking to compel the CRA to provide her

28   superior access or additional benefits.  She is seeking to enforce the CRA's

1    statutory obligations to ensure that the housing providers it assists with federal

2    funds do not deny her equal access to the housing opportunities afforded to

3    others similarly situated because of her disability.  As the court acknowledged

4    in one of the cases cited by the CRA, Section 504 requires "that a particular

5    service provided to some not be denied to disabled people."  *Taylor*, 267

6    F.R.D. at 53 (internal quotation marks omitted).  The service at issue here is

7    the CRA's financing and support of private housing opportunities in Los

8    Angeles.  This service or program must be equally available to Plaintiff and

9    other qualified individuals with disabilities who need housing.

10   **III.    The SAC States Viable Claims against the CRA under the Fair
          Housing Act and FEHA.**

11

12           **A.      The CRA Is Subject to the FHA and FEHA.**

13           The CRA seeks dismissal of Plaintiff's FHA claims based on the legally

14   untenable assertion that 42 U.S.C. §3604 "applies only to landlords, owners,

15   and others who offer dwellings for rent or sale."  Def.'s Mem. at 17; *see also*

16   *id.* at 19-20 (asserting that Plaintiff's housing discrimination claim under

17   FEHA claim "fails for the same reasons set forth under our FHA argument").

18           The Supreme Court has emphasized that given the Fair Housing Act's

19   stated policy to provide "for fair housing throughout the United States," *see* 42

20   U.S.C. § 3601, courts must interpret its provisions "broad[ly] and

21   inclusive[ly]" and accord it "a 'generous construction.'"  *City of Edmonds v.*

22   *Oxford House, Inc.*, 514 U.S. 725, 731-32 (1995) (quoting *Trafficante v.*

23   *Metro. Life Ins. Co.*, 409 U.S. 205, 209, 212 (1972)); *see also Nevels v. W.*

24   *World Ins. Co., Inc.*, 359 F. Supp. 2d 1110, 1119 (W.D. Wash. 2004) ("The

25   'broad and inclusive' language of the FHA must be given 'generous

26   construction' in order to carry out a 'policy that Congress considered to be of

27   the highest priority.'"  quoting *Trafficante*, 409 U.S. at 211-12)).  This is

28   particularly true with respect to § 3604(f), which Congress intended as a

- 16 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1    "'pronouncement of a national commitment to end the unnecessary exclusion

2    of persons with handicaps from the American mainstream,'" and which has

3    accordingly been given a broad "application to a wide array of activities."

4    *United States v. Mass. Indus. Fin. Agency*, 910 F. Supp. 21, 27 (D. Mass.

5    1996) (quoting H.R. Rep. No. 711 at 18, 100th Cong., 2d Sess. (1988) and

6    citing *Casa Marie v. Super. Ct. of Puerto Rico*, 988 F.2d 252, 257 n.6 (1st Cir.

7    1993)).

8         In keeping with this instruction to give § 3604 a broad construction,

9    courts have applied it to cities, zoning boards, housing authorities, insurance

10   companies, lenders, newspapers, and neighbors, among others.  *See, e.g.*,

11   *Huntington Branch, NAACP v. Town of Huntington,* 844 F.2d 926 (2d Cir.

12   1988) (municipality liable for exclusionary zoning practices); *Hous.*

13   *Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.*, 943 F.2d 644

14   (6th Cir. 1991) (newspaper liable for publishing discriminatory

15   advertisements); *Darst-Webbe Tenant Ass'n Bd. v. St. Louis Hous. Auth.*, 339

16   F.3d 709, 712 (8th Cir. 2003) (instructing district court to address § 3604

17   claims challenging housing authority's revitalization plan); *Mass. Indus. Fin.*

18   *Agency*, 910 F. Supp. 21 (denying summary judgment on FHA claim against

19   state finance agency based on denial of plaintiffs' application for financing);

20   *Sharpvisions, Inc. v. Borough of Plum*, 475 F. Supp. 2d 514 (W.D. Pa. 2007)

21   (holding zoning board liable for denying permit); *Nat'l Fair Hous. Alliance,*

22   *Inc. v. Prudential Ins. Co. of Am.*, 208 F. Supp. 2d 46 (D.D.C. 2002) (holding

23   insurance company liable for discriminatory insurance practices); *Wai v.*

24   *Allstate Ins. Co.*, 75 F. Supp. 2d 1, 7 (D.D.C. 1999) (rejecting argument that §

25   3604(f)(2) applies only to landlords or providers of housing); *United States v.*

26   *Scott*, 788 F. Supp. 1555, 1562 (D. Kan. 1992) (neighbors' conduct "fall[s]

27   within the Act's proscription against handicap discrimination").  The CRA is

28   therefore wrong in asserting that because it is not a housing provider it cannot

- 17 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1   be subject to liability under § 3604 for conduct that has the effect of denying

2   housing on the basis of disability, providing unequal services or facilities in

3   connection with the rental of housing on the basis of disability, or denying

4   reasonable accommodations that may be necessary to afford equal housing

5   opportunities to qualified persons with disabilities.  *Id.* § 36034(f)(1), (2), and

6   (3)(B).

7        Courts have likewise rejected the argument that FEHA's proscriptions

8   against housing discrimination are limited to housing providers.  *See Sisemore*

9   *v. Master Fin., Inc.*, 60 Cal. Rptr. 3d 719, 738-43 (Cal. Ct. App. 2007)

10  (applying California Government Code Section 12955(e) to lender and

11  expressly holding that FEHA is not limited to discrimination by landlords);

12  *Inland Mediation Bd.*, 158 F. Supp. 2d at 1150-51 (applying California

13  Government Code Section 12955(k) to municipality).

14        The CRA's related argument that it cannot be held liable under the FHA

15  for the conduct of private housing providers, relying on *Dinapoli v. DPA*

16  *Wallace Ave II LLC*, No. 07 Civ. 1409 (PAC), 2009 WL 755354 (S.D.N.Y.

17  Mar. 23, 2009), and *Liberty Resources, Inc. v. Philadelphia Housing*

18  *Authority*, 528 F. Supp. 2d 553 (E.D. Pa. 2007), is incorrect because the

19  doctrine of vicarious liability applies under the FHA and FEHA (*see infra* Part

20  IV) and moreover misses the point of Plaintiff's FHA claims against this

21  Defendant, which are based on the CRA's *own* conduct in making housing

22  unavailable to Plaintiff; discriminating in the provision of services relating to

23  the rental of housing; and refusing requested reasonable accommodations.[6]

24  
_____

[6] *Dinapoli* and *Liberty Resources* are therefore distinguishable.  In *Dinapoli*

25  the plaintiff sought to hold the housing authority that administered his Section
    8 voucher liable solely on the basis of the conduct of his private landlord.

26  2009 WL 755354, at *3. Here, Plaintiff seeks to hold the CRA liable under
    the FHA and FEHA for the CRA's *own* conduct in making rental housing

27  unavailable to her.  *Liberty Resources* involved a challenge to a housing
    authority's administration of a housing choice voucher program and did not

28  even involve an FHA claim.  *See* 528 F. Supp. 2d at 555.

- 18 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1

**B.     The Conduct Alleged Against the CRA Violates the FHA and FEHA.**

2

3      The phrase "to otherwise make unavailable or deny" in § 3604(f)(1)

4  "has been broadly construed to include all practices which make unavailable

5  or deny dwellings" on the basis of disability.  *Harding v. Orlando Apartments,*

6  *LLC*, No. 6:11-cv-85, 2011 WL 1457164, at *4 (M.D. Fla. Apr. 15, 2011)

7  (quoting *Scott*, 788 F. Supp. at 1562).  In *Massachusetts Industrial Finance*

8  *Agency*, the court held that a state agency with authority to provide financing

9  for private developments could be held liable under § 3604(f)(1) for failing to

10  provide financing to a proposed residential school for emotionally disturbed

11  adolescents,  910 F. Supp. at 27-28, and emphasized that in interpreting the

12  scope of § 3604(f)(1)'s application, "[t]he critical question is not whether one

13  type of conduct exactly parallels another type already explicitly proscribed by

14  the FHAA.  Rather, the issue is whether the defendant's activity is integrally

15  involved in the sale or financing of real estate," *id.* at 27 (internal quotation

16  marks omitted).

17      Section 3604(f)(2) has an even broader application than § 3604(1), *see*

18  *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1104 (9th Cir. 2004), and

19  similarly applies against public entities that are charged with responsibilities

20  relating to the provision of housing, *see, e.g.*, *Cmty. Servs., Inc. v. Windy Gap*

21  *Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005) (holding that "courts have

22  specifically allowed claims under [§ 3604(f)(2)] to be brought against

23  municipalities and land use authorities" and finding defendant liable under §

24  3604(f)(2) for discrimination in the provision of municipal services to personal

25  care home); 24 C.F.R. § 100.70(b) (including within the scope of conduct

26  prohibited by § 3604(f)(2) a refusal to provide municipal services relating to

27  housing).

28      The SAC states valid claims against the CRA under these sections by

- 19 -

1    alleging that Ms. Ling has been denied tenancy in an accessible, affordable

2    dwelling unit at any CRA-assisted property since 2006 and continuing through

3    the present because the CRA has failed to ensure that the housing providers it

4    supports make reasonable efforts to ensure that persons with disabilities are

5    not denied housing because there are no accessible units or to exercise any

6    oversight over any of these housing providers' rental policies and practices,

7    which has had the effect of preventing Plaintiff from being able to access

8    suitable housing.  *See* SAC ¶¶ 30, 36, 39, 76, 77(a), 81;  *Nat'l Fair Hous.*

9    *Alliance, Inc. v. S.C. Bodner Co., Inc.*, No. 1:10-cv-993-RLY-DML, 2012 WL

10   529941, at *4-*5 (S.D. Ind. Feb. 17, 2012); *Harding*, 2011 WL 1457164, at

11   *4.

12         Because the SAC states valid claims under 42 U.S.C. § 3604(f)(1) and

13   (2), it therefore also states viable FEHA claims against the CRA pursuant to

14   California Government Code Sections 12955(e) and (k).  *See, e.g.*, *Inland*

15   *Mediation Bd.*, 158 F. Supp. 2d at 1150 (holding that where "Plaintiffs have

16   raised triable issues of fact as to their FHA claims, Plaintiffs have also raised

17   triable issues of fact with respect to corresponding FEHA claims"); *Auburn*

18   *Woods I Homeowners Ass'n v. Fair Employment & Hous. Comm'n*, 121 Cal.

19   App. 4th 1578, 1591 (2004) ("[T]he FHA provides a minimum level of

20   protection that FEHA may exceed.").

21         For the reasons stated above in Part II.C. and in the concurrently filed

22   Opposition to the Motions to Dismiss by Legacy and Redrock, Plaintiff has

23   also stated a valid reasonable accommodations claim against the CRA under

24   42 U.S.C. §§ 3604(f)(3)(B) and California Government Code Sections

25   12927(c)(1) and 12955(k).  *See Rodriguez v. Morgan*, No. CV 09-8939-GW

26   (CWx), 2012 WL 253867, at *5 (C.D. Cal. Jan. 26, 2012) (applying elements

27   of a § 3604(f)(3)(B) claim to claims for reasonable accommodation under

28   FEHA).

- 20 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

## IV. Defendant CRA Is Vicariously Liable for Discriminatory Housing Practices by its Agents.

The CRA may be held liable not only for its own acts and omissions but also for those of its agents—including Redrock, Legacy, Guardian/KW, and FPI—based on these Defendants' role in providing housing at CRA-assisted developments.  SAC ¶¶ 83-84.

"'[T]raditional rules of vicarious liability apply' to violations of [the] Fair Housing Act."  *In re Wells Fargo Residential Mortgage Lending Discrimination Litig.*, No. M:08-CV-1930 MMC, 2010 WL 3037061, at *3 (N.D. Cal. July 30, 2010) (quoting *Holley v. Crank*, 400 F.3d 667, 670-74 (9th Cir. 2005)); *see also United States v. Habersham Props., Inc.*, 319 F. Supp. 2d 1366, 1375 (N.D. Ga. 2003) (citing *Meyer v. Holley*, 537 U.S. 280 (2003)).  Under traditional vicarious liability rules, a principal may be held vicariously liable for the acts of its agents in the scope of their authority.  *Meyer*, 537 U.S. at 285-86.[7]  Thus, the owner of an apartment building may be held vicariously liable under the FHA for the conduct of a management company hired by the owner to manage the property.  *See, e.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522-23 (2d Cir. 2006) (reversing grant of judgment on the pleadings where plaintiffs adequately alleged landlord's vicarious liability for discriminatory acts by its property manager); *Habersham Props.*, 319 F. Supp. 2d at 1375-76 (holding that apartment owner could be held vicariously liable for FHA violations committed by its property management company); *Boswell v. Gumbaytay*, No. 2:07-cv-135-WKW, 2009 WL 1515872, at *3-*4 (M.D.

---

[7] Federal common law determines whether an agency relationship exists for purposes of vicarious liability under the FHA.  *Inland Mediation Bd.*, 158 F. Supp. 2d at 1139-40.  Under federal law, an actual agency relationship exists where "(a) a principal manifests to another that the other has the authority to act on the principal's behalf and subject to the principal's control; and (b) the other, or agent, consents to act on his principal's behalf and subject to the principal's control." *Id.* at 1140 (citing Restatement (Second) of Agency (1958)).  "[A]n apparent agency exists only to the extent that a third party reasonably believes the relationship to exist." *Id.*

- 21 -

Ling v. City of Los Angeles *et al*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1    Ala. June 1, 2009) (similar).

2        These agency principles apply equally where the defendant is a public

3    entity whose agents include private citizens or housing providers.  *See, e.g.*,

4    *Inland Mediation Bd.*, 158 F. Supp. 2d at 1139-41 (denying summary

5    judgment where a jury could reasonably find city vicariously liable for actions

6    of private citizen).

7        The Ninth Circuit has also applied the vicarious liability doctrine to the

8    Rehabilitation Act.  *See Bonner v. Lewis*, 857 F.2d 559, 566-67 (9th Cir.

9    1988); *see also id.* at 566 (agreeing that "the regulatory scheme which

10   implements § 504 relies heavily upon the idea of vicarious liability (citing

11   *Patton v. Dumpson*, 498 F. Supp. 933, 942 (S.D.N.Y. 1980))).

12       California law likewise applies vicarious liability.  California Civil

13   Code Section 2330 provides that "[a]n agent represents his principal for all

14   purposes within the scope of his actual or ostensible authority, and all the

15   rights and liabilities which would accrue to the agent from transactions within

16   such limit, if they had been entered into on his own account, accrue to the

17   principal.[8]  Thus, the CRA may be held liable under FEHA for violations of

18   these laws committed by its agents within the scope of their authority.  *See,*

19   *e.g.*, *Coughlin v. Cal. Dep't of Corr. & Rehab.*, No. 2:08-cv-02772-GEB-JFM,

20   2010 WL 1689463, at *6-*8 (E.D. Cal. Apr. 26, 2010); *De Silva v. Hashemi*,

21   2005 WL 3466593, at *5 (Cal. Ct. App. Dec. 19, 2005 (unreported)

22   (recognizing that a defendant may be held liable under FEHA for

23   _____

24   [8] California agency law comports with traditional vicarious liability principles
     under federal law.  California law defines an agent as "one who represents
     another, called the principal, in dealings with third persons."  Cal. Civ. Code §

25   2295.  California law recognizes both express and implied agency
     relationships.  *Borders Online v. State Bd. of Equalization*, 129 Cal. App. 4th

26   1179, 1190-91 (2005).  "The significant test of an agency relationship is the
     principal's right to control the activities of the agent.  It is not essential that the

27   right of control be exercised or that there be actual supervision of the work of
     the agent; the existence of the right establishes the relationship."  *Violette v.*

28   *Shoup*, 16 Cal. App. 4th 611, 620 (1993) (internal citations omitted).

- 22 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Mot. to Dismiss by Community Redevelopment Agency of Los Angeles

1   discriminatory acts of its agents); *Chew v. Hybl*, No. C 96-03459 CW, 1997

2   WL 33644581, at *13 (N.D. Cal. Dec. 9, 1997) (similar).

3        The SAC adequately alleges an agency relationship that would support a

4   finding of liability against CRA on the basis of wrongful acts by its agents,

5   Defendants Redrock, Legacy, Guardian/KW, and FPI, and these entities'

6   employees, within the scope of their authority to provide housing at the CRA-

7   assisted properties The Lofts and NoHo 14.  *Inland Mediation Bd.*, 158 F.

8   Supp. 2d at 1139-41; *Habersham*, 319 F. Supp. 2d at 1375.  Paragraphs 83-84

9   of the SAC allege the necessary elements of an agency relationship.  These

10  allegations, if proven, will support the imposition of liability on the CRA for

11  violations of the FHA and FEHA based on the alleged acts of these other

12  Defendants based on their conduct operating The Lofts and NoHo 14.

13                              **CONCLUSION**

14        For the foregoing reasons, Plaintiff respectfully requests that the Court

15  deny the pending Motion to Dismiss by the CRA and that it order this

16  Defendant to file its responsive pleading forthwith.  In the alternative Plaintiff

17  respectfully seeks leave to amend.

18

19

20

21

22

23

24

25

26

27

28

1    Dated:  June 5, 2012

2    Respectfully submitted,

3    /s/ Jamie L. Crook
     Jamie L. Crook
4    on behalf of counsel for Plaintiff

5    Michael Allen (admitted to appear *pro hac vice*)
     *mallen@relmanlaw.com*
6    D. Scott Chang (SBN 146403)
     *schang@relmanlaw.com*
7    Jamie L. Crook (SBN 245757)
     *jcrook@relmanlaw.com*
8    **RELMAN, DANE & COLFAX PLLC**
     1225 19th Street, NW, Suite 600
9    Washington, DC 20036
     Telephone: (202) 728-1888
10   Facsimile: (202) 728-0848

11   David Geffen (SBN 129342)
     *geffenlaw@aol.com*
12   **DAVID GEFFEN LAW**
     530 Wilshire Boulevard, Suite 205
13   Santa Monica, CA 90401
     Telephone: (310) 434-1111
14   Facsimile: (310) 434-1115

15   *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
**CENTRAL DISTRICT OF CALIFORNIA**

I hereby certify that on this 5th day of June, 2012, I filed the foregoing Plaintiff's Opposition to Motion to Dismiss by Community Redevelopment Agency of Los Angeles using the Court's CM/ECF filing system, which shall serve as notice of such filing on all counsel of record. I further certify that Plaintiff's Opposition to Motion to Dismiss by Community Redevelopment Agency of Los Angeles will be served according to law on the following party, which has not yet entered its appearance:

JSM Florentine, LLC
c/o Craig D. Jones
111 N. Pass Avenue
Burbank, CA 91505


/s/ Jamie L. Crook
Jamie L. Crook