1   Michael Allen (admitted to appear *pro hac vice*)
    *mallen@relmanlaw.com*
2   D. Scott Chang (SBN 146403)
    *schang@relmanlaw.com*
3   Jamie L. Crook (SBN 245757)
    *jcrook@relmanlaw.com*
4   **RELMAN, DANE & COLFAX PLLC**
    1225 19th Street, NW, Suite 600
5   Washington, DC 20036
    Telephone: 202-728-1888
6   Facsimile: 202-728-0848

7   David Geffen (SBN 129342)
    *geffenlaw@aol.com*
8   **DAVID GEFFEN LAW**
    530 Wilshire Boulevard, Suite 205
9   Santa Monica, CA 90401
    Telephone: 310-434-1111
10   Facsimile: 310-434-1115

11   *Attorneys for Plaintiff*

12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION)

| | |
|---|---|
| **MEI LING,** | Case No. 2:11-cv-7774-SVW |
| Plaintiff, | |
| — *v.*— | **PLAINTIFF'S COMBINED OPPOSITION TO LEGACY PARTNERS RESIDENTIAL, INC. AND REDROCK NOHO RESIDENTIAL, LLC'S MOTIONS TO DISMISS** |
| **CITY OF LOS ANGELES, CALIFORNIA; COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES;** Redrock NoHo Residential, LLC; Park Plaza West Senior Partners, L.P.; JSM Florentine, LLC; Legacy Partners Residential, Inc.; FPI Management, Inc.; and Guardian/KW NoHo, LLC, | Hearing Date: July 9, 2012<br>Time: 1:30 p.m.<br>Courtroom: Number 6, 2nd Floor<br>Judge: Hon. Stephen V. Wilson<br><br>Complaint Filed: Sept. 20, 2011<br>Trial Date: None Set |
| Defendants. | |

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................... ii

Introduction .................................................................................................................. 1

Overview of Factual Allegations ................................................................................. 2

Legal Standard ............................................................................................................. 6

Argument ..................................................................................................................... 6

I.   The Court May Not Consider Defendants'
Improper Allegations of Facts Beyond the
Four Corners of the SAC ........................................................................... 6

II.  Defendants Concede That They Are Bound
By the Rehabilitation Act, and the SAC States
Viable Claims Under this Statute ............................................................... 9

    A. The Rehabilitation Act Prohibits the Denial
Of Housing and Reasonable Accommodations
Because of a Tenant's Disability. ...................................................... 9

    B. The SAC Adequately Alleges that Defendants Have
Denied Plaintiff Housing on the Basis of Disability ......................... 10

    C. The SAC Adequately Alleges that Defendants
Have Denied Plaintiff's Requested Reasonable
Accommodation to their Affordable Housing Policy ........................ 13

III.  Plaintiff Has Stated Viable Housing Discrimination and Reasonable
Accommodation  Claims under the FHA, FEHA, the
Unruh Act, and the DPA ............................................................................ 18

IV.  The SAC Sufficiently Alleges a Claim under § 3604(d)
Based on Redrock and Legacy's Misrepresentations
about the Availability of Housing at The Lofts ......................................... 20

V.   The SAC States Plausible Retaliation Claims Against
Legacy Under the Fair Housing Act And FEHA ....................................... 21

VI.  Defendant Redrock Is Vicariously Liable for Discriminatory
Housing Practices by its Agent Legacy ..................................................... 23

Conclusion ................................................................................................................... 25

- i -

Ling v. City of Los Angeles et al., Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

# TABLE OF AUTHORITIES

Cases

*Amone v. Aveiro*, 226 F.R.D. 677 (D. Haw. 2005)................................................19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................6

*Auburn Woods I Homeowners Ass'n v. Fair Employment & Hous. Comm'n*, 121 Cal. App. 4th 1578 (2004) ..............................19-20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................6

*Bentley v. Peace & Quiet Realty 2 LLC*, 367 F. Supp. 2d 341 (E.D.N.Y. 2005) ................................................................16, 17

*Bonner v. Lewis*, 857 F.2d 559 (9th Cir. 1988) ................................................24

*Borders Online v. State Bd. of Equalization*, 129 Cal. App. 4th 1179 (2005) ................................................................24

*Boswell v. Gumbaytay*, No. 2:07-CV-135-WKW, 2009 WL 1515872 (M.D. Ala. June 1, 2009) ................................................................23

*Budway Enters., Inc. v. Fed. Ins. Co.*, EDCV 09-448-VAP, 2009 WL 1014899 (C.D. Cal. Apr. 14, 2009).............................6, 9, 11

*Chew v. Hybl*, No. C96-03459 CW, 1997 WL 33644581 (N.D. Cal. Dec. 9, 1997)................................................................24, 25

*Cleveland v. Caplaw Enters.*, 448 F.3d 518 (2d Cir. 2006) ............................23

*Coughlin v. Cal. Dep't of Corr. & Rehab.*, No. 2:08-CV-0272-GEB-JFM, 2010 WL 1689463 (Apr. 26, 2010) ................................24

*De Silva v. Hashemi*, NO H028520, 2005 WL 3466593 (Cal. Ct. App. Dec. 19, 2005)................................................................24

*Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) ....................10, 14, 17

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) ............................21

*Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews, Inc.*, 210 F. App'x 469 (6th Cir. 2006) ................................................................19

*Giebeler v. M & B Assocs.*, 343 F.3d 1143 (9th Cir. 2003) ...........................*passim*

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990)................................................................7, 9, 11

*Harding v. Orlando Apartments, LLC*, No. 6:11-cv-85-Orl-19DAB, 2011 WL 1457164 (M.D. Fla. Apr. 15, 2011) ................................19

*Harris v. Itzhaki*, 183 F.3d 1043 (9th Cir. 1999)................................................20, 21

- ii -

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)...........................................20

*Holley v. Crank*, 400 F.3d 667 (9th Cir. 2005)...........................................................23

*Hous. Rights Ctr. v. Sterling*, 404 F. Supp. 2d 1179 (C.D. Cal. 2004) ...................19

*In re Marquam Inv. Corp.*, 942 F.2d 1462 (9th Cir. 1991) .......................................8

*In re Wells Fargo Residential Mortgage Lending Discrimination Litig.*, No. M:08-CV-1930 MMC, 2010 WL 3037061 (N.D. Cal. July 30, 2010).........................................................................................23

*Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120 (C.D. Cal. 2001) ...............................................................................................................13, 23

*Jhaveri v. ADT Sec. Servs., Inc.*, 2:11-CV-4426-JHNMANx, 2012 WL 843315 (C.D. Cal. Mar. 6, 2012) ......................................................7

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) .................................................. 3, 7, 8

*Marina Point, Ltd. v. Wolfson*, 30 Cal. 3d 721 (1982)...........................................20

*Mark H. v. Hamamoto*, 620 F.3d 1090 (9th Cir. 2010).........................................16

*Mark H. v. Hamamoto*, CIV. NO. 00-00282 LEK-RLP, 2012 WL 299679 (D. Haw. Jan. 31, 2012) ...........................................16-17

*Martinez v. United States*, 812 F. Supp. 2d 1052 (C.D. Cal. 2010) .........................6

*Marton v. Lazy Day Prop. Owners Ass'n, Inc.*, No. 2:10-cv-117-FTM-29DNF, 2011 WL 1232375 (M.D. Fla. Mar. 30, 2011) .....................22

*Meyer v. Holley*, 537 U.S. 280 (2003)....................................................................23

*Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646 (9th Cir. 1988).........................3, 7, 8

*Neudecker v. Boisclair Corp.*, 351 F.3d 361 (8th Cir. 2003) ..................................22

*O'Connor v. Vill. Green Owners Ass'n*, 33 Cal. 3d 790 (1983) ............................20

*Patton v. Dumpson*, 498 F. Supp. 933 (S.D.N.Y. 1980) ........................................24

*Porter v. Jones*, 319 F.3d 483 (9th Cir. 2003)..........................................................4

*Puga v. One W. Bank*, CV-09-02501-PHX-NVW, 2010 WL 3715163 (D. Ariz. Sept. 14, 2010)................................................7

*Rodriguez v. Morgan*, CV 09-8939-GW, 2012 WL 253867 (C.D. Cal. Jan. 26, 2012)................................................................................20

*Ryan v. Ramsey*, 936 F. Supp. 417 (S.D. Tex. 1996) .............................................19

*Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003) ...........................13

*Shapiro v. Cadman Towers*, 51 F.3d 328 (2d Cir. 1995) ........................................17

- iii -

1  *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097 (9th Cir. 2004) ................ 19, 20

2  *Sofarelli v. Pinellas County*, 931 F.2d 718 (11th Cir. 1991).................................. 22

3  *Taylor v. Hous. Auth. of New Haven*, 267 F.R.D. 36 (D. Conn. 2010)................... 13

4  *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) ......................................... 16, 17

5  *United States v. Cal. Mobile Home Park Mgmt.*, 29 F.3d 1413
       (9th Cir. 1994) ........................................................................................ 17

6
   *United States v. Habersham Props., Inc.*, 319 F. Supp. 2d 1366
7       (N.D. Ga. 2003) ................................................................................. 23, 25

8  *United States v. Hayward*, 36 F.3d 832 (9th Cir. 1994)........................................ 22

9  *Violette v. Shoup*, 16 Cal. App. 4th 611 (1993)................................................... 24

10 *Walker v. City of Lakewood*, 272 F.3d 1114 (9th Cir. 2001) ........................... 21, 22

11 *Zimmerman v. City of Oakland*, 255 F.3d 734 (9th Cir. 2001) ......................... 6, 11

12 <u>Statues and Regulations</u>

13 24 C.F.R. § 8.22 .................................................................................... 10, 13, 18

14 24 C.F.R. § 8.24 ............................................................................................... 10

15 24 C.F.R. § 8.26 .................................................................................... 10, 13, 18

16 24 C.F.R. § 8.3 ................................................................................................ 12

17 24 C.F.R. § 8.33 ............................................................................................... 10

18 24 C.F.R. § 8.4 .............................................................................................. 9, 10

19 24 C.F.R. § 8.50 ............................................................................................... 12

20 24 C.F.R. § 92.252 ............................................................................................. 3

21 29 U.S.C. § 794 .......................................................................................*passim*

22 42 U.S.C. § 3604 ......................................................................................*passim*

23 42 U.S.C. § 3615 ............................................................................................... 22

24 42 U.S.C. § 3617 ...................................................................................... 5, 21, 22

25 Cal. Civ. Code § 51 ...................................................................................... 5, 18

26 Cal. Civ. Code § 54.1 .................................................................................... 5, 18

27 Cal. Civ. Code § 54.3 .................................................................................... 5, 18

28 Cal. Civ. Code § 2295 ....................................................................................... 24

Cal. Civ. Code § 2330 ............................................................................................24

Cal. Gov't Code § 12927 .................................................................................5, 18, 24

Cal. Gov't Code § 12955 ...........................................................................5, 18, 21, 24

Cal. Gov't Code § 12955.1 ......................................................................................21

Cal. Gov't Code § 12955.6 ......................................................................................25

Cal. Gov't Code § 12955.7 ...............................................................................5, 21, 22

Rules

Fed. R. Civ. P. 8(a)(2) ...............................................................................................6

Fed. R. Civ. P. 12(b)(6) .....................................................................................*passim*

Fed. R. Evid. 201(b)(2) .............................................................................................8

- v -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

## INTRODUCTION

In their Motions to Dismiss, Defendant Redrock NoHo Residential, LLC ("Redrock") and Legacy Partners Residential, Inc. ("Legacy") (collectively, "Defendants") ask the Court to dismiss all of the housing discrimination claims alleged against them in Plaintiff's Second Amended Complaint concerning her efforts to obtain accessible housing at The Lofts, relying entirely on factual allegations beyond the four corners of the Second Amended Complaint.[1]  Binding Ninth Circuit precedent forbids consideration of such allegations in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants have not otherwise shown that Plaintiff has failed to state facially plausible claims against them under the Rehabilitation Act, Fair Housing Act ("FHA"), California Fair Employment and Housing Act ("FEHA"), California Unruh Civil Rights Act ("Unruh Act"), and California Disabled Persons Act ("DPA"), based on their refusal to rent to Plaintiff and their refusal to make an exception to their  affordable housing program that is both reasonable and necessary to afford Plaintiff an equal housing opportunity compared to similarly situated persons without disabilities.

Plaintiff has also stated a plausible claim of unlawful interference with her exercise of fair housing rights protected under the FHA and FEHA. Defendant Legacy is not entitled to dismissal of these claims based on unsupported allegations about Plaintiff's conduct or general principles of state trespass law.  The Second Amended Complaint also alleges sufficient facts to show an agency relationship between Redrock and Legacy, which if proven at trial will support a finding of liability against Redrock for acts taken by

---

[1] In the interest of efficiency, Plaintiff submits this combined memorandum in opposition to the Motions to Dismiss filed by Legacy (Dkt. 84) and Redrock (Dkt. 85) because these Motions make identical arguments, based on the same factual predicate.

1    Legacy in the scope of its authority managing The Lofts.

2         Redrock and Legacy's Motions to Dismiss Plaintiff's housing

3    discrimination, reasonable accommodation, and retaliation claims should

4    therefore be denied.

5                **OVERVIEW OF FACTUAL ALLEGATIONS**

6         Plaintiff has a mobility impairment that restricts her to a wheelchair.

7    Second Amended Compl. (Dkt. 76, hereinafter "SAC") ¶¶ 26-27.  Because of

8    her physical disability, Plaintiff requires a dwelling unit that is wheelchair

9    accessible.  *Id.* ¶ 29.  Plaintiff is unable to work because of her disability.  *Id.*

10   ¶ 27.  Because she is unable to earn an income, Plaintiff subsists on a small

11   monthly stipend from the General Relief program of the County of Los

12   Angeles, and she cannot afford market-rate housing.  *Id.* ¶ 28.  Her housing

13   costs are paid for through a Housing Choice Voucher from the Housing

14   Authority of the City of Los Angeles.  *Id.* ¶ 31.  Plaintiff's current dwelling

15   unit, in The Piedmont development, is not fully accessible to her, and there are

16   no other units at The Piedmont that would be more accessible.  *Id.* ¶¶ 45-46.

17        The Lofts at NoHo Commons ("The Lofts") is a multi-family housing

18   development located at 11136 Chandler Boulevard, North Hollywood,

19   California.  The Lofts is located in the North Hollywood Redevelopment

20   Project area ("NoHo Project Area") of the Community Redevelopment

21   Agency of Los Angeles ("CRA").  *Id.* ¶ 18.  The NoHo Project Area was

22   developed as a transit-oriented village and is located along a public

23   transportation corridor.  *Id.* ¶ 38.  Because of its proximity to shops, grocery

24   stores, banks, a pharmacy, a U.S. Post Office, and other necessary services, it

25   is well situated for persons with mobility impairments like Plaintiff.  *Id.* ¶ 38.

26        The CRA allocated federal funding to The Lofts' developer.  *Id.* ¶ 49.

27   The U.S. Department of Housing and Urban Development ("HUD") has

28   confirmed that The Lofts has been supported with federal financial assistance

- 2 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1    in an exhaustive Compliance Review released in January 2012.  *Id.*; *see also*

2    Ex. A to Pl.'s Req. for Jud. Notice.[2]  This federal funding triggers obligations

3    under the Rehabilitation Act for The Lofts' owners and property managers,

4    and those obligations run with the land.  SAC ¶¶ 37, 49.  Redrock and Legacy

5    are therefore obliged to ensure that individuals with disabilities who require

6    government assistance in paying for housing are able to choose from dwelling

7    units in a sufficient range of sizes with a sufficient range of amenities to

8    ensure that accessible, affordable units are available to individuals such as

9    Plaintiff, and to ensure that qualified individuals like Plaintiff are not denied

10   housing on the basis of disability.  *Id.* ¶¶ 37, 61.[3]  In addition, pursuant to an

11   Agreement Containing Covenants Affecting Real Property with the CRA, 28

12   apartment units at The Lofts must be reserved for persons with very low, low,

13   or moderate income.  *Id.* ¶ 50.  Defendant Redrock has owned The Lofts since

14   January 2007.  *Id.* ¶ 49; Redrock Mem. at 1.  Defendant Legacy has managed

15   The Lofts since December 31, 2007.  SAC ¶ 21.

16       In November 2006, Plaintiff was placed on a waitlist for an affordable

17   unit at The Lofts, at Number 155.  *Id.* ¶ 51.  Plaintiff submitted an application

18   for tenancy at The Lofts in August 2007, when she learned from the Los

19   Angeles Housing Department that there were affordable units currently

20   available at The Lofts.  *Id.* ¶ 52.  In November 2007, The Lofts' managers

21   informed Plaintiff that she was Number 335 on the affordable unit waitlist, not

22   Number 155 as she had previously been told in November 2006.  *Id.* ¶ 53.  As

23   of February 2009, Plaintiff was told that she remained at Number 335 on the

24   _____

25   [2] Plaintiff seeks judicial notice of the contents of the HUD Compliance Report
     in a concurrently filed Request, consideration of which is proper on a motion
     to dismiss.  *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

26   The Compliance Report is also referred to in the Complaint, central to
     Plaintiff's claims relating to The Lofts, and of unquestionable authenticity.

27   *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).
     [3] For purposes of the this memorandum, the term "affordable" has the meaning

28   set forth in HUD's housing assistance regulations at 24 C.F.R. § 92.252.

- 3 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1   affordable housing waitlist.  *Id.* ¶ 55.

2   Throughout 2008 and 2009, Plaintiff made repeated inquiries about her

3   status on the waitlist for an affordable unit at The Lofts.  *Id.*  Affordable units

4   remained vacant and available at The Lofts at least through June 2008, and

5   others have become available since that time.  *Id.* ¶¶ 52, 77(b).  In December

6   2009, Plaintiff finally reached the top of The Lofts' affordable housing

7   waitlist.  *Id.* ¶ 59.  When Plaintiff was contacted by The Lofts' managers, she

8   requested that they accommodate her disability by making a unit with a

9   Pantages floor plan available to her under the affordable housing program.  *Id.*

10   A Pantages unit would meet more of Plaintiff's accessibility needs than her

11   current unit at The Piedmont.  *Id.* ¶ 60.[4]  The studio units included in the

12   affordable housing program, by contrast, do not have layouts that would allow

13   Plaintiff to make necessary accessibility modifications and would not provide

14   the necessary privacy for Plaintiff's caregiver.  *Id.* ¶¶ 29, 62, 68.  Defendants

15   have nonetheless refused Plaintiff's request for a reasonable accommodation

16   to its affordable housing program, which excludes Pantages units.  *Id.* ¶ 62.

17   Although Plaintiff satisfies any and all legitimate eligibility criteria for

18   tenancy at The Lofts, and although units have become available throughout the

19   relevant time period, Plaintiff has been denied tenancy at The Lofts through

20   the present time.  *Id.* ¶¶ 64, 77(b), 89.  Throughout the relevant time period,

21   Defendants Redrock and Legacy could have made an appropriate unit

22   available to Plaintiff but have failed to do so.  *Id.* ¶ 77(b).

23   These Defendants have furthermore failed to provide housing

24   opportunities to persons with disabilities in a sufficient range of sizes and with

25   

26   [4] Among other features, the bathroom designs of the Pantages units have
    enough floor space for Plaintiff to maneuver her wheelchair, access the
27   combined bath/shower fixture, and store the necessary assistive equipment for
    bathing; the bathroom design would also allow for the installation of grab bars
28   around the toilet area and other accessibility modifications.  *Id.* ¶ 60.

- 4 -

1   a sufficient range of amenities to ensure that Plaintiff is not denied an

2   opportunity to rent because of an absence of accessible, affordable units.  *Id.*

3   ¶¶ 61, 77(b).  In its Compliance Review, which studied The Lofts and other

4   housing developments in Los Angeles that were built with federal financial

5   assistance, HUD determined that all of the affordable units at the Lofts are

6   studio units, and that none of the one-bedroom units is included.  *Id.* ¶ 56.

7   HUD's compliance review furthermore concluded that *none* of the units

8   designated as accessible at The Lofts complies with the accessibility

9   requirements of Section 504.  *Id.* ¶ 57.[5]

10       In addition to the conduct described above relating to its management of

11   The Lofts, Defendant Legacy has engaged in acts to interfere with Plaintiff's

12   exercise and enjoyment of rights guaranteed under the FHA and FEHA at

13   another property, known as NoHo 14.  On two separate occasions, in October

14   and November 2009, Defendant Legacy called the police after Plaintiff

15   requested that she be provided with the status of her waitlist number, a copy of

16   the current waitlist, and the unit numbers of units with wheelchair accessibility

17   features, at NoHo 14.  *Id.* ¶ 71.

18       Plaintiff asserts claims against Redrock pursuant to 29 U.S.C. § 794; 42

19   U.S.C. § 3604(d) and (f)(1)-(3); California Government Code Section

20   12927(c)(1) and Section 12955(a) and (k); California Civil Code Section 51;

21   and California Civil Code Sections 54.1 and 54.3.  SAC ¶¶ 91-95, 97, 99, 101-

22   103.   She seeks relief from Legacy pursuant to 29 U.S.C. § 794; 42 U.S.C. §§

23   3604(d), (f)(1)-(3), and 3617; California Government Code Sections 12955(k),

24   12955.7, and 12927(c)(1); and California Civil Code Sections 51, 54.1, and

25   54.3.  SAC ¶¶ 91-96, 99-103.

26

27   [5] *See also* Ex. A to Request for Jud. Notice, App. 5 at 14-35 (describing
     widespread accessibility violations in the units that have been designated

28   accessible at The Lofts).

1 **LEGAL STANDARD**

2     Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a

3 pleading must contain "a short and plain statement of the claim showing that

4 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint satisfies

5 these "minimal notice pleading requirements," and thus survives a motion to

6 dismiss for failure to state a claim, so long as it "pleads factual content that

7 allows the court to draw the reasonable inference that the defendant is liable

8 for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

9 *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  In other words, to satisfy

10 Rule 8, the complaint must assert "enough facts to state a claim to relief that is

11 plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

12     "A claim has facial plausibility when the plaintiff pleads factual content

13 that allows the court to draw the reasonable inference that the defendant is

14 liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Thus, in ruling on

15 a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the

16 allegations in the complaint as true, construe the pleading in the light most

17 favorable to the plaintiff, and draw all reasonable inferences in favor of the

18 plaintiff. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001);

19 *Martinez v. United States*, 812 F. Supp. 2d 1052, 1057-58 (C.D. Cal. 2010).

20 **ARGUMENT**

21 **I.    The Court May Not Consider Defendants' Improper Allegations of**
**Facts Beyond the Four Corners of the SAC.**
22

23     Defendants' memoranda are replete with alleged facts beyond the four

24 corners of the SAC, none of which may be considered for purposes of their

25 Motions to Dismiss.

26     It is well settled that "[t]he scope of review on a Rule 12(b)(6) Motion is

27 limited to the four corners of the Complaint and to documents of which the

28 Court takes judicial notice." *Budway Enters., Inc. v. Fed. Ins. Co.*, EDCV 09-

- 6 -

1   448-VAP, 2009 WL 1014899, at *1 n.3 (C.D. Cal. Apr. 14, 2009) (citing *Hal*

2   *Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th

3   Cir. 1990)); *see also Jhaveri v. ADT Sec. Servs., Inc.*, 2:11-CV-4426, 2012

4   WL 843315, at *2 (C.D. Cal. Mar. 6, 2012) (same).  Thus, "facts outside the

5   record . . . cannot be considered on [a] motion to dismiss."  *Puga v. One W.*

6   *Bank*, CV-09-02501, 2010 WL 3715163, at *2 (D. Ariz. Sept. 14, 2010).

7        The Ninth Circuit recognizes two narrow exceptions to the rule against

8   considering facts beyond the complaint on a Rule 12(b)(6) motion to dismiss.

9   First, a court may consider documents outside the pleadings if they are

10   attached to the complaint or where the following three prerequisites are met:

11   "(1) the complaint refers to the document; (2) the document is central to the

12   plaintiff's claim; and (3) no party questions the authenticity of the copy

13   attached to the 12(b)(6) motion."  *Marder*, 450 F.3d  at 448.  Second, a court

14   "may take judicial notice of matters of public record outside the pleadings and

15   consider them for purposes of the motion to dismiss."  *Mir*, 844 F.2d at 649

16   (internal quotation marks omitted).  As shown below, Defendants' factual

17   allegations do not fall within either exception.

18        Defendants assert the following factual allegations as grounds for

19   dismissal of the claims against them: (1) The Lofts "has far more than just 5%

20   of its units 'readily accessible to and usable by' people with disabilities,"

21   Legacy Mem. at 10-11; Redrock Mem. at 10; (2) "*all* of [The Lofts']

22   individual apartments provide the same level of wheelchair accessibility" and

23   comply with the UFAS, the FHA, and the California Building Code, Legacy

24   Mem. at 10-12; Redrock Mem. at 10-12; (3) the monthly rental rate for the 28

25   affordable studio units is significantly less than the market rate rental for

26   Pantages units, Legacy Mem. at 12; Redrock Mem. at 11-12; (4) all studio

27   units at The Lofts are equally accessible, Legacy Mem. at 12-13; Redrock

28   Mem. at 12-13; (5) The Lofts' studio units are "better suited than the Pantages

- 7 -

*Ling v. City of Los Angeles et al., Case No. 2:11-cv-7774-SVW*
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1   unit to Plaintiff's accessible bathing needs," Legacy Mem. at 13 & n.9;

2   Redrock Mem. at 13 & n.9; (6) Legacy informed Plaintiff "of her non-existent

3   place on a non-existent waiting list" at NoHo 14, Legacy Mem. at 19; and (7)

4   Plaintiff harassed, interrogated, and badgered Legacy staff and "staked out"

5   the management office, Legacy Mem. at 18-20.

6        None of these allegations is contained in the SAC.  The only documents

7   submitted by Defendants that even remotely relate to these factual allegations

8   are the floor plans for the three types of studio units included in The Lofts

9   affordable housing program.  These documents may not be considered for

10  purposes of these motions to dismiss because they are not (1) referred to in the

11  SAC, (2) central to Plaintiff's claims, *and* (3) of unquestioned authenticity.

12  *Cf. Marder*, 450 F.3d at 448 (setting out three prerequisites to court's

13  consideration of matters outside the pleadings on a motion to dismiss).

14       Nor do the floor plans contain any judicially noticeable facts, the only

15  other exception to the rule against considering matters beyond the pleadings

16  on a Rule 12(b)(6) motion for dismissal.  *See Mir*, 844 F.2d at 649.

17  Defendants did not request judicial notice of any of the documents attached to

18  their Motions.  Even if they had, the floor plans do not contain any judicially

19  noticeable facts.  The Court may take judicial notice only of those facts that

20  "can be accurately and readily determined from sources whose accuracy

21  cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Here, Defendants

22  have made no showing of who created these floor plans or when; nor is there

23  any way to determine the accuracy of these documents, which presumably

24  were prepared by The Lofts' owners or management, who are parties to this

25  litigation with a vested interest in the outcome, and lack any indicia of

26  accuracy or reliability.  *See In re Marquam Inv. Corp.*, 942 F.2d 1462, 1467

27  (9th Cir. 1991) (denying request for judicial notice of "facts which are not

28  readily determinable by resort to unquestionable sources").

- 8 -

1    The Court therefore may not consider these Defendants' improper

2    factual allegations concerning matters outside the four corners of the SAC in

3    deciding their Motions to Dismiss. *Hal Roach Studios*, 896 F.2d at 1555 n.19;

4    *Budway Enters.*, 2009 WL 1014899, at *1 n.3.

5    **II.    Defendants Concede That They Are Bound by the Rehabilitation
          Act, and the SAC States Viable Claims Under this Statute.**

6

7         **A.    The Rehabilitation Act Prohibits the Denial of Housing and
                  Reasonable Accommodations because of a Tenant's
                  Disability.**

8

9    Section 504 of the Rehabilitation Act prohibits recipients of federal

10   financial assistance from engaging in conduct that, on the basis of disability,

11   excludes an otherwise qualified individual with a disability from participation

12   in, denies such person the benefits of, or subjects such person to

13   discrimination under any program or activity receiving federal financial

14   assistance. 29 U.S.C. § 794(a).

15   Pursuant to the statutory mandate in Section 504 that federal agencies

16   promulgate regulations to carry out the purposes of the Act, *see id.*, HUD has

17   published implementing regulations that govern programs and activities

18   relating to housing. *See* 24 C.F.R. Part 8. 24 C.F.R. § 8.4 provides additional

19   guidance on the strictures of Section 504 and elaborates that "in providing any

20   housing, aid, benefit, or service in a program or activity that receives Federal

21   financial assistance from [HUD]," a recipient may not, *inter alia*: "(i) Deny a

22   qualified individual with handicaps the opportunity to participate in, or benefit

23   from, the housing, aid, benefit, or service; (ii) Afford a qualified individual

24   with handicaps an opportunity to participate in, or benefit from, the housing,

25   aid, benefit, or service that is not equal to that afforded to others; [or] (iii)

26   Provide a qualified individual with handicaps with any housing, aid, benefit,

27   or service that is not as effective in affording the individual an equal

28   opportunity to obtain the same result, to gain the same benefit, or to reach the

- 9 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1    same level of achievement as that provided to others."  *Id.* § 8.4(b)(1)(i)-(iii).

2        Recipients are further obligated to make reasonable accommodations for

3    individuals with disabilities; modify housing policies and practices to ensure

4    that these policies do not discriminate on the basis of disability; and ensure

5    that dwelling units are available in a sufficient range of sizes and amenities to

6    ensure that persons with disabilities have a choice in living arrangements that

7    is comparable to that of other eligible persons.  24 C.F.R. §§ 8.24, 8.26, and

8    8.33.  Multi-family housing developments constructed after 1991 must

9    furthermore be "designed and constructed to be readily accessible to and

10   usable by individuals with handicaps," and have "a minimum of five percent

11   of the total dwelling units . . . be made accessible for persons with mobility

12   impairments."  24 C.F.R. § 8.22.

13       Defendants do not dispute that as owners and property managers of The

14   Lofts (and accepting as true Plaintiff's allegation of federal funding), they are

15   subject to the requirements of Section 504.  Legacy Mem. at 11 n.6, 14;

16   Redrock Mem. at 10 n.6, 14.  These Defendants instead contend that (1) they

17   have not denied Plaintiff housing because all of the units at The Lofts are

18   equally accessible, and (2) they have no obligation to accommodate Plaintiff's

19   disability by allowing her to rent a Pantages unit at an affordable rate.  As

20   shown next, both assertions fail to justify Rule 12(b)(6) dismissal.

21   **B.    The SAC Adequately Alleges that Defendants Have Denied
         Plaintiff Housing on the Basis of Disability.**
22

23       To establish a prima facie case of discrimination under the

24   Rehabilitation Act, a plaintiff must show that: (1) she has a disability; (2) she

25   was otherwise qualified for the benefit that has been denied; and (3) she was

26   denied the benefit by reason of this disability.  *Duvall v. County of Kitsap*, 260

27   F.3d 1124, 1135 (9th Cir. 2001).

28       The SAC states a plausible claim of housing discrimination against

- 10 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1   Redrock and Legacy under Section 504.  Plaintiff has a disability and is

2   otherwise qualified to rent a unit at The Lofts.  SAC ¶¶ 26-28, 88-89.

3   Defendants have denied Plaintiff the benefit of an opportunity to live at The

4   Lofts by refusing to provide her a unit that is both accessible and affordable.[6]

5   Because Plaintiff requires housing that is both accessible and affordable,

6   Defendants' conduct has thus resulted in the denial of housing, on grounds of

7   Plaintiff's disability.

8        Defendants appear to contend that they cannot be held liable for

9   denying Plaintiff an opportunity to rent a unit at The Lofts because all of the

10  units are purportedly equally accessible and in compliance with the Uniform

11  Federal Accessibility Standards (UFAS), 42 U.S.C. § 3604(f)(3)(C), and the

12  California Building Code and because they have purportedly provided a

13  sufficient number of wheelchair accessible units.  Legacy Mem. at 4-10;

14  Redrock Mem. at 4-10.  These contentions provide no basis for dismissing

15  Plaintiff's denial-of-housing claim pursuant to Rule 12(b)(6).

16       First and foremost, Defendants' factual assertions about the purported

17  accessibility of dwelling units at The Lofts may not be considered at this stage,

18  because they are outside the SAC.  *Hal Roach Studios*, 896 F.2d at 1555 n.19;

19  *Budway Enters.*, 2009 WL 1014899, at *1 n.3.  The SAC alleges that the

20  studio units at The Lofts are *not* accessible to her.  SAC ¶ 62; *see also* Ex. A to

21  Request for Jud. Notice 1, App. 5 at 14-35 (describing extensive accessibility

22  violations in the studio units within The Lofts' affordable housing program).

23  The Court must accept these allegations as true and draw all reasonable

24  inferences in Plaintiff's favor for purposes of these Motions to Dismiss.

25  *Zimmerman*, 255 F.3d at 737.  It cannot base dismissal on Defendants'

26  ────────────────────

[6] As alleged in the SAC, Plaintiff has sought to rent an affordable, accessible
27  unit at The Lofts since 2007 continuing through the present; affordable,
    accessible units have been available during this time period; and Defendants
28  have not made a unit at The Lofts available to her.  SAC ¶¶ 62, 64, 77(b), 89.

- 11 -

1  contrary factual assertions.[7]  The Court's sole task is to discern whether the
2  SAC contains sufficient factual allegations to state a claim for relief that is
3  plausible on its face.  As shown above, it does.

4        Even if the Court could rely on Defendants' allegations concerning the
5  accessibility of units at The Lofts, and it cannot under binding Ninth Circuit
6  law, those allegations would not justify dismissal of Plaintiff's claim that they
7  have unlawfully denied her housing because of her disability.  Defendants do
8  not dispute that they have never offered Plaintiff housing that meets her needs;
9  that they are aware of her disability; and that appropriate units have become
10  available at The Lofts throughout the time period during which Plaintiff has
11  sought housing at this development.  Thus, even if it were true, and the Court
12  could properly consider, that all of The Lofts' units are purportedly accessible
13  to wheelchair users like Plaintiff, that would not establish that Plaintiff has not
14  been denied housing because of her disability.[8]

15        Defendants' related contention that they have no obligation to provide a
16  sufficient number of wheelchair-accessible units because they are assignees of
17  the original developer (*see* Legacy Mem. at 4; Redrock Mem. at 4) is both
18  incorrect and immaterial.  First, the obligation to provide accessible units and
19  comply with other Section 504 regulations attaches not only to a housing
20  developer or original owner who received triggering federal funding but also
21  to successors, assignees, and transferees.  *See* 24 C.F.R. § 8.3 (defining
22  "recipient"), § 8.50.

23

24  [7] As shown above in Part I, Defendants have not supported these allegations
     with materials that are judicially noticeable or in attachments that are referred
25  to in the Complaint, central to Plaintiff's claims, and of uncontested accuracy.
     [8] These Defendants furthermore misconstrue Plaintiff's claim in asserting that
26  they are not obligated to provide a barrier-free shower.  Plaintiff does not so
     contend.  Instead, she alleges that the floor plan of the Pantages units is
27  sufficiently adaptable for her to install portable accessibility equipment that
     would make the bathroom accessible to her, whereas the affordable studio
28  units are not.  SAC ¶¶ 60, 62.

1    Defendants' argument is moreover immaterial because Plaintiff does not

2    seek to enforce the requirements of 24 C.F.R. § 8.22 against these Defendants;

3    nor has she even alleged that The Lofts lacks a sufficient number of accessible

4    units.  24 C.F.R. § 8.22 and the other Section 504 implementing regulations

5    promulgated by HUD provide the agency's interpretation of the scope of a

6    recipient's obligations under the Act and are therefore persuasive authority

7    that Section 504 requires that such units be present at The Lofts.  *See, e.g.*,

8    *Save Our Valley v. Sound Transit*, 335 F.3d 932, 943-44 (9th Cir. 2003) ("As

9    an agency interpretation of a statute, a regulation may be relevant in

10   determining the scope of the right conferred by Congress."); *Taylor v. Hous.*

11   *Auth. of New Haven*, 267 F.R.D. 36, 47 (D. Conn. 2010) (holding that HUD's

12   Section 504 regulations provide probative interpretations of the scope

13   obligations imposed by the statute); *Inland Mediation Bd. v. City of Pomona*,

14   158 F. Supp. 2d 1120, 1144-46 (C.D. Cal. 2001) (relying on HUD regulations

15   to interpret scope of conduct prohibited under the FHA).  The basis of

16   Plaintiff's denial of housing claim, however—under the Rehabilitation Act as

17   well as the FHA and corresponding state laws, *see infra* Part III—is that

18   Redrock and Legacy have not made available *to her* a unit that she can use and

19   enjoy on equal terms to similarly situated persons without disabilities.  This

20   claim does not depend on the enforceability of 24 C.F.R. §§ 8.22 and 8.26 or

21   Defendants' compliance therewith, but instead rests alone and on top of the

22   HUD-enforced obligations set forth in these regulations.

23   **C.    The SAC Adequately Alleges that Defendants Have Denied**
         **Plaintiff's Requested Reasonable Accommodation to their**
24       **Affordable Housing Policy.**

25        To establish a claim for the denial of a reasonable accommodation, a

26   plaintiff must show that: (1) she has a disability; (2) defendants knew or

27   reasonably should have known of the disability; (3) accommodation of the

28   disability "may be necessary" to afford plaintiff an equal opportunity to use

- 13 -

1   and enjoy the dwelling; and (4) defendants refused to make such

2   accommodation.  *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir.

3   2003).[9]

4        The SAC alleges sufficient facts to state a reasonable accommodation

5   claim against Redrock and Legacy under the Rehabilitation Act.  With respect

6   to the first and second elements, Plaintiff is disabled (*see supra* Part II.B), and

7   Defendants knew or reasonably should have known of Plaintiff's disability:

8   Plaintiff made in-person visits to The Lofts to ask about the status of her

9   applications, and she directly communicated her disability to The Lofts'

10  ownership and management in December 2009 when she requested a

11  reasonable accommodation to its policy of restricting the affordable housing

12  program to studio units.  SAC ¶¶ 55, 59; *see also Duvall*, 260 F.3d at 1139

13  (notice element satisfied where "the plaintiff has alerted the public entity to his

14  need for accommodation (or where the need for accommodation is obvious, or

15  required by statute or regulation)").  Defendants do not contest that these two

16  elements are met.

17       Defendants do not address the third element, which is whether the

18  requested accommodation "may be necessary" to afford Plaintiff an equal

19  opportunity for tenancy at The Lofts.[10]  *See Giebeler*, 343 F.3d at 1147.  As

20  _____

    [9] In *Giebeler* the Court addressed a reasonable accommodation claim under

21  the FHA.  An identical analysis applies to a reasonable accommodation claim
    under the Rehabilitation Act, with the additional requirement that the

22  defendant be involved in administering a program or activity funded in part by
    federal financial assistance.  *See id.* at 1149 (stating that elements of

23  reasonable accommodation analysis under the FHA are "borrowed from the
    case law interpreting the Rehabilitation Act" (internal quotation marks

24  omitted)).
    [10] Defendants do assert, incorrectly, that Plaintiff has not alleged that the

25  studio units in The Lofts affordable housing program lack the same level of
    accessibility as the Pantages units.  Legacy Mem. at 13; Redrock Mem. at 13.

26  The SAC explicitly alleges that the studio units do not meet Plaintiff's
    accessibility needs and that a Pantages unit would meet more of her

27  accessibility needs because, *inter alia*, she could make modifications to the
    bathroom and provide sufficient privacy for her caregiver.  SAC ¶¶ 29, 59-60,

28  62, 68.

- 14 -

1   the Ninth Circuit made clear in *Giebeler*, a necessary accommodation may in

2   some circumstances "include the obligation to alter policies that can be

3   barriers to nondisabled persons as well. . . . [R]easonable accommodations can

4   function to adjust for special needs that flow from the inability of disabled

5   residents to meet otherwise applicable financial requirements." *Id.* at 1151.

6       An accommodation is "necessary" if the plaintiff would otherwise be

7   denied an equal opportunity to enjoy housing, or in other words if there is a

8   "causal link between defendants' policy and the plaintiffs' injury." *Id.* at

9   1155.   In *Giebeler*, the court held that the requested accommodation, an

10  exception to the apartment owner's financial qualifications policy, was

11  necessary because the plaintiff's disability prevented him from being

12  financially self-sufficient.   *Id.* at 1150-55, 1158.   The court found that an

13  adjustment to the owner's "method of judging financial responsibility would

14  aid [the plaintiff] in obtaining an apartment he could otherwise not inhabit

15  because of his disability" would provide an equal opportunity that the plaintiff

16  would otherwise be denied because of the causal connection between his

17  poverty and his disability.   *Id.*

18      Similarly here, the requested accommodation to The Lofts' affordable

19  housing policy is necessary to provide Plaintiff with an equal opportunity for

20  tenancy compared to otherwise similarly situated applicants for affordable

21  housing at The Lofts who do not have a disability.   Without the requested

22  accommodation, Plaintiff cannot participate in the affordable housing program

23  that is available to other applicants without disabilities because (1) the

24  affordable studios are not accessible to Plaintiff, *see* SAC ¶¶ 15, 26-27, 29, 62,

25  and (2) as in *Giebeler*, Plaintiff's disability prevents her from maintaining a

26  job and earning an income that would otherwise allow her to pay for a market-

27  rate Pantages unit, *id.* ¶¶ 26-29.   The SAC thus alleges a sufficient causal link

28  between her disability and the need for the requested accommodation in order

1   to enjoy an equal opportunity to participate in The Lofts' affordable housing

2   program.  *See Giebeler*, 343 F.3d at 1147, 1155; *see also* Dkt. 69 at 10-11

3   (finding that Plaintiff alleged adequate facts to show a causal link); *Bentley v.*

4   *Peace & Quiet Realty 2 LLC*, 367 F. Supp. 2d 341, 346-47 (E.D.N.Y. 2005)

5   (holding that plaintiff's requested accommodation to move to more expensive

6   unit while continuing to pay current monthly rate was necessary to afford

7   plaintiff the opportunity to use and enjoy her dwelling, where the reason for

8   the requested transfer was directly related to her handicap).

9        Defendants do contest the fourth element, which asks whether the

10  requested accommodation is reasonable.  "An accommodation is reasonable if

11  it is 'reasonable on its face, *i.e.*, ordinarily or in the run of cases.'"  *Mark H. v.*

12  *Hamamoto*, 620 F.3d 1090, 1098 (9th Cir. 2010) (quoting *U.S. Airways, Inc. v.*

13  *Barnett*, 535 U.S. 391, 402 (2002)).  An unreasonable accommodation is one

14  that would impose an undue hardship or would make fundamental or

15  substantial alterations to the defendant's program.  *Giebeler*, 343 F.3d at 1155;

16  *Mark H.*, 620 F.3d at 1098.  The reasonableness of a requested

17  accommodation is a fact-specific inquiry dependent on the circumstances of

18  each case and is therefore not an appropriate basis for Rule 12(b)(6) dismissal.

19  *See, e.g.*, *Giebeler*, 343 F.3d at 1156 (describing burden-shifting analysis and

20  holding that even "[i]f the plaintiff cannot make the initial showing that the

21  requested accommodation is reasonable in the run of cases, he 'nonetheless

22  remains free to show that special circumstances warrant a finding that . . . the

23  requested "accommodation" is "reasonable" on the particular facts.' . . .

24  [C]ase-specific circumstances may make it reasonable for certain defendants

25  to make accommodations even where such accommodations are not

26  reasonable in most cases."  (quoting *Barnett*, 535 U.S. at 405)); *see also Mark*

27  *H. v. Hamamoto*, CIV. NO. 00-00282 LEK-RLP, 2012 WL 299679, at *10 (D.

28  Haw. Jan. 31, 2012) (holding that reasonableness is fact-specific and that a

- 16 -

1  defendant's "'mere speculation that a suggested accommodation is not feasible

2  falls short of the reasonable accommodation requirement'" (alteration omitted,

3  quoting *Duvall*, 260 F.3d at 1139)).

4       Here, Defendants appear to contend that the requested accommodation,

5  allowing Plaintiff to rent a Pantages unit at an affordable rate, is not

6  reasonable because Pantages units are more expensive.  There is nothing in the

7  pleadings showing the difference in the rental rates, however, and nothing

8  suggesting that the renting of one Pantages unit to Plaintiff at an affordable

9  rate would cause undue hardship to either Redrock or Legacy or result in a

10 fundamental alteration of their affordable housing program.  It is moreover

11 well settled that housing providers may be required to incur reasonable costs

12 to accommodate a plaintiff's disability:  "[T]he history of the FHAA clearly

13 establishes that Congress anticipated that landlords would have to shoulder

14 certain costs."  *United States v. Cal. Mobile Home Park Mgmt.*, 29 F.3d 1413,

15 1416 (9th Cir. 1994); *see also Shapiro v. Cadman Towers*, 51 F.3d 328, 334-

16 35 (2d Cir. 1995) ("[R]easonable accommodation under section 504 can and

17 often will involve some costs" to housing providers (internal quotation marks

18 omitted)).  Because the SAC pleads facts plausibly suggesting that the

19 requested accommodation is reasonable, dismissal would not be appropriate.

20 *Cf. Bentley*, 367 F. Supp. 2d at 348-49 (holding that fact disputes concerning

21 reasonableness of plaintiff's request to transfer to more accessible unit while

22 paying lower rate precluded Rule 12 dismissal).  The parties will be able to

23 argue their respective positions on the reasonableness of Plaintiff's requested

24 accommodation after discovery and with the benefit of a full record.

25      Defendants further challenge Plaintiff's reasonable accommodations

26 claim by asserting that that they have no obligation to ensure a reasonable

27 distribution of affordable units, Legacy Mem. at 10-13; Redrock Mem. at 10-

28 13.  This argument misstates the theory of Plaintiff's reasonable

- 17 -

1   accommodation claim.  Whereas 24 C.F.R. § 8.26 obliges Redrock and

2   Legacy to provide accessible units "in a sufficient range of sizes and amenities

3   so that a qualified individual with handicaps' choice of living arrangements is,

4   as a whole, comparable to that of other persons eligible for housing assistance

5   under the same program," Plaintiff does not assert an independent cause of

6   action to enforce § 8.26.  Instead, as with § 8.22 discussed *supra*, § 8.26 is

7   HUD's persuasive interpretation of the scope of a recipient's obligations under

8   Section 504 and is therefore highly instructive to the reasonableness analysis

9   here.  HUD's definitive construction of Section 504 provides that recipients

10  like Redrock and Legacy have a duty to ensure that the housing programs they

11  administer provide a sufficient range of housing choices so as not to exclude

12  otherwise qualified individuals with disabilities; these Defendants cannot

13  satisfy their statutory duty by refusing to make exceptions to their affordable

14  housing program, which is currently restricted to inaccessible studio units.

15  **III.**   **Plaintiff Has Stated Viable Housing Discrimination and Reasonable Accommodation Claims under the FHA, FEHA, the Unruh Act, and the DPA.**

16

17       For the reasons set forth above in Part II, Plaintiff has also stated viable

18  claims under the FHA, 42 U.S.C. § 3604(f)(1)-(3); FEHA, Cal. Gov't Code §§

19  12927(c)(1) and 12955; the Unruh Act, Cal. Civ. Code § 51; and the DPA,

20  Cal. Civ. Code §§ 54.1 and 54.3.  The appropriate analysis under each of these

21  statutes is virtually identical to the analysis under the Rehabilitation Act, so

22  Plaintiff will abbreviate her opposition with respect to Defendants' Motions to

23  Dismiss.  With respect to all of the following claims, Plaintiff incorporates her

24  previously stated objections to Defendants' reliance on material outside the

25  pleadings and which is not properly subject to judicial notice.

26       Plaintiff's Third, Fourth and Fifth Claims for Relief under the FHA

27  mirror her claims for denial of housing and refusal to accommodate as shown

28  above with respect to the Rehabilitation Act.  The FHA prohibits the refusal to

- 18 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1    rent because of disability, which includes a failure to make accessible housing

2    available.[11]  It also prohibits a refusal to provide a prospective tenant with a

3    disability the same terms and conditions of rental as are offered to non-

4    disabled individuals.[12]  The SAC thus alleges adequate claims under §

5    3604(f)(1) and (2) against these Defendants.  *See, e.g.*, *Giebeler*, 343 F.3d at

6    1144; *Ryan v. Ramsey*, 936 F. Supp. 417, 420-21 (S.D. Tex. 1996) (both

7    holding that a refusal to rent on the basis of disability would violate §

8    3604(f)).

9          The FHA similarly requires housing providers to make reasonable

10   accommodations.  *See Geibeler*, 343 F.3d at 1149; 42 U.S.C. § 3604(f)(3)(B).

11         Plaintiff's Seventh, Ninth, Eleventh, Twelfth and Thirteenth Claims for

12   Relief brought, respectively, under FEHA, the Unruh Act, and the DPA,

13   encompass similar conduct to the Rehabilitation Act and the FHA in

14   prohibiting housing discrimination, including a refusal to make housing

15   available on the basis of disability and the denial of reasonable

16   accommodations.  *See, e.g.*, *Hous. Rights Ctr. v. Sterling*, 404 F. Supp. 2d

17   1179, 1194 (C.D. Cal. 2004) (holding that FEHA and the Unruh Act prohibit

18   even broader scope of conduct than the FHA such that a viable FHA claim

19   will also satisfy these statutes); *Rodriguez v. Morgan*, CV 09-8939-GW, 2012

20   WL 253867, at *5 (C.D. Cal. Jan. 26, 2012) (applying elements of a §

21   3604(f)(3)(B) claim as articulated in *Giebeler* to claims for reasonable

22   accommodation under FEHA and the DPA); *Auburn Woods I Homeowners*

23

24   _____
     [11] 42 U.S.C. §3604(f)(1); *Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews,*
     *Inc.*, 210 F. App'x 469, 481 (6th Cir. 2006); *Harding v. Orlando Apartments,*
25   *LLC*, No. 6:11-cv-85-Orl-19DAB, 2011 WL 1457164, at *5 (M.D. Fla. Apr.
     15, 2011) (holding that "alleged deficiencies [that] render housing . . .
26   inaccessible" also render housing "'unavailable' to Plaintiff because of his
     handicap in violation of Section 3604(f)(1)").
27   [12] 42 U.S.C. §3604(f)(2); *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097,
     1103 (9th Cir. 2004) (noting that parallel prohibition in § 3604(b) is violated
28   by a refusal to rent); *Amone v. Aveiro*, 226 F.R.D. 677, 680 (D. Haw. 2005).

- 19 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1   *Ass'n v. Fair Employment & Hous. Comm'n*, 121 Cal. App. 4th 1578, 1591

2   (2004) ("[T]he FHA provides a minimum level of protection that FEHA may

3   exceed."); *O'Connor v. Vill. Green Owners Ass'n*, 33 Cal. 3d 790, 796 (1983)

4   (similar, for the Unruh Act); *Marina Point, Ltd. v. Wolfson*, 30 Cal. 3d 721,

5   730 (1982) (similar, for the DPA).

6   **IV.    The SAC Sufficiently Alleges a Claim under § 3604(d) Based on Redrock and Legacy's Misrepresentations about the Availability of Housing at The Lofts.**

7

8          Section 804(d) of the FHA prohibits the act of "represent[ing] to any

9   person because of . . . handicap . . . that any dwelling is not available for

10  inspection, sale, or rental when such dwelling is in fact so available."  42

11  U.S.C. § 3604(d).  The Supreme Court instructed long ago that this provision

12  "establishes an enforceable right to truthful information concerning the

13  availability of housing."  *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373

14  (1982); *see also Smith*, 358 F.3d at 1102-03 (discussing the scope of §

15  3604(d)'s protections against misrepresentations on the basis of disability);

16  *Harris v. Itzhaki*, 183 F.3d 1043, 1052-53 (9th Cir. 1999).

17         The SAC alleges that after Plaintiff submitted an application to The

18  Lofts (in August 2007), units in The Lofts' affordable housing program

19  remained available through at least June 2008, SAC ¶ 52; that other units have

20  continued to become available through the present time, *id.* ¶ 77(b); and that

21  Plaintiff made repeated inquiries about her status on the waitlist but that The

22  Lofts' owners and/or managers continued to inform Plaintiff that no units were

23  available and that she remained at Number 335 on the affordable housing

24  waitlist, *id.* ¶ 55.  The SAC further alleges that Defendants, including Redrock

25  and Legacy, "could have made available to Plaintiff, at an affordable rent, an

26  apartment unit that would be accessible to Plaintiff and/or which could be

27  made accessible at minimal expense, at [each of the subject properties]."  *Id.* ¶

28  90.  The SAC therefore alleges that accessible units and/or units that could

- 20 -

1    have been made accessible became available at The Lofts since 2007 and that

2    these Defendants nonetheless continued to inform Plaintiff that no units were

3    available to her, because of her disability.  The SAC thus states a plausible

4    claim for relief under § 3604(d) against Redrock and Legacy.  *Harris*, 183

5    F.3d at 1052-53.

6    **V.  The SAC States Plausible Retaliation Claims Against Legacy Under
the FHA and FEHA.**

7

8        Plaintiff has stated a plausible claim for relief under Section 818 of the

9    FHA and FEHA Section 12955.7.  Both statutes make it "unlawful to coerce,

10   intimidate, threaten, or interfere with any person in the exercise or enjoyment

11   of, or on account of his having exercised or enjoyed, or on account of his

12   having aided or encouraged any other person in the exercise or enjoyment of,

13   any right granted or protected by section 3603, 3604, 3605, or 3606 of this

14   title."  42 U.S.C. § 3617; Cal. Gov't Code § 12955.7 (establishing verbatim

15   prohibition against interference with the exercise of rights guaranteed by

16   Sections 12955 and 12955.1).  The two provisions are construed and applied

17   in the same way.  *Walker v. City of Lakewood*, 272 F.3d 1114, 1125-26 (9th

18   Cir. 2001).  To prevail on a claim under 42 U.S.C. § 3617 or California

19   Government Code Section 12955.7, a plaintiff need not prove an underlying

20   housing discrimination claim.  *See Edwards v. Marin Park, Inc.*, 356 F.3d

21   1058, 1063 (9th Cir. 2004) (holding that a claim under § 3604 was not a

22   prerequisite to state a claim under § 3617); *Walker*, 272 F.3d at 1125 (same,

23   for FEHA).  The required showings are that the plaintiff engaged in protected

24   activity; the defendant engaged in an adverse action against the plaintiff; and

25   that a causal link connects the two.  *Walker*, 272 F.3d at 1125.

26        Plaintiff has alleged sufficient facts to state a viable claim against

27   Legacy under 42 U.S.C. § 3617 and California Government Code Section

28   12955.7.  As the Ninth Circuit held in *Walker*, § 3617 applies broadly "'to

- 21 -

1   reach all practices which have the effect of interfering with the exercise of

2   rights under the federal fair housing laws.'"  272 F.3d at 1129 (quoting *United*

3   *States v. Hayward*, 36 F.3d 832, 835 (9th Cir. 1994)).  Plaintiff's inquiries into

4   the status of her tenancy application was protected FHA activity, and a

5   reasonable jury could easily conclude that promptly calling the police in

6   response to a prospective tenant's mere inquiry into the status of her

7   application constitutes an adverse action intended to intimidate Plaintiff.

8   Addressing an analogous fact pattern in *Marton v. Lazy Day Property Owners*

9   *Association, Inc.*, No. 2:10-cv-117-FTM-29DNF, 2011 WL 1232375 (M.D.

10  Fla. Mar. 30, 2011), the district court held that the plaintiff stated a viable

11  claim under § 3617 where she alleged that the property owners' association

12  threatened to call law enforcement if her daughter continued to visit plaintiff

13  on the premises.  *Id.* at *2, *5; *see also Sofarelli v. Pinellas County*, 931 F.2d

14  718, 721-22 (11th Cir. 1991) (neighbors' calling police supported § 3617

15  claim); *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 364 (8th Cir. 2003)

16  (plaintiff stated valid claim under § 3617 where property manager threatened

17  to evict her for making complaints).

18       Legacy's only argument against § 3617 liability is based on factual

19  assertions beyond the pleadings concerning Plaintiff's alleged conduct in

20  visiting NoHo 14, which the Court may not consider.  *See supra* Part I.  To the

21  extent that Legacy asserts that its conduct in calling the police to have Plaintiff

22  removed from the NoHo 14 premises was authorized under state property law

23  (*see* Legacy Mem. at 18), that provides no justification for conduct intended to

24  intimidate and interfere with Plaintiff's exercise of federally protected rights.

25  A defendant may not defeat liability under the FHA in reliance on conflicting

26  state law.  *See* 42 U.S.C. § 3615 ("[A]ny law of a State, a political subdivision,

27  or other such jurisdiction that purports to require or permit any action that

28  would be a discriminatory housing practice under this subchapter shall to that

- 22 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1  extent be invalid.").  The FHA does not authorize managers or owners of

2  private property to restrict access to their properties for reasons that are

3  discriminatory or intended to interfere with the exercise of rights protected

4  under the Act.

5  **VI.   Defendant Redrock Is Vicariously Liable for Discriminatory Housing Practices by its Agents.**

6

7      Redrock may be held liable not only for its own acts and omissions but

8  also for those of the companies it assigned to manage The Lofts.

9      "'[T]raditional rules of vicarious liability apply' to violations of [the]

10  FHA." *In re Wells Fargo Residential Mortgage Lending Discrimination*

11  *Litig.*, No. M:08-CV-1930 MMC, 2010 WL 3037061, at *3 (N.D. Cal. July

12  30, 2010) (quoting *Holley v. Crank*, 400 F.3d 667, 670-74 (9th Cir. 2005)); *see*

13  *also United States v. Habersham Props., Inc.*, 319 F. Supp. 2d 1366, 1375

14  (N.D. Ga. 2003) (citing *Meyer v. Holley*, 537 U.S. 280 (2003)).  Under

15  traditional vicarious liability rules, a principal may be held vicariously liable

16  for the acts of its agents in the scope of their authority.  *Meyer*, 537 U.S. at

17  285-89.[13]  Thus, the owner of an apartment building may be held vicariously

18  liable under the FHA for the conduct of a management company hired by the

19  owner to manage the property.[14]  The Ninth Circuit has also applied the

20  ────────────
[13] Federal common law determines whether an agency relationship exists for
21  purposes of vicarious liability under the FHA.  *Inland Mediation Bd.*, 158 F.
Supp. 2d at 1139-40.  Under federal law, an actual agency relationship exists
22  where "(a) a principal manifests to another that the other has the authority to
act on the principal's behalf and subject to the principal's control; and (b) the
other, or agent, consents to act on his principal's behalf and subject to the
23  principal's control." *Id.* at 1140 (citing Restatement (Second) of Agency
(1958)).  "[A]n apparent agency exists only to the extent that a third party
24  reasonably believes the relationship to exist." *Id.*

25  [14] *See, e.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522-23 (2d Cir. 2006)
(reversing grant of judgment on the pleadings where plaintiffs adequately
26  alleged landlord's vicarious liability for discriminatory acts by its property
manager); *Habersham Props.*, 319 F. Supp. 2d at 1375-76 (holding that
27  apartment owner could be held vicariously liable for FHA violations
committed by its property management company); *Boswell v. Gumbaytay*, No.
28  2:07-CV-135-WKW, 2009 WL 1515872, at *3-*4 (M.D. Ala. June 1, 2009).

- 23 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1    vicarious liability doctrine to the Rehabilitation Act.  *See Bonner v. Lewis*, 857

2    F.2d 559, 566-67 (9th Cir. 1988) (and observing that "the regulatory scheme

3    which implements § 504 relies heavily upon the idea of vicarious liability"

4    (citing *Patton v. Dumpson*, 498 F. Supp. 933, 942 (S.D.N.Y. 1980))).

5          California law similarly provides for vicarious liability.  California Civil

6    Code Section 2330 provides that "[a]n agent represents his principal for all

7    purposes within the scope of his actual or ostensible authority, and all the

8    rights and liabilities which would accrue to the agent from transactions within

9    such limit, if they had been entered into on his own account, accrue to the

10    principal."[15]  Thus, Redrock may be held liable under FEHA, the Unruh Act,

11    and the DPA for violations of these laws committed by its agents within the

12    scope of their authority.  *See, e.g.*, *Coughlin v. Cal. Dep't of Corr. & Rehab.*,

13    No. 2:08-CV-0272-GEB-JFM, 2010 WL 1689463, at *6-*8 (Apr. 26, 2010);

14    *De Silva v. Hashemi*, NO H028520, 2005 WL 3466593, at *5 (Cal. Ct. App.

15    Dec. 19, 2005 (unreported) (recognizing that a defendant may be held liable

16    under FEHA and the Unruh Act for discriminatory acts of its agents); *Chew v.*

17    *Hybl*, No. C96-03459 CW, 1997 WL 33644581, at *13 (N.D. Cal. Dec. 9,

18    1997) (similar).  In addition to the general agency liability provision of the

19    California Civil Code, FEHA's housing provisions explicitly provide that the

20    "owner of any housing accommodation" is liable for the acts of its "managing

21    agent[s]."  Cal. Gov't Code §§ 12927(e), 12955(a).  The term "managing

22    agent" in Section 12927(e) must be construed to impose liability under FEHA

23

24

25

26

27

28

---

[15] California agency law comports with traditional vicarious liability principles under federal law.  California law defines an agent as "one who represents another, called the principal, in dealings with third persons."  Cal. Civ. Code § 2295.  California law recognizes both express and implied agency relationships.  *Borders Online v. State Bd. of Equalization*, 129 Cal. App. 4th 1179, 1190-91 (2005).  "The significant test of an agency relationship is the principal's right to control the activities of the agent.  It is not essential that the right of control be exercised or that there be actual supervision of the work of the agent; the existence of the right establishes the relationship."  *Violette v. Shoup*, 16 Cal. App. 4th 611, 620 (1993) (internal citations omitted).

- 24 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to Legacy Partners Residential, Inc. and Redrock NoHo Residential, LLC's Mots. to Dismiss

1    to the same extent as under the FHA.  *Chew*, 1997 WL 33644581, at *16

2    (citing Cal. Gov't Code § 12955.6 and holding that defendants were

3    vicariously liable under the FHA and FEHA for the acts of their agent).

4         The SAC adequately alleges an agency relationship that would support a

5    finding of liability against Redrock on the basis of wrongful acts by its agents

6    Defendant Legacy and its employees within the scope of its authority to

7    manage The Lofts.  *Habersham*, 319 F. Supp. 2d at 1375.  Paragraph 85 of the

8    SAC alleges that "Defendant Legacy Partners and its agents/officers, have

9    been acting and will continue to act (a) with the consent of, (b) under the

10   control and supervision of, and/or (c) within their authority as agents of

11   Defendant Redrock NoHo."  These allegations, if proven, will establish an

12   agency relationship and the imposition of liability on Redrock NoHo for

13   violations of the FHA, FEHA, the Unruh Act, and the DPA based on the

14   alleged acts of Defendant Legacy in the scope of its management of The Lofts

15   as well as those of the former management company based on its conduct

16   managing The Lofts on behalf of Redrock before December 31, 2007.

17                              **CONCLUSION**

18        For the foregoing reasons, Plaintiff respectfully requests that the Court

19   deny the pending Motions to Dismiss by Redrock and Legacy and that it order

20   these Defendants to file their responsive pleadings forthwith.  In the

21   alternative, Plaintiff respectfully seeks leave to amend.

22

23

24

25

26

27

28

1    Dated:  June 5, 2012

2    Respectfully submitted,

3    /s/ Jamie L. Crook
     Jamie L. Crook
4    on behalf of counsel for Plaintiff

5    Michael Allen (admitted to appear *pro hac vice*)
     *mallen@relmanlaw.com*
6    D. Scott Chang (SBN 146403)
     *schang@relmanlaw.com*
7    Jamie L. Crook (SBN 245757)
     *jcrook@relmanlaw.com*
8    **RELMAN, DANE & COLFAX PLLC**
     1225 19th Street, NW, Suite 600
9    Washington, DC 20036
     Telephone: (202) 728-1888
10   Facsimile: (202) 728-0848

11   David Geffen (SBN 129342)
     *geffenlaw@aol.com*
12   **DAVID GEFFEN LAW**
     530 Wilshire Boulevard, Suite 205
13   Santa Monica, CA 90401
     Telephone: (310) 434-1111
14   Facsimile: (310) 434-1115

15   *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**
**CENTRAL DISTRICT OF CALIFORNIA**

2

3         I hereby certify that on this 5th day of June, 2012, I filed the foregoing
Plaintiff's Opposition to Legacy Partners Residential, Inc. and Redrock NoHo
Residential, LLC's Motions to Dismiss using the Court's CM/ECF filing

4    system, which shall serve as notice of such filing on all counsel of record.  I
further certify that Plaintiff's Opposition to Legacy Partners Residential, Inc.

5    and Redrock NoHo Residential, LLC's Motions to Dismiss will be served
according to law on the following party, which has not yet entered an

6    appearance:

7         JSM Florentine, LLC
          c/o Craig D. Jones

8         111 N. Pass Avenue
          Burbank, CA 91505

9

10                                              /s/ Jamie L. Crook

11                                              Jamie L. Crook

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28