## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 11-cv-7774-SVW | Date | July 6, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER re Defendants' Motions to Dismiss [84, 85, 86, 87, 89]

Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, July 9, 2012, is VACATED. The Court sets the following trial dates:

Jury Trial:              Tuesday, November 27, 2012, at 9:00 a.m.
Pretrial Conference:  Monday, November 5, 2012, at 3:00 p.m.

## I.      INTRODUCTION

On January 27, 2012, Plaintiff Mei Ling filed her First Amended Complaint ("FAC") in this Court, alleging several claims of housing discrimination (based on Plaintiff's disability) against City of Los Angeles; Community Redevelopment Agency of the City of Los Angeles; Redrock NoHo Residential, LLC; Park Plaza West Senior Partners, LP; JSM Florentine, LLC; Legacy Partners Residential, Inc.; FPI Management, Inc.; and Guardian/KW NoHo, LLC ("Guardian"). (Dkt. 27).

On February 29, 2012, Defendant Guardian filed a Motion to Dismiss, seeking to dismiss all claims alleged against it in the FAC. (Dkt. 45). On April 10, 2012, the Court granted Guardian's Motion to Dismiss without prejudice. (Dkt. 69). On May 1, 2012, Plaintiff filed a Second Amended Complaint ("SAC") against the following Defendants: City of Los Angeles; Community Redevelopment Agency of the City of Los Angeles ("CRA"); Redrock NoHo Residential, LLC ("Redrock"); Park Plaza West Senior Partners, LP;[1] JSM Florentine, LLC; Legacy Partners Residential,

---

[1] By stipulation of the parties, Park Plaza West Senior Partners, LP was subsequently dismissed without prejudice. (Dkt. 77).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-cv-7774-SVW | Date | July 6, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al. | | |

Inc. ("Legacy Partners"); FPI Management, Inc. ("FPI"); and Guardian/KW NoHo, LLC ("Guardian"). (Dkt. 76).  The FAC alleges claims under the Rehabilitation Act, 29 U.S.C. § 794; the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code, § 12900 *et seq.*; the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and the California Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*

The following Motions to Dismiss Plaintiff's SAC are currently pending before the Court:

- Motion to Dismiss filed by Legacy Partners, (Dkt. 84);
- Motion to Dismiss filed by Redrock, (Dkt. 85);
- Motion to Dismiss filed by CRA, (Dkt. 86);
- Motion to Dismiss filed by FPI, (Dkt. 87); and
- Motion to Dismiss filed by Guardian, (Dkt. 89).

## II.   DISCUSSION

Plaintiff alleges that she is restricted to a wheelchair and requires a dwelling unit that is wheelchair-accessible.  Due to Plaintiff's disability, she is unable to obtain employment and subsists on a stipend from the General Relief program of the County of Los Angeles.  Plaintiff's housing costs are subsidized through a Housing Choice Voucher ("Section 8") from the Housing Authority of the City of Los Angeles.  (See SAC, ¶¶ 26-31).

A detailed factual and legal background is provided in the Court's prior Order granting Guardian's Motion to Dismiss, (see Dkt. 69), and is not repeated here.  Additional facts are developed below as needed.

### A.   Motions to Dismiss Filed by Legacy Partners, (Dkt. 84), and Redrock, (Dkt. 85)

#### 1.   Reasonable Accommodation

Plaintiff alleges that from 2006 through the present, she has attempted to rent an apartment at The Lofts, an apartment building owned by Defendant Redrock and managed by Legacy Partners (since December 31, 2007).  (SAC, ¶ 5, 18, 21).  In July 2006, Plaintiff was put on a waitlist for affordable units.  (SAC, ¶ 51).  In December 2009, Plaintiff reached the top of the waitlist.  (SAC, ¶ 59).  All of the affordable units offered by The Lofts, however, are studio units, which are not accessible to Plaintiff. (SAC, ¶¶ 56, 62).  As a "reasonable accommodation" for her disability, Plaintiff requested that Legacy Partners and Redrock allow her to rent a room with a "Pantages" floor plan, which would be accessible to Plaintiff.  (SAC, ¶¶ 59-60).  They refused to do so.  (Dkt. 62).

To prevail on a claim under 42 U.S.C. § 3604(f)(3) [of the Fair Housing and related

| | | : | |
|---|---|---|---|
| | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-cv-7774-SVW | Date | July 6, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al. | | |

statutes], a plaintiff must prove all of the following elements:  (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.

Dubois v. Ass'n of Apt. Owners, 453 F.3d 1175, 1179 (9th Cir. 2006) (citing 42 U.S.C. § 3604(f)(3)(B); California Mobile Home, 107 F.3d at 1380).

Here, Defendants Redrock and Legacy Partners contend that the accommodation requested by Plaintiff is not reasonable, because rooms with the Pantages floor plan are more expensive than the studio apartments currently offered by The Lofts as affordable units.  This fact-based contention, however, which relies on information that is not alleged in the SAC (and is not judicially noticeable), cannot be resolved at the motion to dismiss stage.  See generally Mobile Home Park, 29 F.3d at 1418 ("The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination.").

Accordingly, Legacy Partners' and Redrock's Motions to Dismiss (Dkt. 84, 85) are DENIED as to Plaintiff's claims based on their alleged failure to accommodate.

### 2.    Misrepresentation Under 42 U.S.C. § 3604(d)

Under 42 U.S.C. § 3604(d), it is unlawful "[t]o represent to any person because of . . . handicap . . . that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available."

Plaintiff fails to allege a plausible claim for relief under § 3604(d) for substantially the same reasons outlined in the Court's prior Order (as to Defendant Guardian).  (See Dkt. 69, at 5-6).  In effect, Plaintiff argues that because Defendants "*could have made available* to Plaintiff, at an affordable rent, an apartment unit that would be accessible to Plaintiff," (Opposition, at 20 (emphasis added)), it was somehow improper for Defendants to inform her (in 2008 and 2009) that she had not yet reached the top of the waitlist, (see SAC, 55).  This improperly conflates Plaintiff's claim for failure to accommodate (discussed above) with her claim for *misrepresentation* under § 3604(d).  Plaintiff does not allege that Defendants lied about her place on the waitlist.  Instead, Plaintiff appears to allege that Defendants could have (and should have) bumped her to the front of the waitlist.  This does not state a claim under § 3604(d).

### 3.    Intimidation Under 42 U.S.C. § 3617 and Cal. Govt. Code § 12955.7 (as to Legacy only)

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 11-cv-7774-SVW | Date | July 6, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al. | | |

Under 42 U.S.C. § 3617:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [42 U.S.C. §§ 3603, 3604, 3605, or 3606].

Accord Cal. Govt. Code § 12955.7 (substantially identical provision).  In the SAC, Plaintiff alleges:

Since submitting her first tenancy application in June 2008, Plaintiff has made frequent visits to NoHo 14 [another property managed by Legacy Partners] to inquire about her status on the affordable housing waitlist.  On two separate occasions, in October and November 2009, Defendants Legacy Partners called the police in an attempt to intimidate Plaintiff and to interfere with her exercise of her federally protected right not to be subjected to housing discrimination on the basis of her disability, after Plaintiff requested that she be provided with the status of her waitlist number, a copy of the current waitlist, and the unit numbers of units with wheelchair accessibility features.

(SAC, ¶ 71).

At this stage, Plaintiff has sufficiently alleged a claim against Legacy under 42 U.S.C. § 3617 and Cal. Govt. Code § 12955.7.  Legacy's arguments to the contrary are better suited to a motion for summary judgment.

### 4.      Additional Claims

Aside from her claims of Misrepresentation under 42 U.S.C. § 3604(d) and Intimidation under 42 U.S.C. § 3617 and Cal. Govt. Code § 12955.7, Plaintiff's claims against Legacy and Redrock appear to be based entirely on their alleged failure to reasonably accommodate Plaintiff's disability (discussed above).  To the extent Plaintiff purports to assert other claims against Redrock and Legacy, her Opposition fails to provide an understandable basis upon which to do so.

### B.      Motions to Dismiss Filed by FPI, (Dkt. 87) and Guardian, (Dkt. 89)

### 1.      Reasonable Accommodation

In its prior Order, the Court reasoned:

Here, Guardian makes the common-sense argument that Plaintiff was given an "equal

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 11-cv-7774-SVW | Date | July 6, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al. | | |

opportunity" to apply for an affordable unit at NoHo 14. As alleged in the FAC, Plaintiff participated in          the lottery and (apparently) was given the same opportunity to qualify for an affordable unit as every other applicant, whether disabled or non-disabled. Plaintiff does not allege that the lottery was conducted in an unfair manner or that Plaintiff's disability in any way affected the result.

. . . .

As alleged in the FAC . . . it appears that Plaintiff was, in fact, given an "equal opportunity" to apply for these units through the lottery that was conducted in 2010. In light of Plaintiff's minimal allegations regarding this lottery (and the lack of any allegations regarding a "waitlist policy" employed by Guardian or its agents), Plaintiff has failed to allege a claim for relief that rises "above the speculative level." See Twombly, 550 U.S. at 555.

(Dkt. 69, at 12-13).

  Plaintiff made minimal changes in the SAC with respect to her reasonable accommodation claim against Guardian (and FPI). Nevertheless, upon further consideration, the Court concludes that this potentially fact-based issue is best resolved at summary judgment (or at trial). See generally Giebeler v. M&B Assocs., 343 F.3d 1143, 1156 (9th Cir. 2003) ("If the plaintiff cannot make the initial showing that the requested accommodation is reasonable in the run of cases, he nonetheless remains free to show that special circumstances warrant a finding that . . . the requested accommodation is reasonable on the particular facts.") (citation and internal quotation marks omitted).

### 2.    Additional Claims

  Plaintiff's claims against Guardian and FPI appear to be based entirely on their alleged failure to reasonably accommodate Plaintiff's disability in connection with the waitlist (discussed above). To the extent Plaintiff purports to assert other claims against Guardian and FPI, her Opposition fails to provide an understandable basis upon which to do so.

### C.    Motion to Dismiss Filed by CRA, (Dkt. 86)

  Plaintiff alleges that the properties in which she was unable to rent an apartment receive funding through the Community Redevelopment Agency of the City of Los Angeles ("CRA"). She further claims that CRA is liable for housing discrimination based on its failure "to monitor and ensure that housing providers it supports with assistance . . . comply with basic accessibility standards[.]" (Opposition, at 1).

  Plaintiff cites a number of cases in which entities similar to CRA have been found liable for housing discrimination *based on their own actions*. (See Opposition, at 10, 17). Plaintiff cites no case,

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-cv-7774-SVW | Date | July 6, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al. | | |

however, holding an entity such as CRA liable for housing discrimination based solely on its failure to monitor other defendants, nor do the applicable statutes appear to impose such liability.  See generally Dinapoli v. DPA Wallace Ave. II, LLC, 2009 U.S. Dist. LEXIS 23274, *9 (S.D.N.Y. Mar. 23, 2009) ("Plaintiff cites no law or regulation that holds [the New York City Housing Authority] liable for failing to prevent a private landlord from allegedly discriminating against a Section 8 tenant, nor can the Court find any support for this type of action.").  Plaintiff's conclusory allegation that other defendants were acting as "agents" of CRA does not alter this analysis.

**III.    CONCLUSION**

Legacy's and Redrock's Motions to Dismiss (Dkt. 84, 85) are DENIED as to:  (1) Plaintiff's discrimination claims based on the failure to accommodate; and (2) Plaintiff's claims against Legacy under 42 U.S.C. § 3617 and Cal. Govt. Code § 12955.7.  The Motions are GRANTED in all other respects.

FPI's and Guardian's Motions to Dismiss (Dkt. 87, 89) are DENIED as to Plaintiff's discrimination claims based on the failure to accommodate, and GRANTED in all other respects.

CRA's Motion to Dismiss, (Dkt. 86), is GRANTED.

:

Initials of Preparer               PMC