1  Michael Allen (admitted to appear *pro hac vice*)
   *mallen@relmanlaw.com*
2  D. Scott Chang (SBN 146403)
   *schang@relmanlaw.com*
3  Jamie L. Crook (SBN 245757)
   *jcrook@relmanlaw.com*
4  **RELMAN, DANE & COLFAX PLLC**
   1225 19th Street, NW, Suite 600
5  Washington, DC 20036
   Telephone: 202-728-1888
6  Facsimile: 202-728-0848

7  David Geffen (SBN 129342)
   *geffenlaw@aol.com*
8  **DAVID GEFFEN LAW**
   530 Wilshire Boulevard, Suite 205
9  Santa Monica, CA 90401
   Telephone: 310-434-1111
10 Facsimile: 310-434-1115

11 *Attorneys for Plaintiff*

12
                    UNITED STATES DISTRICT COURT
13                  CENTRAL DISTRICT OF CALIFORNIA
                         (WESTERN DIVISION)
14

15  **MEI LING,**                          Case No. 2:11-cv-7774-SVW

16                                          **OPPOSITION TO CITY OF**
                        Plaintiff,          **LOS ANGELES' MOTION**
17                                          **FOR JUDGMENT ON THE**
                     -- *v.*--              **PLEADINGS PURSUANT TO**
18                                          **FEDERAL RULES OF CIVIL**
    **CITY OF LOS ANGELES,**                **PROCEDURE RULE 12(c)**
19  **CALIFORNIA; COMMUNITY**
    **REDEVELOPMENT AGENCY OF**             Hearing Date: August 20, 2012
20  **THE CITY OF LOS ANGELES;**            Time: 1:30 p.m.
                                            Courtroom: Number 6, 2nd Floor
21  Redrock NoHo Residential, LLC;          Judge: Hon. Stephen V. Wilson
    JSM Florentine, LLC; Legacy
22  Partners Residential, Inc.; FPI         Complaint Filed: Sept. 20, 2011
    Management, Inc.; and Guardian/KW
23  Management, Inc.; and Guardian/KW
    NoHo, LLC,
24
25                      Defendants.
26
27
28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................... ii

INTRODUCTION ........................................................................... 1

STATEMENT OF FACTS ............................................................... 2

STANDARD FOR MOTIONS FOR JUDGMENT ON THE
PLEADINGS.................................................................................. 3

ARGUMENT ................................................................................. 4

I.   THE CITY'S MOTION TO DISMISS SHOULD BE DENIED
     BECAUSE THE CITY FAILED TO MEET AND CONFER
     BEFORE FILING THE MOTION AS REQUIRED UNDER
     LOCAL RULE 7-3................................................................... 4

II.  PLAINTIFF STATES A CLAIM AGAINST THE
     CITY UNDER § 504 OF THE REHABILITATION
     ACT ...................................................................................... 9

III. PLAINTIFF REQUESTS LEAVE TO AMEND.......................... 15

CONCLUSION ............................................................................. 16

- i -

Ling v. City of Los Angeles et al., Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

1

# TABLE OF AUTHORITIES

2

Cases

3  *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001)...............4, 16

4  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188
   (9th Cir.1989) ................................................................. 3-4
5

6  *Emma C. v. Eastin*, 985 F. Supp. 940 (N.D. Cal. 1997) .............. 12, 14

7  *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day
   Adventist Congregational Church,* 887 F.2d 228
   (9th Cir. 1989) ................................................................. 4
8

9  *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542
   (9th Cir.1989) ................................................................. 4

10 *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003) .............12-14

11 *Jose P. v. Ambach*, 669 F.2d 865 (2d Cir. 1982) ....................... 12, 14

12 *Koslow v. Commonwealth of Pennsylvania,* 302 F.3d 161
   (3d Cir. 2002) .................................................................10
13

14 *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)................... 4

15 *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942
   (C.D. Cal. 2004)............................................................3-4, 16

16 *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)................................ 4

17 *Lovell v. Chandler,* 303 F.3d 1039 (9th Cir. 2002).....................10-11

18 *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98
   (C.D. Cal. 2007)................................................................ 4
19

20 *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC
   (MLGx), 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) ............ 6-8

21 *Superbalife Int'l v. Powerpay*, No. CV 08-5099, 2008 WL
   4559752 (C.D. Cal. Oct. 7, 2008) ........................................... 6
22

23 *United States Dep't of Transp. v. Paralyzed Veterans of
   Am.*, 477 U.S. 597 (1986).......................................................13

24 *Valdovinos v. County of Los Angeles*, No. CV
   06-7580 JVS (SHx), 2008 WL 2872648
25 (C.D. Cal. July 23, 2008) .................................................... 8

26

Statutes

27

28  24 C.F.R. § 8.3 ...............................................................11

- ii -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

1

24 C.F.R. § 8.4(b) ......................................................................... 11-12

2

28 C.F.R. pt. 35, App. A .............................................................. 13

3

28 C.F.R. § 41.3(d) ...................................................................... 13

4

29 U.S.C. § 794 ....................................................................... 10, 13

5

34 C.F.R. § 104.4(b) ..................................................................... 14

6

7

Rules

Civ. L.R. 7-3 ...................................................................... *passim*

8

Civ. L.R. 7-9 .............................................................................. 9

9

Fed. R. Civ. P. 12(b) ............................................................... 3-5

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **INTRODUCTION**

1

2       For more than six years, Plaintiff Mei Ling, a formerly

3  homeless woman with a disability who uses a wheelchair, has

4  sought to rent an accessible, affordable apartment in the

5  redevelopment housing program operated by Defendant City of

6  Los Angeles (the "City"), which is principally supported by

7  federal and state funds.   The City has moved for judgment on the

8  pleadings on the sole ground that a primary recipient of federal

9  funding such as the City cannot, as a matter of law, be liable for

10  failing to ensure that its sub-recipients meet the requirements of

11  § 504 of the Rehabilitation Act.

12       The City's motion should be denied for two reasons.   First,

13  the City utterly failed to comply in both substance and form with

14  Local Rule 7-3, which requires parties to meet and confer before

15  filing a motion.  Second, as a primary recipient of federal funds,

16  the City has an obligation under § 504 to ensure that its sub-

17  recipients comply with the Rehabilitation Act.  In this case, the

18  United States Department of Housing & Urban Development

19  ("HUD") conducted a review of the redevelopment housing

20  program for compliance with the Rehabilitation Act and

21  specifically found that the City (and CRA) violated § 504 by

22  failing to monitor its sub-recipients.[1]

23

24  _____

25  [1] In support of her opposition to a motion to dismiss filed by Defendant
26  Community Redevelopment Agency for the City of Los Angeles ("CRA"),
    Ms. Ling asked the Court to take judicial notice of the HUD letter of
27  noncompliance [Doc. 96, 96-1].  Inasmuch as the Court's July 6, 2012,
    Order [Doc. 109] is silent with respect to whether it took such requested
28  notice, Ms. Ling renews that request for purposes of this opposition.

- 1 -

Ling v. City of Los Angeles et al., Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

## STATEMENT OF FACTS

Plaintiff Mei Ling is a resident of Los Angeles, California. She is non-ambulatory and uses a wheelchair during all waking hours.  Second Amended Complaint ("SAC") ¶ 2.  Because of her physical disability, she cannot obtain employment and subsists on a small monthly stipend from the County of Los Angeles.  *Id*.

The City and its Community Redevelopment Agency (the "CRA") are recipients of federal financial assistance from HUD. *Id*. ¶ 3.  The City and its CRA use that federal financial assistance to fund private housing developments in Los Angeles.  *Id*.  The City and CRA have provided federal funding and other forms of support to housing developments within their redevelopment housing program without ensuring that the private housing providers comply with federal laws prohibiting housing discrimination on the basis of disability.  *Id*.

Since 2006, Ms. Ling has sought to rent an affordable, wheelchair-accessible apartment unit at numerous apartment complexes within the redevelopment housing program that have received financial and other assistance from the City and the CRA, including The Lofts and NoHo 14, against which she has brought claims in this litigation.  *Id*. ¶ 4.

Because Ms. Ling was unable to obtain affordable, wheelchair-accessible housing through the City's redevelopment housing program, she was forced to live in homeless shelters and transitional housing from approximately June 2006 to May 2009. *See id*. ¶ 6.

Since June 2009, Ms. Ling has lived at The Piedmont, an apartment building for seniors and people with disabilities in the

- 2 -

1  North Hollywood region of the City.  Plaintiff's apartment unit at
2  The Piedmont is not fully accessible to her.  *Id.* ¶ 7.  She is unable
3  to use the shower or toilet in her unit, and cannot access reliable,
4  affordable public transportation to and from her building.  *Id.*

5      She seeks to hold the City responsible for its failure to
6  operate the redevelopment housing program in a fashion to ensure
7  that private housing developments that are built with government
8  funding—such as the Lofts and NoHo14—do not discriminate on
9  the basis of disability.  As outlined below, the allegations of the
10  SAC are sufficient to state a cause of action under § 504.

11      But Ms. Ling has, prior to filing this opposition to the City's
12  Rule 12(c) motion, also filed a motion for leave to file an amended
13  complaint.  That amended complaint would add more specific
14  factual allegations about the City's authority over the
15  redevelopment housing program and the CRA, describe HUD
16  regulations and notices imposing obligations on the City to
17  monitor and enforce § 504 obligations against the CRA and private
18  housing developments, and allege in detail that HUD has
19  conducted a compliance review and concluded that the City (and
20  CRA) violated § 504 by failing to monitor its sub-recipients.  Ms.
21  Ling believes the interest of justice would be served by granting
22  her motion to amend.

23  ## STANDARD FOR MOTIONS FOR JUDGMENT ON THE
24  ## PLEADINGS

25      "A Rule 12(c) motion is functionally identical to a motion
26  pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lonberg v. City of*
27  *Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing
28  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th

- 3 -

1   Cir.1989)).  Judgment on the pleadings is proper only when the

2   moving party clearly establishes on the face of the pleadings that

3   no material issue of fact remains to be resolved and that it is

4   entitled to judgment as a matter of law.  *See Hal Roach Studios v.*

5   *Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989).  As

6   with Rule 12(b)(6) motions, in addition to assuming the truth of

7   the facts pled, the court must construe all reasonable inferences

8   drawn from these facts in the plaintiff's favor.  *See Gen.*

9   *Conference Corp. of Seventh-Day Adventists v. Seventh-Day*

10  *Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.

11  1989).  A court may consider matters of public record subject to

12  judicial notice. *In Re Live Concert Antitrust Litig.*, 247 F.R.D. 98,

13  150 (C.D. Cal. 2007) (quoting *Lee v. City of Los Angeles*, 250 F.3d

14  668, 688-90 (9th Cir. 2001).  If the court grants the motion, it may

15  grant leave to amend.  *Lonberg*, 300 F. Supp. 2d at 945; *see Bly-*

16  *Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting

17  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("We

18  consistently have held that leave to amend should be granted

19  unless the district court "'determines that the pleading could not

20  possibly be cured by the allegation of other facts.'")

21

22                          **ARGUMENT**

23  **I.   THE CITY'S MOTION TO DISMISS SHOULD BE**
    **DENIED BECAUSE THE CITY FAILED TO MEET AND**
    **CONFER BEFORE FILING THE MOTION AS**
24  **REQUIRED UNDER LOCAL RULE 7-3**

25         The City's motion for judgment on the pleadings should be

26  denied because the City failed to comply with the letter and spirit

27  of the meet and confer requirement contained in Local Rule 7-3.

28  Local Rule 7-3 states in relevant:

- 4 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

1    [Unless otherwise provided for in these Rules], counsel

2    contemplating the filing of any motion shall first

3    contact opposing counsel to discuss thoroughly,

4    *preferably in person,* the substance of the contemplated

5    motion and any potential resolution. If the proposed

6    motion is one which under the F.R.Civ.P. must be filed

7    within a specified period of time (*e.g.,* a motion to

8    dismiss pursuant to F.R.Civ.P. 12(b)) . . . then this

9    conference shall take place at least five (5) days prior to

10   the last day for filing the motion; otherwise, the

11   conference shall take place at least ten (10) days prior

12   to the filing of the motion.

13   Civ. L.R. 7-3 (emphasis in original).

14        The City's counsel did not meet and confer with Plaintiff's

15   counsel within the meaning of Local Rule 7-3.  Beyond a broad

16   assertion that the City would seek dismissal on the grounds

17   applicable to the CRA in the Court's Order of July 6, prior to July

18   25, 2012, the parties' counsel never had any meaningful discussion

19   about the contemplated motion for judgment on the pleadings, let

20   alone a thorough discussion about "the substance of the

21   contemplated motion and any potential resolution" as required

22   under the Local Rules.  *See* Civ. L.R. 7-3.

23        The City's motion certifies that a conference of counsel took

24   place on July 11, 2012 and July 21, 2012.  Counsel has no record

25   of any conversation between counsel about this case on those

26   dates.  Decl. of M. Allen in Supp. of Opp. to Mot. for J. on the

27   Pleadings ("Allen Decl.") ¶¶ 6, 12.

28

- 5 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

1    On July 18, 2012, counsel for the City sent an email inviting

2 Plaintiff's counsel, for the first time, to meet and confer regarding

3 a motion for judgment on the pleadings.  *Id*. ¶ 7, Ex. 2.  On July

4 20, 2012, counsel for the City sent another email seeking to meet

5 and confer.  That same day, Plaintiff's counsel responded by

6 email, notifying the City that Ms. Ling would move to amend her

7 complaint to allege additional facts concerning the City's liability,

8 and that the City's motion might become moot if the Court granted

9 leave to amend.  *Id*. ¶¶ 9, 10, Ex. 3.

10    On Friday, July 20, 2012 at 10:07 p.m. Eastern Time, counsel

11 for the City sent an email stating that the City still intended to

12 move forward with its motion for judgment on the pleadings.

13 Counsel for the City stated that she would be in the office on

14 Monday if Plaintiff's counsel wanted to discuss the motion.  *Id*. ¶

15 11, Ex. 4.  Plaintiff's counsel was out of the office most the day

16 on Monday.   Shortly after he returned to the office, the City filed

17 its motion for judgment on the pleadings.  The parties' counsel

18 never had any oral discussion of the substance of the City's

19 motion let alone a discussion about the respective positions of the

20 parties as contemplated by Local Rule 7-3.  *See Superbalife Int'l*

21 *v. Powerpay*, No. CV 08-5099, 2008 WL 4559752, at *2 (C.D. Cal.

22 Oct. 7, 2008) (holding that the failure to have an oral discussion

23 about a contemplated motion failed to meet the requirements of

24 Local Rule 7-3 and denying motion to dismiss based on failure to

25 comply with the Local Rule).

26    The City did not make a good faith attempt to substantially

27 comply with Local Rule 7-3.  An exchange of brief emails does not

28 satisfy the requirements of the local rule, which requires a

1    thorough discussion of the motion and the parties' positions.
2    *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC
3    (MLGx), 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) (holding that
4    an in-writing conferences is insufficient to meet the meet and
5    confer requirement under Local Rule 7-3 and denying motion for
6    summary judgment because the defendants failed to comply with
7    the Local Rule).  Similarly, the parties' general discussions about
8    the merits of Plaintiff's claims in another similar case do not
9    satisfy the requirements of the Local Rule.  *See id.*, at *2 (stating
10   that general conversations of the merits are not meet and confer
11   efforts within the meaning of Local Rule 7-3.)
12        Prior to the filing of the motion, Plaintiff's counsel never
13   had a chance to discuss with counsel for the City the substance of
14   the City's motion, the legal authority supporting a claim against
15   the City for failing to ensure that its sub-recipients meet the
16   requirement of § 504, or HUD's compliance review that
17   specifically found that the City violated § 504 by failing to
18   monitor its sub-recipients.  Had the City sincerely engaged in the
19   conversation required by Local Rule 7-3, it would have learned
20   that the more detailed factual allegations Ms. Ling proposed in her
21   motion to amend would render the City's motion moot.  Instead of
22   picking up the phone, counsel for the City simply declared, in e-
23   mail form, that the City intended to file its motion, saying only:
24        I understand you intend to file a motion for leave to
25        amend, however, we would oppose the motion and do not
26        believe that the proposed additions to the complaint
27        would change the Court's ruling on CRA's Motion to
28        Dismiss, upon which we intend to rely in our Rule 12(c)

1    Motion.   Given the trial schedule set by the Court, I
2    don't think we can wait until we have a ruling on your
3    motion for leave to amend before filing our motion.   If
4    you want to discuss further, I will be in the office on
5    Monday.
6  Allen Decl. Ex. 4.
7        The City not only failed to comply with the substantive
8  requirements of Local Rule 7-3 but also failed to comply with the
9  procedural requirements of the Local Rule.  Local Rule 7-3
10 requires that the meet and confer session occur ten (10) days
11 before the filing of the motion.  Even if the exchange of emails
12 qualified as a meet and confer under the Local Rule, which it does
13 not, the City filed its motion for judgment on the pleadings a mere
14 three days after the "e-mail meet and confer," two of which were
15 over the weekend.  *Singer*, 2012 WL 123416, at *2 (noting that the
16 defendant filed its motion just three days after a letter was faxed
17 and sent); *Valdovinos v. County of Los Angeles*, No. CV 06-7580
18 JVS (SHx), 2008 WL 2872648, at *2 (C.D. Cal. July 23, 2008)
19 (finding that the defendants filed motions in limine four days after
20 they sent a fax setting forth the substance of their motions, two of
21 which were over the weekend, and denying motions in limine for
22 failing to comply with Local Rule 7-3.)
23       The City's failure to comply with Local Rule 7-3 in both
24 substance and form prejudiced Plaintiff.  If a meet and confer
25 consistent with Local Rule 7-3 had been held and the parties had
26 had an opportunity to thoroughly discuss the City's motion,
27 Plaintiff's counsel would have discussed the proposed amendments
28 to the complaint, the case law holding that recipients of federal

1   funds must ensure that their sub-recipients comply with § 504, and

2   HUD's compliance review that specifically found that the City

3   violated § 504 by failing to monitor its sub-recipients and the need

4   for the City's motion might have been obviated.

5       Even if the meet and confer was unsuccessful, Plaintiff

6   would have had more information about the basis for the City's

7   motion and more time to research and draft an opposition.  The

8   failure to have a meet and confer deprived Plaintiff of any

9   opportunity to learn about the substantive basis for the City's

10  motion and forced Plaintiff to prepare an opposition to the City's

11  motion in just six days.[2]  If the City met the substantive and

12  procedural requirements of Local Rule 7-3, Plaintiff would have

13  been better equipped to prepare an opposition because the parties

14  would have engaged in substantive discussions about the parties'

15  respective positions and Plaintiff would have had 17 days to

16  research and draft an opposition to the City's motion rather than

17  six days.[3]

18      The City's motion for judgment on the pleadings should be

19  denied because of the City's abject failure to comply with Local

20  Rule 7-3.

21

22  **II.   PLAINTIFF STATES A CLAIM AGAINST THE CITY UNDER § 504 OF THE REHABILITATION ACT**

23      Ms. Ling properly states a claim against the City under § 504

24  for failing to ensure that its sub-recipients comply with the

25  _____

26  [2] The City did not file its motion for judgment on the pleadings until 7:18 p.m. EST on July 23, 2012.

27  [3] The local rules provide that a motion may not be filed until 10 days after a meet and confer and require that an opposition to a motion be filed seven

28  days after the motion.  Civ. L.R. 7-3, 7-9.

- 9 -

Ling v. City of Los Angeles et al., Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

1  Rehabilitation Act.  The City incorrectly contends that it is
2  entitled to judgment on the pleadings because, as a matter of law,
3  there is no duty to monitor its sub-recipients for compliance with
4  § 504.  There is, however, persuasive legal authority that a
5  primary recipient of federal funds such as the City, may be liable
6  for its failure to ensure that its sub-recipients comply with § 504.

7  All entities receiving federal financial assistance must
8  comply with the anti-discrimination provisions of § 504 of the
9  Rehabilitation Act, 29 U.S.C. § 794(a).  Section 504 provides that
10  "[n]o otherwise qualified individual with a disability . . . shall,
11  solely by reason of his or her disability, be excluded from
12  participation in, be denied the benefits of, or be subjected to
13  discrimination under any program or activity receiving Federal
14  financial assistance . . ." 29 U.S.C. § 794.

15  As a primary recipient of tens of millions of dollars in HUD
16  funds each year, the City is required, by operation of law, to
17  comply with the Rehabilitation Act and HUD's implementing
18  regulations, because Congress has exercised its authority under the
19  Spending Clause to establish that obligation on recipients of
20  federal funds.  *See Koslow v. Commonwealth of Pennsylvania,* 302
21  F.3d 161, 175-76 (3d Cir. 2002) ("Through the Rehabilitation Act,
22  Congress has expressed a clear interest in eliminating disability-
23  based discrimination in state departments or agencies.  That
24  interest, which is undeniably significant and clearly reflected in
25  the legislative history, flows with every dollar spent by a
26  department or agency receiving federal funds.").  The obligation to
27  comply attaches to all the activities of a department or agency.
28  *Id.; see also Lovell v. Chandler,* 303 F.3d 1039, 1051 (9th Cir.

1   2002) (holding that the Rehabilitation Act represents a valid

2   exercise of Congress's spending power, and that "Congress has a

3   strong interest in ensuring that federal funds are not used in a

4   discriminatory manner and in holding states responsible when they

5   violate funding conditions." )

6        That "strong interest" would be undermined if primary

7   recipients of federal funds could simply shirk their non-

8   discrimination obligations by granting those funds to sub-

9   recipients who were not bound by those same obligations.  In other

10  words, because that interest "flows with every dollar" the City

11  receives from HUD, the City cannot "launder" these federal funds

12  and wash away the federal obligations.  HUD's regulations

13  interpreting § 504 similarly support the conclusion that the City as

14  the primary recipient of federal funds may be liable for failing to

15  ensure that its sub-recipients comply with § 504.  HUD's

16  regulations broadly define a recipient not only as a City that

17  receives federal financial assistance but also its "successor[s],

18  assignee[s] or transferee[s]."  24 C.F.R. § 8.3.

19       HUD's regulations further prohibit the City "directly or

20  through contractual, licensing, or other arrangement" from

21  discriminating in violation of the Rehabilitation Act and prohibit a

22  recipient from perpetuating the discrimination of another by aiding

23  or perpetuating discrimination by providing significant assistance

24  to another entity that in turn discriminates.  *See* 24 C.F.R.

25  § 8.4(b)(1)(v) (providing that it is unlawful to "[a]id or perpetuate

26  discrimination against a qualified individual with handicaps by

27  providing significant assistance to an agency, organization, or

28  person that discriminates on the basis of handicap in providing any

- 11 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

1  housing, aid, benefit, or service to beneficiaries in the recipient's

2  federally assisted program or activity."); 24 C.F.R. § 8.4 (b)(4)(i)

3  ("In any program or activity receiving Federal financial assistance

4  from the Department, a recipient may not, directly or through

5  contractual or other arrangements, utilize criteria or methods of

6  administration the purpose or effect of which would: (i) Subject

7  qualified individuals with handicaps to discrimination solely on

8  the basis of handicap.").

9       Federal courts have repeatedly interpreted the Rehabilitation

10 Act to impose a duty on a primary recipient of federal funds to

11 ensure that its sub-recipients comply with § 504. *Henrietta D. v.*

12 *Bloomberg*, 331 F.3d 261, 284-287 (2d Cir. 2003); *Jose P. v.*

13 *Ambach*, 669 F.2d 865, 871 (2d Cir. 1982); *Emma C. v. Eastin*, 985

14 F. Supp. 940, 948 (N.D. Cal. 1997).

15      For example, in *Henrietta D.*, the Second Circuit held that

16 the primary recipient (the State of New York) had a duty under

17 § 504 to supervise sub-recipients, such as New York City, in the

18 delivery of federally-funded social services.   First, the Second

19 Circuit reasoned that the Spending Clause imposed supervisory

20 liability upon recipients of federal funds under § 504.  The Second

21 Circuit explained that Spending Clause legislation such as § 504 is

22 interpreted under contract law principles and that the common law

23 of contracts strongly suggests that the primary recipient of federal

24 funds "is liable to ensure that localities comply with the

25 Rehabilitation Act in their delivery of federally-funded []

26 services." *Id*. at 286.  The Second Circuit held that under contract

27 principles, "once a party has made a promise, it is responsible to

28 the obligee to ensure that performance will be satisfactory, *even if*

1  *the promising party obtains some third party to carry out its*

2  *promise.*"  *Id.* (emphasis supplied).  The court found that in

3  accepting federal funds, the state as the primary recipient of

4  federal social service funds "promised that all its programs will

5  comply with the mandate of the Rehabilitation Act."  *Id.* (citing 29

6  U.S.C. § 794 and *United States Dep't of Transp. v. Paralyzed*

7  *Veterans of Am.*, 477 U.S. 597, 605 (1986)).  The Second Circuit

8  concluded that the state was "liable to guarantee that those it

9  delegates to carry out its programs satisfy the terms of its

10  promised performance including compliance with the

11  Rehabilitation Act."  *Henrietta D.*, 331 F.3d at 286.

12  Second, the Second Circuit held that the regulations

13  implementing the Rehabilitation Act strongly supported the view

14  that a primary recipient may be liable for the failure of its sub-

15  recipients to comply with § 504.  *Id.* The Court found that "the

16  regulations define a covered "recipient" to include not only the

17  State, but also any of its "successor[s], assignee[s], or

18  transferee[s].'"  *Id.* (quoting 28 C.F.R. § 41.3(d)).   The court

19  noted that the Department of Justice, in explaining a parallel ADA

20  regulation stated, "'All governmental activities of public entities

21  are covered, even if they are carried out by contractors.  For

22  example, a State is obligated by title II to ensure that the services,

23  programs, and activities of a State park inn operated under

24  contract by a private entity are in compliance with title II's

25  requirements.'"  *Henrietta D.*, 331 F.3d at 286 (quoting 28 C.F.R.

26  pt. 35, App. A. at 517.)

27  Other courts have relied on similar regulations implementing

28  § 504 to conclude that a primary recipient of federal funds is

- 13 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

1  liable for failing to ensure that its programs do not discriminate

2  based on disability.  In *Jose. P.*, 669 F.2d at 871, the Second

3  Circuit concluded that the state as the primary recipient of federal

4  educational funds was liable for failing to ensure that local school

5  districts meet the requirements of § 504, relying a regulation that

6  prohibited aiding or perpetuating discrimination "by providing

7  significant assistance to another entity that in turn discriminates."

8  *Id.* (citing 34 C.F.R. § 104.4(b)(1)(v)). Similarly, in *Emma C.*, 985

9  F. Supp. at 948, a district court in the Northern District of

10  California concluded that the state as the primary recipient of

11  federal educational funds could be liable for perpetuating the

12  discrimination of a local school district, relying on the same

13  regulation cited by the Second Circuit and on a regulation that

14  prohibited a recipient "directly or through contractual, licensing,

15  or other arrangement" from discriminating in violation of the

16  Rehabilitation Act.  *Id.* (citing 34 C.F.R. § 104.4(b)(1)(v) and 34

17  C.F.R. § 104.4(b)(4)).

18      In this case, the City can be held liable as the primary

19  recipient of federal housing funds for failing to ensure that the

20  CRA and the housing developments in the redevelopment housing

21  program comply with § 504 under a Spending Clause analysis.

22  Ms. Ling has alleged that the City is the recipient of federal

23  housing funds (SAC ¶ 32) and that the City failed to ensure that its

24  sub-recipients complied with § 504 (SAC ¶ 3).  The City in

25  accepting federal funds promised that its programs will comply

26  with the mandate of the Rehabilitation Act.  *See Henrietta D.*, 331

27  F.3d at 286.  Under the Spending Clause, the City, as the primary

28  recipient of federal housing funds, is liable for failing to

- 14 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Opposition to City of Los Angeles' Motion for Judgment on the Pleadings

1    "guarantee that those it delegates to carry out its programs satisfy

2    the terms of its promised performance including compliance with

3    the Rehabilitation Act."  *See id.*

4         Finally, any doubt about whether the City may be liable for

5    failing to ensure that its sub-recipients in the redevelopment

6    housing program comply with § 504 in this case can be laid to rest

7    by reviewing HUD's compliance review.   HUD conducted a

8    compliance review of the City and the CRA's redevelopment

9    housing program for compliance with § 504 and Title II of the

10   ADA.   HUD specifically found that the City and the CRA failed

11   to monitor its sub-recipients to ensure their compliance with § 504

12   and that the failure to monitor violates the Rehabilitation Act.

13   *See* HUD Letter of Findings of Noncompliance, January 11, 2012,

14   attached as Ex. 1 to Plaintiff's Request for Judicial Notice.

15        Thus, the City can be held liable for failing to ensure that its

16   sub-recipients such as the CRA and the housing developments

17   within the redevelopment housing program comply with § 504 as a

18   matter of law.

19

20   **III.   PLAINTIFF REQUESTS LEAVE TO AMEND**

21        The City moves for judgment on the pleadings on the ground

22   that a primary recipient cannot be liable for the failure of its sub-

23   recipients to comply with § 504 as a matter of law.  Ms. Ling has

24   demonstrated that the City's legal contention is incorrect and HUD

25   has specifically found that the City failed to monitor its sub-

26   recipients in the redevelopment housing program for compliance

27   with § 504.  In their motion for judgment on the pleadings, the

28   City has not identified any deficiencies in Plaintiff's complaint.

1    Nevertheless, in the interest of clarifying the factual and legal

2    bases of the City's obligations under § 504, and to cure any

3    deficiency in her pleadings the Court might identify in the context

4    of the City's Rule 12(c) motion, Ms. Ling has sought leave to

5    amend.  *See* Proposed Third Amended Complaint attached as Ex. 1

6    to Plaintiff's Motion for Leave to File Third Amended Complaint.

7    *See Lonberg*, 300 F. Supp. 2d at 945; *Bly-Magee*, 236 F.3d at

8    1019.

9         The proposed Third Amended Complaint alleges additional

10   facts against the City demonstrating that it failed to ensure that the

11   CRA and housing developments in the redevelopment housing

12   program complied with § 504.  Specifically, Ms. Ling alleges that

13   HUD found in its compliance review of the CRA and the City that

14   they failed to monitor housing developments in the redevelopment

15   housing program to ensure compliance with § 504 and that the

16   failure to monitor violates § 504.  Proposed Third Am. Compl. ¶¶

17   45-47; Request for Judicial Notice.  Ms. Ling also alleges that a

18   city ordinance requires that the City oversee the CRA (Proposed

19   Third Am. Compl. ¶¶ 19-20) and that HUD has issued notices

20   requiring the City to monitor the compliance of its sub-recipients

21   to ensure that federally funded housing developments meet the

22   accessibility requirements of § 504 (*id.* ¶ 43; *see also* HUD

23   accessibility notices attached as Ex. 2 to Request for Judicial

24   Notice).

25                          **<u>CONCLUSION</u>**

26        For the foregoing reasons, Plaintiff Mei Ling respectfully

27   requests that the Court deny Defendant City of Los Angeles'

28   Motion for Judgment on the Pleadings.

1    Dated: July 30, 2012

2

3                                        Respectfully submitted,

4                                        /s/ D. Scott Chang
                                         Michael Allen, *pro hac vice*
5                                        *mallen@relmanlaw.com*
                                         D. Scott Chang (SBN 146403)
6                                        *schang@relmanlaw.com*
                                         Jamie L. Crook (SBN 245757)
7                                        *jcrook@relmanlaw.com*
                                         **RELMAN, DANE & COLFAX**
8                                        **PLLC**
                                         1225 19th Street, NW, Suite 600
9                                        Washington, DC 20036
                                         Telephone: (202) 728-1888
10                                       Facsimile: (202) 728-0848

11
                                         David Geffen (SBN 129342)
12                                       *geffenlaw@aol.com*
                                         **DAVID GEFFEN LAW**
13                                       530 Wilshire Boulevard, Suite
                                         205
14                                       Santa Monica, CA 90401
                                         Telephone: (310) 434-1111
15                                       Facsimile: (310) 434-1115

16                                       *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE
CENTRAL DISTRICT OF CALIFORNIA**

2

3          I hereby certify that on this 30th day of July, 2012, I filed the foregoing
Plaintiff's Opposition to the City of Los Angeles' Motion for Judgment on the
Pleadings Pursuant to Federal Rules of Civil Procedure Rule 12(c) using the

4     Court's CM/ECF filing system, which shall serve as notice of such filing on
all counsel of record.

5

6

7                                                 /s/ Miriam Becker-Cohen
                                              Miriam Becker-Cohen

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28