UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07774-SVW-E | Date | August 30, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER Re CITY OF LOS ANGELES'S MOTION FOR JUDGMENT ON THE PLEADINGS [116] and PLAINTIFF'S MOTION TO AMEND [118]

**I.   INTRODUCTION**

A detailed factual, legal, and procedural background is provided in this Court's April 10, 2012 Order granting defendant Guardian's Motion to Dismiss (see Dckt. 69) and its July 6, 2012 Order ruling on various Motions to Dismiss Plaintiff's Second Amended Complaint ("SAC") (see Dckt. 109).

On July 23, 2012, Defendant City of Los Angeles filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 116). On July 30, 2012, Plaintiff filed a Motion to Amend Amended Complaint pursuant to Federal Rule of Civil Procedure 15. (Dkt. 118). In her Third Amended Complaint ("Proposed TAC"), Plaintiff alleges claims against the City of Los Angeles, the Community Redevelopment Agency of Los Angeles (the CRA), Redrock, JSM Florentine, Legacy, FPI, and Guardian/KW NoHo under the Rehabilitation Act, 29 U.S.C. § 794; the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code, § 12900 *et seq.*; the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and the California Disabled Persons Act, Cal. Civ. Code § 54 *et seq*.

**II.  PLAINTIFF'S MOTION TO AMEND**

Federal Rule of Civil Procedure 15 allows a party to amend its pleadings with either the opposing party's written consent or leave from the Court. Fed. R. Civ. P. 15(a)(2). The rule encourages courts to give leave to amend "freely," when "justice so requires." Id. Leave to amend is "within the

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07774-SVW-E | Date | August 30, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al | | |

discretion of the district court," and may be denied due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Mustic Pub., 512 F.3d 522, 532 (9th Cir. 2008) (internal citations and quotation marks omitted). This discretion is particularly broad where the court "has already given a plaintiff one or more opportunities to amend[.]" Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (internal citations and quotation marks omitted).

Most relevant here, leave to amend is "subject to the limitation that if an action is dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, 'leave to amend may be denied ... if amendment of the complaint would be futile.' Amendment is viewed as futile 'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.' " Kest v. Kest, 132 F.3d 39 (9th Cir. 1997) (quoting Albrect v. Lund, 845 F.2d 193, 195 (9th Cir. 1988) and Miller v. Rykoff-Sexton Inc., 845 F.2d 209, 214 (9th Cir.1983)).

**A.      Plaintiff's Motion to Amend as to Defendants Redrock, JSM Florentine, Legacy , FPI, and Guardian/KW NoHo**

Plaintiff's new factual allegations relate mostly to the City's and CRA's involvement in the Lofts and NoHo 14. See Proposed Third Amended Complaint at ¶¶ 12, 18-20, 39, 43-47, 83-93. The motion to amend as to the defendants other than the CRA and the City is therefore DENIED.

**B.      Plaintiff's Motion to Amend as to the CRA**

Plaintiff alleges that the CRA has violated 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act), 42 U.S.C. §§ 3604(f)(1)-(3), California Government Code §§ 12927(c)(1), 12955(e) and 12955(k). Unlike her allegations towards the other defendants, Plaintiff includes new factual allegations against the City of Los Angeles and the CRA. See Proposed TAC at ¶¶ 83-93. To establish a cause of action under Section 504 of the Rehabilitation Act, Plaintiff must demonstrate that (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefits at issue; (3) she was denied the benefits of the program solely because of her disability; and (4) the program receives federal financial assistance. Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir.1999). The parties do not dispute that Plaintiff is an individual with a disability. Moreover, at least one court has found the second, third, and fourth elements were sufficiently alleged to survive a motion to dismiss under very similar facts. See Telesca v. Long Island Hous. P'ship, Inc., 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006). In Telesca, the plaintiff applied for affordable housing built with federal funds. Id. at 401. Upon reaching the top of the waiting list, she asked for a handicapped-accessible unit, which she was then told was unavailable. Id. at 401. The district court found that the plaintiff had stated a claim under Section 504 against the

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07774-SVW-E | Date | August 30, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al | | |

housing developer, as well as the state agency and city that distributed the federal funds to the developer. Id. at 405. The facts alleged by Plaintiff map on to Telesca almost perfectly. Moreover, Plaintiff has identified cases in which government agencies, like the CRA and the City, were held liable under the Rehabilitation Act for a failure to supervise. See Henrietta D. v. Bloomberg, 331 F.3d 261, 287 (2d Cir. 2003) ("We therefore conclude that Congress's intent would best be effectuated by imposing supervisory liability on the state defendant.").[1] These new factual allegations demonstrate a "set of facts" that could establish a valid claim under Section 504, and thus are not futile. See Miller, 845 F.2d at 214 (9th Cir. 1988).

However, while it appears that courts have found state agencies liable under Section 504 of the Rehabilitation Act under for a failure to supervise, the same cannot be said for FHA and FEHA claims. As this Court found previously, the FHA and the FEHA does not impose liability based solely on its failure to monitor other defendants, nor do the cases cited by Plaintiff impose such liability. See Dckt. 109. Plaintiff attempts to re-frame her argument by alleging that the CRA itself did not grant her requested accommodation; at their core, however, Plaintiff's allegations against the CRA are based on its failure to monitor. See Proposed TAC at ¶ 83 ("Plaintiff . . . repeatedly requested reasonable accommodations from the CRA with respect to affordable units over which the CRA had retained authority with respect to occupancy, rental rates, management policies and preferences and priorities for tenancy." ). Plaintiff fails to identify a CRA "rule[], polic[y], practice[], or service[]" that it failed to modify in order to accommodate her disability, and thus fails to state a claim under the FHA or the FEHA. 42 U.S.C. § 3604(f)(3)(B).

Thus, Plaintiff's motion to amend is GRANTED as to her claim under Section 504 of the Rehabilitation Act but DENIED in all other respects.

**III.    CITY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

On July 23, 2012, Defendant City of Los Angeles filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 116). The City contends that the allegations against it and the CRA are "identical" and thus should be dismissed pursuant to Federal Rule of Civil Procedure 12(c), which Plaintiff does not dispute.

The Ninth Circuit has held that the legal standard for dismissal pursuant to Rule 12(c) is the

---

[1]The CRA attempts to distinguish Henrietta by arguing that unlike the supervising state defendant in Henrietta, no state statute explicitly requires it to monitor sub-recipients of federal funds. However, the district court in Henrietta used the relevant statute to establish a principal-agent relationship, an argument better suited to a motion for summary judgment or trial.

:

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-07774-SVW-E | Date | August 30, 2012 |
|---|---|---|---|
| Title | Mei Ling v. City of Los Angeles et al | | |

same as that for a ruling on the basis of Rule 12(b)(6). Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011). As argued above, Plaintiff's claim under the Rehabilitation Act states a claim, but her claim as to the other causes of action against the CRA does not. Thus, the City's motion for judgment on the pleadings is DENIED as to Plaintiff's Rehabilitation Act claim but GRANTED as to the other claims.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend is GRANTED as to her claim against the CRA under 29 U.S.C. § 794 and DENIED in all other respects, and the City's motion for judgment on the pleadings is DENIED as to Plaintiff's claim under 29 U.S.C. § 794 and GRANTED in all other respects.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |