Michael Allen (admitted to appear *pro hac vice*)
*mallen@relmanlaw.com*
D. Scott Chang (SBN 146403)
*schang@relmanlaw.com*
Jamie L. Crook (SBN 245757)
*jcrook@relmanlaw.com*
**RELMAN, DANE & COLFAX PLLC**
1225 19th Street, NW, Suite 600
Washington, DC 20036
Telephone: 202-728-1888
Facsimile: 202-728-0848

Louis A. Rafti (SBN 243813)
*LARafti.Law@gmail.com*
12209 Emelita Street
North Hollywood, CA 91607
Telephone: (818) 392-0913

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION)

| | |
|---|---|
| **MEI LING,** <br><br> Plaintiff, <br><br> — *v.* — <br><br> **CITY OF LOS ANGELES, CALIFORNIA; COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES;** Redrock NoHo Residential, LLC; JSM Florentine, LLC; Legacy Partners Residential, Inc.; FPI Management, Inc.; and Guardian/KW NoHo, LLC, <br><br> Defendants. | Case No. 2:11-cv-7774-SVW <br><br> **PLAINTIFF'S OPPOSITION TO REDROCK NOHO, LLC'S MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing: Oct. 22, 2012, 1:30 p.m. <br> Judge: Hon. Stephen V. Wilson <br> Courtroom: Number 6, 2nd Floor <br><br> Complaint Filed: Sept. 20, 2011 <br> Trial Date: Nov. 27, 2012 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................iii

INTRODUCTION ............................................................................................... 1

FACTUAL OVERVIEW ..................................................................................... 3

LEGAL STANDARD ......................................................................................... 7

ARGUMENT ...................................................................................................... 8

I.      Elements of a Reasonable Accommodation Housing Claim ..................... 8

II.     RedRock Has Not Established the Absence of Genuine Disputes as to Whether Plaintiff's Requested Accommodation Is Necessary to Afford Her an Equal Housing Opportunity at The Lofts ......................... 10

III.    RedRock Has Not Established the Absence of Any Genuine Disputes Regarding the Reasonableness of the Requested Accommodation ................................................................................... 14

CONCLUSION ................................................................................................ 18

1
# TABLE OF AUTHORITIES

2
Cases

3
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)................................7

4
*Armstrong v. Schwarzenegger*, 622 F.3d 1058 (9th Cir. 2010)..........................8, 18

5
*Auburn Woods I Homeowners Ass'n v. Fair Employment & Hous. Comm'n*, 121 Cal. App. 4th 1578 (2004)........................................9
6

*Barnett v. U.S. Air, Inc.*, 228 F.3d 1105 (9th Cir. 2000) ..............................7, 15-16
7

*Bentley v. Peace & Quiet Realty 2 LLC*, 367 F. Supp. 2d 341 (E.D.N.Y. 2005) ............................................................12
8

9
*DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175 (9th Cir. 2006) ..................................................9
10

*Duvall v. Cty. Of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) .......................................16
11

*Giebeler v. M & B Assocs.*, 343 F.3d 1143 (9th Cir. 2003) .............................*passim*
12

*Hous. Rights Ctr. v. Sterling*, 404 F. Supp. 2d 1179 (C.D. Cal. 2004). ...................9
13

*Hunt v. Cromartie*, 526 U.S. 541 (1999) .................................................7
14

*Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120 (C.D. Cal. 2001). .............................................18
15

16
*Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837 (9th Cir. 2004) ...........16

17
*Mark H. v. Hamamoto*, 620 F.3d 1090 (9th Cir. 2010).........................................15

18
*Mark H. v. Hamamoto*, 849 F. Supp. 2d 990 (D. Haw. 2012). ........................16, 18

19
*Martin v. PGA Tour, Inc.*, 204 F.3d 997 (9th Cir. 2000). ......................................16

20
*Matarese v. Archstone Pentagon City*, 761 F. Supp. 2d 346 (E.D. Va. 2011) ............................................................10
21

*McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004)......................10, 11, 12
22

*Mejia v. Comonfort*, No. 10-05767, 2010 WL 5818288 (C.D. Cal. Nov. 15, 2010) ...................................................13
23

24
*Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105 (C.D. Cal. 2010). .............................................7
25

*Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121 (9th Cir. 2008). ..............................................................8
26

27
*Rodriguez v. Morgan*, 2012 WL 253867 (C.D. Cal. Jan. 26, 2012)........................9

28
*Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003) ...........................18

- iii -
Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summary J.

*Shapiro v. Cadman Towers*, 51 F.3d 328 (2d Cir. 1995). ...................................... 15

*Taylor v. Hous. Auth. of New Haven*, 267 F.R.D. 36 (D. Conn. 2010)................... 18

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626
  (9th Cir.1987). ........................................................................................... 7

*United States v. Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d 1413
  (9th Cir. 1994). ...........................................................................7, 10, 13, 15

*United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374
  (9th Cir. 1997). ........................................................................................... 9

*US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) .................................................... 7

*Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002). ........................................... 13, 14

*Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737
  (7th Cir. 2006) ......................................................................................... 10

*Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807 (9th Cir. 1999). ...............10-11

*Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041 (9th Cir. 1999)........................... 13


Statutes and Regulations

24 C.F.R. § 8.22.  ................................................................................................... 18

24 C.F.R. § 8.24. ................................................................................................... 18

24 C.F.R. § 8.26. ................................................................................................... 18

24 C.F.R. § 8.33 ................................................................................................... 18

29 U.S.C. § 794................................................................................................... 6, 8

42 U.S.C. § 3604............................................................................................6, 8, 11

Cal. Civ. Code Sec. 54.3................................................................................... 6

Cal. Gov't Code § 12927 ...............................................................................6, 8-9


Rules

Fed. R. Civ. P. 56................................................................................................... 7


Other Authorities

H.R. Rep. No. 100-711 (1988) ......................................................................... 8

**INTRODUCTION**

In her Third Amended Complaint (Dkt. 141), Plaintiff Mei Ling asserts reasonable accommodation claims against Defendant RedRock NoHo Residential, LLC ("RedRock") pursuant to the Rehabilitation Act, the Fair Housing Act, the California Fair Employment and Housing Act ("FEHA"), and the California Disabled Persons Act ("CDPA"), based on RedRock's refusal to rent her a one-bedroom apartment at an affordable rate in place of one of the studio units that RedRock rents at affordable rates pursuant to its affordable housing program at The Lofts, a multi-family housing development located in North Hollywood.  RedRock's Motion for Summary Judgment (Dkt. 149) rests on just two assertions: that Ms. Ling's requested accommodation is not necessary to afford her an equal housing opportunity and is not reasonable because it would impose an undue burden on RedRock. Because RedRock has failed to establish the absence of any genuine disputed facts material to these claims, its Motion for Summary Judgment must be denied.

Ms. Ling is disabled.  She is restricted to a wheelchair, requires assistance with personal care and day-to-day tasks, and cannot earn an income because of her disability.  In order to have equal access to the use and enjoyment of housing, Ms. Ling needs a dwelling unit with sufficient space and design features that will allow her to maneuver in her wheelchair, install and store adaptability equipment, and provide adequate privacy for herself and her live-in caregiver.

Since 2007, Ms. Ling has sought to rent an apartment unit at The Lofts through the property's affordable housing program.  When she finally reached the top of The Loft's affordable housing waitlist in 2009, she requested that The Lofts make an exception to its affordable housing policy, under which it elected to include only three studio unit types while excluding the one-

1  bedroom Pantages units.  Ms. Ling asked that RedRock rent her a Pantages

2  unit at an affordable rate, in order to accommodate her specific accessibility

3  needs.  The Lofts refused, and Ms. Ling has therefore never been able to use

4  and enjoy a dwelling unit at The Lofts.

5      The Rehabilitation Act, Fair Housing Act, FEHA, and the CDPA all

6  impose an obligation on RedRock to alter policies that may also be barriers to

7  nondisabled persons in order to provide equal housing access to persons with

8  disabilities such as Ms. Ling.  *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1151

9  (9th Cir. 2003).  "[R]easonable accommodations can function to adjust for

10  special needs that flow from the inability of disabled residents to meet

11  otherwise applicable financial requirements."  *Id.*

12      RedRock has not established the absence of genuine disputes

13  concerning the elements of Mr. Ling's reasonable accommodation claim.  A

14  reasonable jury could easily credit Ms. Ling's evidence that a one-bedroom

15  Pantages-style unit would meet more of her specific accessibility needs than

16  one of the studio units.  Such a jury could also find that without a Pantages

17  unit rented at a rate she can afford, Ms. Ling will be denied an opportunity to

18  use and enjoy housing at The Lofts.  That same reasonable jury could also find

19  that the requested accommodation is reasonable and would not impose any

20  undue burden on RedRock, and RedRock has not presented evidence showing

21  that granting the requested accommodation would fundamentally alter the

22  nature of its affordable housing program or that it would constitute a

23  significant financial hardship for RedRock.

24      For these reasons, and as set forth below, RedRock has not met its

25  burden as the party moving for summary judgment to establish the absence of

26  any genuine disputes over facts material to Ms. Ling's reasonable

27  accommodation claims.  Ms. Ling thus respectfully requests that the Court

28  deny the Motion and allow her to present her reasonable accommodation claim

1    to a jury.[1]

2                              **FACTUAL OVERVIEW**

3        Plaintiff Mei Ling suffers from spinal conditions including spinal

4    stenosis and spondylosis, which is a painful condition resulting from the

5    degeneration of the spine's intervertebral disks.  Ling Dep. 8:13-15, 8:18-20,

6    8:22-23.[2]  She has been non-ambulatory and has used a wheelchair since

7    2006.  *Id.* 10:16-21, 10:24-11:2.

8        Because of her mobility impairment, Ms. Ling requires assistance with

9    personal care and other routine tasks.  Ling Dep. 20:23-24, 25:8-23, 26:8-13,

10   29:24-25, 40:23-25, 41:10-19, 45:1-6, 45:14-23.  Her physical disability

11   currently prevents her from obtaining employment.  Ling Decl. ¶ 8.  She

12   cannot earn an income because of her disability and subsists on a small

13   monthly stipend from Los Angeles County's General Relief program, in the

14   amount of $221.  Because of her financial circumstances, Ms. Ling cannot

15   afford to live in market-rate housing.  Ling Dep. 179:5-13, 179:19-21; Ling

16   Decl. ¶ 8.  Ms. Ling therefore requires an affordable dwelling unit that is also

17   wheelchair-accessible.

18       Ms. Ling became homeless in 2006.  Ling Dep. 30:10-18.  Since that

19   time, she has sought to obtain affordable, wheelchair-accessible housing in

20   CRA-supported buildings located in various parts of the City.  Ling Decl. ¶¶

21   15-17, 26.

22       In April 2007, Ms. Ling obtained a Housing Choice Voucher (formerly

23   denominated and still commonly called a Section 8 voucher), administered by

24   the Housing Authority of the City of Los Angeles ("HACLA").  Ms. Ling's

25   _____

26   [1] This Opposition also responds to Legacy Partners Residential, Inc.'s
     ("Legacy") Motion for Summary Judgment on Ms. Ling's reasonable
27   accommodation claims against Legacy.  (*See* Dkt. 150-1 at 5.)

     [2] The cited excerpts from Ms. Ling's deposition are attached as Exhibit 24 to
28   the Declaration of Mei Ling.

- 3 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1    Housing Choice Voucher currently provides her approximately $1,400 per

2    month to apply to the rental of a two-bedroom apartment unit at The

3    Piedmont.  Ling Dep. 62:7-15; Ling Decl. ¶ 9.

4         Ms. Ling's current dwelling unit is not fully accessible to her.  Among

5    other barriers, she cannot use the shower, cannot use the toilet without

6    assistance, and cannot utilize all features of the kitchen.  Ling Dep. 34:17-23,

7    37:1-11, 37:14-43:3.  In addition, public transportation opportunities to and

8    from The Piedmont are limited and difficult for Ms. Ling to access.  Ling

9    Decl. ¶ 25.

10        RedRock is the owner of The Lofts, a multi-family housing

11   development located in North Hollywood.  McCarter Decl. (Dkt. 149-5) ¶ 2.

12   The Community Redevelopment Agency of Los Angeles ("CRA") allocated

13   federal funding to The Lofts' developer.  *See* HUD Compliance Review, App.

14   3 (attached as Ex. A to Ms. Ling's concurrently filed Request for Judicial

15   Notice);[3] McCarter Decl. (Dkt. 149-5) ¶ 6; Ex. 23 to Ling Decl.

16        In 2007, Ms. Ling applied for tenancy at The Lofts through the

17   development's affordable housing program.  Ling Decl. ¶ 30; Ling Dep.

18   63:22-25; Ling Decl. Ex. 22.  The Lofts limits its affordable housing program

19   to studio units (Greek, Mayan, and Kodak units).  McCarter Decl. ¶ 4 & Ex.

20   A; *see also* Nichols Decl. (Dkt. 149-4) ¶¶ 3, 5-6.  The Lofts also has a one-

21   bedroom model called a Pantages unit, but it does not offer any Pantages units

22   at affordable, or below-market rates.  Nichols Decl. ¶ 6.  The Greek studio

23   units have 580 square feet; the Mayan studio units have 750 square feet; the

24   Kodak studio units and the Pantages one-bedroom units have 930 square feet.

25   Ex. C to Kim Report (Dkt. 149-3 at 51-55).

26        Ms. Ling reached the top of the affordable housing waitlist for The

27   ─────────────────────

[3] As shown in Exhibit B to the Request for Judicial Notice, these findings

28   became final when no party sought review.

- 4 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1  Lofts in December 2009, and at that time, The Lofts offered her tenancy in a

2  Greek-style studio unit.  Ling Dep. 84:9-22; Ex. 21 to Ling Decl.; RedRock

3  Statement of Uncontroverted Facts (Dkt. 149-6) ¶ 12.

4          Because Ms. Ling requires a wheelchair and a live-in caregiver, she

5  needs more space and privacy than any of The Lofts' studio units would

6  afford.  Ling Dep. 86:22-87:3, 87:10-17.  In addition, the layout and floor

7  space of the studio units at The Lofts are inadequate for Ms. Ling to install and

8  store bulky adaptability equipment that would allow her to use the shower.  *Id.*

9  57:6-22, 88:17-18.  Ms. Ling also needs grab bars on both sides of the toilet,

10  but the studio units only have walls on one side of the toilet.  Ling Dep. 75:22-

11  25; Kim Report at 14.

12          Because the Lofts' studio units do not meet Ms. Ling's specific

13  accessibility needs, she has repeatedly requested that The Lofts allow her to

14  rent a Pantages unit at an affordable rate, instead of one of the studio units

15  designated in The Lofts' affordable housing program, as a reasonable

16  accommodation for her disability; each such request has been denied.  Ling

17  Decl. ¶¶ 30-35, 39-40, 42, 46, 51, 60-64 & Ex. 21 at PL 35; Ling Dep. 64:1-7;

18  64:13-15.

19          HACLA, which administers Ms. Ling's Housing Choice Voucher, has

20  recognized her medical requirement of a unit larger than a studio unit in

21  issuing her a Voucher for the rental of a two-bedroom unit.  Ling Dep. 62:7-

22  18; Ling Decl. ¶ 8.

23          When The Lofts offered Ms. Ling an affordable studio unit in December

24  2009, she renewed her request that she be allowed to rent a one-bedroom

25  Pantages unit at an affordable rate as a reasonable accommodation for her

26  disability.  *See* Ex. 21 to Ling Decl. at PL 35.  The Lofts denied the request.

27  *Id.* at PL 39-44.

28          In January 2012, U.S. Department of Housing and Urban Development

- 5 -

1   ("HUD") released an exhaustive Compliance Review.  In the Compliance

2   Review (attached to Ms. Ling's concurrently filed request for judicial notice as

3   Exhibit A), HUD found that RedRock had failed to provide housing

4   opportunities to persons with disabilities in a sufficient range of sizes and with

5   a sufficient range of amenities to ensure that prospective tenants with

6   disabilities are not denied an opportunity to rent because of an absence of

7   accessible, affordable units.  *Id.* at 6.  HUD determined that all of the

8   affordable units at the Lofts are studio units and that none of the one-bedroom

9   units is included.  *Id.* at Appendix 5, p. 14.  HUD's compliance review

10  furthermore concluded that *none* of the units designated as accessible at The

11  Lofts complies with the accessibility requirements of Section 504.  *Id.* at 14-35

12  (describing widespread accessibility violations in the units that have been

13  designated accessible at The Lofts).  HUD further found that accessible units

14  were not distributed among the affordable units at The Lofts and that The

15  Lofts conducted a single lottery that did not take into account individuals with

16  disabilities.  *Id.* at 6, 8.

17       RedRock's expert conducted an independent accessibility review of The

18  Lofts and likewise concluded that The Lofts is not in compliance with many

19  UFAS requirements.  Kim Report at 4-13.

20       In its July 6, 2012 Order, the Court dismissed Ms. Ling's claims against

21  RedRock except to the extent that Ms. Ling alleges that RedRock denied her

22  requests to substitute a Pantages unit for one of the affordable studio units, as

23  a reasonable accommodation.  (Dkt. 109 at 2-4.)  Ms. Ling's remaining claims

24  against Legacy are therefore based on the denial of the requested

25  accommodation of allowing Ms. Ling to rent a Pantages unit through The

26  Lofts' affordable housing program, under the Rehabilitation Act, 29 U.S.C. §

27  794; the Fair Housing Act, 42 U.S.C. § 3604(f)(3); FEHA, Cal. Gov't Code

28  Sec. 12927(c)(1); and the CDPA, Cal. Civ. Code Sec. 54.3.

- 6 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1                         **LEGAL STANDARD**

2       Summary judgment should be denied unless the record "shows that

3 there is no genuine dispute as to any material fact and the movant is entitled to

4 judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one

5 that could "affect the outcome of the suit under the governing law."  *Anderson*

6 *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" exists "if

7 the evidence is such that a reasonable jury could return a verdict for the

8 nonmoving party."  *Id.*

9       At the summary judgment stage, the Court may not make credibility

10 determinations or weigh conflicting evidence and must draw all inferences "in

11 the light most favorable to the nonmoving party."  *See T.W. Elec. Serv., Inc. v.*

12 *Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630–31 (9th Cir.1987); *see also*

13 *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (holding that at summary

14 judgment "the nonmoving party's evidence 'is to be believed, and all

15 justifiable inferences are to be drawn in that party's favor" (internal quotation

16 marks and brackets omitted)).

17       The moving party bears the burden of demonstrating the absence of a

18 genuine issue of material fact for trial, with evidence that would be admissible.

19 *Anderson*, 477 U.S. at 256; Fed. R. Civ. P. 56(c)(1), (4).  Only if the moving

20 party makes this showing does the burden shift to the non-moving party to

21 identify "specific facts showing that there is a genuine issue for trial."  *Pom*

22 *Wonderful LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1108 (C.D. Cal.

23 2010) (internal quotation marks omitted).

24       The issue of whether a requested accommodation is reasonable is highly

25 fact-intensive and almost always presents a triable issue of fact for the jury.

26 *See, e.g.*, *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 n.2 (9th Cir. 2000),

27 *vac'd on other grounds by* 535 U.S. 391 (2002); *United States v. Cal. Mobile*

28 *Home Park Mgmt. Co.*, 29 F.3d 1413, 1418 (9th Cir. 1994) ("*Mobile Home*

- 7 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1  *I*").  If there are mixed questions of law and fact, summary judgment is not

2  appropriate where the factual issues are genuinely disputed.  *Posey v. Lake*

3  *Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1123 (9th Cir. 2008).

4  **ARGUMENT**

5  **I.    Elements of a Reasonable Accommodation Housing Claim**

6        The Fair Housing Act includes within the definition of unlawful housing

7  discrimination "a refusal to make reasonable accommodations in rules,

8  policies, practices, or services, when such accommodations may be necessary

9  to afford such person equal opportunity to use and enjoy a dwelling."  42

10  U.S.C. § 3604(f)(3)(B).  This provision codified into the Fair Housing Act the

11  reasonable accommodation requirements of Section 504 of the Rehabilitation

12  Act.  *See Giebeler*, 343 F.3d at 1148 (citing H.R. Rep. No. 100-711, at 25, 28

13  (1988)).  The Ninth Circuit has therefore instructed that courts should apply

14  these federal laws similarly in resolving reasonable accommodation housing

15  claims.  *Id.* at 1149 ("The concept that policies and practices must be modified

16  in some instances to accommodate the needs of the disabled is common to all

17  three statutory schemes [the Fair Housing Act, the Rehabilitation Act, and the

18  Americans with Disabilities Act].").[4]

19        FEHA similarly includes within the statutory definition of housing

20  discrimination the "refusal to make reasonable accommodations in rules,

21  policies, practices, or services when these accommodations may be necessary

22  to afford a disabled person equal opportunity to use and enjoy a dwelling."

23

24  [4] Section 504 of the Rehabilitation Act requires the additional element that the
25  defendant be a recipient of triggering federal funding.  *See* 29 U.S.C. § 794;
   *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1067 (9th Cir. 2010).  RedRock
26  does not argue in its moving papers that it is exempt from Section 504 of the
   Rehabilitation Act.  Ms. Ling therefore assumes that RedRock does not intend
27  to dispute this element on summary judgment.  Should RedRock assert in its
   reply that it is exempt from Section 504, Ms. Ling respectfully reserves the
28  right to submit a surreply on this issue.

1   Cal. Gov't Code § 12927(c).  Courts have likewise interpreted the CDPA as

2   prohibiting the denial of a request for a reasonable accommodation.  *See*

3   *Rodriguez v. Morgan*, 2012 WL 253867, at *5 (C.D. Cal. Jan. 26, 2012).[5]

4         The Ninth Circuit has articulated four elements for proving a reasonable

5   accommodation housing claim: (1) the plaintiff has a disability; (2) the

6   defendant knew or reasonably should have known of the disability; (3)

7   accommodation of the disability may be necessary to afford the plaintiff an

8   equal opportunity to use and enjoy the dwelling; and (4) the defendant refused

9   to make the accommodation. *See Giebeler*, 343 F.3d at 1147 (citing *United*

10  *States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir.

11  1997) ("*Mobile Home III*")); *see also id.* at 1149 (stating that elements of

12  reasonable accommodation analysis under the Fair Housing Act are "borrowed

13  from the caselaw interpreting the Rehabilitation Act" (internal quotation marks

14  omitted)).  In addition, the court must determine whether the accommodation

15  is reasonable.  *Id.* at 1156; *DuBois v. Ass'n of Apartment Owners of 2987*

16  *Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

17        In its moving papers, RedRock does not dispute Ms. Ling's ability to

18  establish the first, second, and fourth elements of the reasonable

19  accommodation analysis.  Thus, the only disputed issues for purposes of

20  RedRock's Motion for Summary Judgment are whether the accommodation

21  requested by Ms. Ling may be necessary to afford her an equal opportunity to

22  use and enjoy a dwelling at The Lofts and whether the requested

23  accommodation is reasonable.  Because the record would support a reasonable

24  jury's finding that Ms. Ling's requested accommodation is both necessary to

25  _____

26  [5] The protections of FEHA are even broader than that of the federal Fair
    Housing Act.  *See, e.g.*, *Hous. Rights Ctr. v. Sterling*, 404 F. Supp. 2d 1179,
27  1194 (C.D. Cal. 2004); *Auburn Woods I Homeowners Ass'n v. Fair*
    *Employment & Hous. Comm'n*, 121 Cal. App. 4th 1578, 1591 (2004) ("[T]he
28  FHA provides a minimum level of protection that FEHA may exceed.").

- 9 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1    afford her an equal opportunity to use and enjoy a dwelling unit at The Lofts

2    and reasonable, RedRock's Motion for Summary Judgment must be denied.

3    **II.    RedRock Has Not Established the Absence of Genuine Disputes as to Whether Plaintiff's Requested Accommodation Is Necessary to**

4    **Afford Her an Equal Housing Opportunity at The Lofts**

5            RedRock contends that it has no duty to grant Ms. Ling's requested

6    accommodation—to be allowed to rent a one-bedroom Pantages unit at an

7    affordable rate in place of the studio units included in RedRock's affordable

8    housing program—because a Pantages unit is allegedly not necessary to

9    provide her an equal opportunity to live at The Lofts.

10           An accommodation is necessary if, in the absence of the

11   accommodation, the plaintiff would be denied an equal opportunity to use and

12   enjoy a dwelling compared to a person without disabilities.  Courts often

13   frame this analysis in terms of causation, asking whether there is a causal

14   connection between the plaintiff's injury (the denial of an equal housing

15   opportunity) and the policy or practice to which the accommodation is sought.

16   *See, e.g.*, *Giebeler*, 343 F.3d at 1155-56 (explaining that an accommodation is

17   "necessary" if the plaintiff would otherwise be denied an equal opportunity to

18   enjoy housing, or in other words if there is a "causal link between defendants'

19   policy and the plaintiffs' injury"); *McGary v. City of Portland*, 386 F.3d 1259,

20   1267 (9th Cir. 2004) (similar).[6]

21           This inquiry is "highly fact-specific, requiring case-by-case

22   determination."  *Mobile Home I*, 29 F.3d at 1418; *see also Wong v. Regents of*

23   *the Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999) (inquiry "depends on the

24   _____

[6] RedRock asserts, relying on out-of-circuit authority, that Ms. Ling must

25   demonstrate a "direct linkage" to the equal opportunity or a "direct amelioration of a disability's effect."  RedRock Mem. (Dkt. 149-1) at 8 (citing

26   *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737 (7th Cir. 2006); *Matarese v. Archstone Pentagon City*, 761 F. Supp. 2d 346 (E.D. Va. 2011)).

27   To the extent RedRock asserts a higher burden for establishing a causal connection than applies in this Circuit, these authorities are inapposite.

28   *Giebeler* and *McGary* articulate the applicable standard in this Circuit.

- 10 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1    individual circumstances of each case" and "requires a fact-specific,

2    individualized analysis of the disabled individual's circumstances and the

3    accommodations that might allow him to meet the program's standards").

4          In *Giebeler*, the court held that the requested accommodation, an

5    exception to the apartment owner's financial qualifications policy, was

6    necessary because the plaintiff's disability prevented him from being

7    financially self-sufficient. *Id.* at 1150-55, 1158.  A necessary accommodation

8    may in some circumstances "include the obligation to alter policies that can be

9    barriers to nondisabled persons as well. . . . [R]easonable accommodations can

10   function to adjust for special needs that flow from the inability of disabled

11   residents to meet otherwise applicable financial requirements." *Id.* at 1151.  In

12   *Giebeler* found that an adjustment to the owner's "method of judging financial

13   responsibility would aid [the plaintiff] in obtaining an apartment he could

14   otherwise not inhabit because of his disability" would provide an equal

15   opportunity that the plaintiff would otherwise be denied because of the causal

16   connection between his disability and his poverty.  *Id.*

17         Likewise in *McGary*, the Ninth Circuit recognized that where a

18   plaintiff's "earning ability is impaired by disability," a housing policy or

19   practice that imposes a financial barrier may deny the plaintiff an equal

20   housing opportunity.  *See* 386 F.3d at 1263-64 (holding that an

21   accommodation is "necessary" within the meaning of § 3604(f)(3)(B) if the

22   plaintiff's "use and enjoyment of [her] home[] [are] impaired by financial

23   burdens that the defendants refused to mitigate though accommodation").

24         Similarly here, the requested accommodation to The Lofts' affordable

25   housing policy is necessary to provide Ms. Ling with an equal opportunity for

26   tenancy compared to otherwise similarly situated applicants for affordable

27   housing at The Lofts who do not have a disability.  Without the requested

28   accommodation, Ms. Ling cannot participate in the affordable housing

- 11 -

1  program that is available to other applicants without disabilities because (1)

2  the affordable studios do not meet Ms. Ling's specific accessibility needs, *see*

3  *supra*,[7] and (2) as in *Giebeler* and *McGary*, Ms. Ling's disability prevents her

4  from working and earning an income that would otherwise allow her to pay

5  for a market-rate Pantages unit, Ling Decl. ¶¶ 8-9.  Ms. Ling's evidence would

6  support a jury's finding of a causal link between her disability and the need for

7  the requested accommodation in order to enjoy an equal opportunity to

8  participate in The Lofts' affordable housing program.  *See Giebeler*, 343 F.3d

9  at 1147, 1155; *see also* Dkt. 69 at 10-11 (finding that plaintiff alleged

10 adequate facts to show a causal link); *Bentley v. Peace & Quiet Realty 2 LLC*,

11 367 F. Supp. 2d 341, 346-47 (E.D.N.Y. 2005) (holding that plaintiff's

12 requested accommodation to move to more expensive unit while continuing to

13 pay current monthly rate was necessary to afford plaintiff the opportunity to

14 use and enjoy her dwelling, where the reason for the requested transfer was

15 directly related to her handicap).  A reasonable jury could therefore find from

16 the evidence that by limiting its affordable housing program to studio units,

17 RedRock is denying Ms. Ling an equal opportunity to use and enjoy a

18 dwelling at The Lofts.

19     In support of its contention that the studio units are equally accessible to

20 Ms. Ling, RedRock relies on the report by Christy Kim, in which Ms. Kim

21 opines that Ms. Ling could make modifications to the studio unit bathrooms

22 and that the Kodak studio unit allows greater maneuverability than a Pantages

23

_____

24 [7] Ms. Ling has presented evidence that because of her disability, she cannot
   afford market-rate housing.  Ling Decl. ¶ 8.  She has further presented
25 evidence that a studio unit would not provide sufficient space and privacy for
   Ms. Ling to maneuver in her wheelchair, store bulky adaptive equipment, and
26 have the live-in caregiver she requires for assistance with daily tasks.  *Id.* ¶¶
   61-64.  The bathroom layouts of the studio units are also inadequate for the
27 modifications that Ms. Ling would require to be able to use the toilet and
   shower, modifications that would be possible in Pantages bathroom.  Ling
28 Dep. 57:6-22, 75:22-25, 86:22-87:3, 87:10-17, 88:17-18; Ling Decl. ¶ 63.

- 12 -

1   unit because it is open.  Kim Report at 14-16.  Ms. Kim's statements are

2   contradicted by Ms. Ling's testimony as to her individualized, specific

3   accessibility needs.  The Ninth Circuit has repeatedly emphasized that "[t]he

4   question of whether a particular accommodation is reasonable depends on the

5   individual circumstances of each case and requires a fact-specific,

6   individualized analysis of the *disabled individual's circumstances* and the

7   accommodations that might allow him to equally enjoy the rented premises."

8   *Mejia v. Comonfort*, No. 10-05767, 2010 WL 5818288, at *5 (C.D. Cal. Nov.

9   15, 2010) (internal quotation marks omitted, citing *Vinson v. Thomas*, 288

10  F.3d 1145, 1154 (9th Cir. 2002); *Zukle v. Regents of Univ. of Cal.*, 166 F.3d

11  1041, 1048 (9th Cir. 1999)).  "The reasonable accommodation inquiry is

12  highly fact-specific, requiring case-by-case determination" based on the

13  specific accessibility needs of the individual plaintiff.  *Mobile Home I*, 29 F.3d

14  at 1418.

15          RedRock's only evidence on the issue of whether the requested

16  accommodation is necessary is the Kim Report.  The Kim Report does not and

17  cannot establish the absence of material disputes about Ms. Ling's need for a

18  Pantages unit because it does not address or consider Ms. Ling's specific and

19  personalized accessibility needs, including the need for sufficient

20  maneuverability, storage space for adaptability equipment, and privacy for her

21  caregiver.  Ling Dep. 53:17-18 ("[E]verybody's disability is different."),

22  70:15-18; 77:5-6 (testifying that the size and maneuverability of the Pantages

23  layout is greater), 104:20-22 ("[W]hat may work for one person in a

24  wheelchair may not work for me, and vice versa.").  The Kim Report

25  expresses only general opinions about the comparative maneuverability of the

26  different unit types and is contradicted by Ms. Ling's testimony about her

27  specific needs.  A reasonable jury could credit Ms. Ling's personal testimony

28  about her specific needs over the Kim Report's generalized conclusions and

- 13 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1   find that by denying Ms. Ling the ability to rent a Pantages unit through the

2   affordable housing program, RedRock is denying her an equal opportunity to

3   use and enjoy a dwelling at The Lofts.  *See Giebeler*, 343 F.3d at 1155-56.

4          Moreover, to the extent the Kim Report finds that the Mayan and Kodak

5   units are comparable to the Pantages unit in terms of space and

6   maneuverability, Ms. Ling was not offered either of these units types.  She

7   was offered the smallest studio unit type, the Greek floor plan, with only 580

8   square feet.  Ex. C to Kim Report (Dkt. 149-3); Ling Dep. 84:9-22; Legacy

9   Statement of Uncontroverted Facts ¶ 13.

10         For the same reasons, a reasonable jury could find that the requested

11  accommodation would enable Ms. Ling to have an equal opportunity to use

12  and enjoy a dwelling at The Lofts by allowing her to rent a more accessible

13  Pantages unit at a rate that she can afford on her severely restricted income.

14  **III.   RedRock Has Not Established the Absence of Any Genuine**
        **Disputes Regarding the Reasonableness of the Requested**
15      **Accommodation**

16         RedRock contends that the accommodation requested by Ms. Ling is

17  not reasonable because it would fundamentally alter the terms of the

18  affordable housing program at The Lofts and would pose an undue financial

19  burden on RedRock by depriving it of the rental revenue it now receives from

20  renting all of its Pantages unit at market rate.  RedRock's evidence is

21  insufficient to establish the absence of any disputed facts supporting these

22  contentions.

23         Under Section 504 of the Rehabilitation Act, Ms. Ling bears "the initial

24  burden of producing evidence that a reasonable accommodation was possible."

25  *Vinson*, 288 F.3d at 1154.  "Once evidence of the possibility is produced, the

26  burden shifts to the other party to produce rebuttal evidence that the requested

27  accommodation is not reasonable."  *Giebeler*, 343 F.3d at 1156 (citing *Vinson*,

28

- 14 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1    288 F.3d at 1154).[8]

2        A housing provider may not refuse to grant a requested accommodation

3    that is necessary to afford a person with disabilities an equal housing

4    opportunity unless it can show that the accommodation would impose an

5    undue hardship or would make fundamental or substantial alterations to the

6    defendant's program. *Giebeler*, 343 F.3d at 1155; *Mark H. v. Hamamoto*, 620

7    F.3d 1090, 1098 (9th Cir. 2010). "An accommodation is reasonable if it is

8    'reasonable on its face, *i.e.*, ordinarily or in the run of cases.'" *Mark H.*, 620

9    F.3d at 1098 (quoting *Barnett*, 535 U.S. at 402).

10       The Ninth Circuit has made clear that housing providers may be

11   required to incur reasonable costs to accommodate a plaintiff's disability:

12   "[T]he history of the [Fair Housing Amendments Act] clearly establishes that

13   Congress anticipated that landlords would have to shoulder certain costs."

14   *Mobile Home I*, 29 F.3d at 1416; *see also Shapiro v. Cadman Towers*, 51 F.3d

15   328, 334-35 (2d Cir. 1995) ("[R]easonable accommodation under section 504

16   can and often will involve some costs" to housing providers (internal

17   quotation marks omitted)).

18       Like the necessity inquiry, the reasonableness of a requested

19   accommodation is fact-specific, dependent on the individual circumstances of

20   the parties to each case. *See, e.g.*, *Giebeler*, 343 F.3d at 1156 (describing

21   burden-shifting analysis and holding that even "[i]f the plaintiff cannot make

22   the initial showing that the requested accommodation is reasonable in the run

23   of cases, he 'nonetheless remains free to show that special circumstances

24   _____

25   [8] Noting that a slightly different framework applies to reasonable
     accommodation claims under the Americans with Disabilities Act, in *Giebeler*
26   the Ninth Circuit left open the question of which burden-shifting framework
     applies to a reasonable accommodation claim under the Fair Housing Act.
27   343 F.3d at 1156-57 (concluding that "[e]ither description of the burden
     allocation leads to the same result in this case"). Here, as in *Giebeler*, the
28   framework is not outcome determinative.

- 15 -

Ling v. City of Los Angeles *et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1  warrant a finding that . . . the requested "accommodation" is "reasonable" on

2  the particular facts.' . . . [C]ase-specific circumstances may make it reasonable

3  for certain defendants to make accommodations even where such

4  accommodations are not reasonable in most cases." (quoting *Barnett*, 535

5  U.S. at 405)); *see also Mark H. v. Hamamoto*, 849 F. Supp. 2d 990, 1004 (D.

6  Haw. 2012) (holding that reasonableness is fact-specific and that a defendant's

7  "'mere speculation that a suggested accommodation is not feasible falls short

8  of the reasonable accommodation requirement'" (alteration omitted, quoting

9  *Duvall v. Cty. Of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)).

10  As the owner of The Lofts, RedRock clearly has authority to rent an

11  available Pantages unit to Ms. Ling at any rent it chooses. The requested

12  accommodation is therefore "possible." *See Giebeler*, 343 F.3d at 1158

13  (holding that plaintiff "made the necessary initial showing that the requested

14  accommodation was reasonable" by identifying a practicable solution that was

15  within defendant's authority to grant).

16  The burden thus shifts to RedRock to show that granting the

17  accommodation would cause hardship to RedRock. RedRock has not shown

18  the absence of disputed facts material to this inquiry. RedRock's assertion that

19  the requested modification will fundamentally alter its affordable housing

20  program is an affirmative defense, for which RedRock bears the burden of

21  proof, and is "intensively fact-based." *Lentini v. Cal. Ctr. for the Arts,*

22  *Escondido*, 370 F.3d 837, 845 (9th Cir. 2004); *Martin v. PGA Tour, Inc.*, 204

23  F.3d 997, 1001 (9th Cir. 2000). RedRock asserts that it cannot substitute a

24  Pantages unit for an affordable studio unit because its covenant with the CRA

25  dictates the number and types of units that must be rented at affordable rates.

26  Be that as it may, RedRock has offered no evidence to show that it would be

27  unduly burdensome to seek a waiver from the CRA that would allow RedRock

28  to make the substitution in order to accommodate Ms. Ling's disability or to

- 16 -

1   negotiate a limited modification to the covenant.  Nor has it shown how

2   renting one Pantages unit at an affordable rate would "alter the essential

3   obligations of tenancy . . . (such as appropriate behavior and care of the

4   premises)".  *Giebeler*, 343 F.3d at 1157 (defining fundamental alteration).

5        RedRock cannot show that it would suffer a financial hardship if it were

6   to substitute a Pantages unit for one of the affordable studio units, pursuant to

7   a modified agreement with the CRA.  If RedRock allowed Ms. Ling to rent a

8   Pantages unit at the affordable rate set for a Kodak unit and rented the Kodak

9   unit at market rate, the net rental revenue loss would be $25 monthly ($2410-

10  $2385).  Nichols Decl. ¶ 11.  No jury would deem a $25-per-month loss a

11  financial hardship for the owner of an upscale high-rise apartment building

12  with almost 300 units.

13       Even without a modification to the covenant, RedRock could still offer

14  Ms. Ling a Pantages unit at an affordable rate, in other words rent a 29th unit at

15  an affordable rate.  RedRock asserts that renting one additional unit at an

16  affordable rate would result in a rental revenue loss of up to $1572 per month.

17  RedRock Mem. (Dkt. 149-1) at 13.  RedRock has offered no evidence,

18  however, to show that this rental revenue loss would pose an undue financial

19  hardship *to RedRock*.  Absent any evidence of RedRock's financial

20  circumstances, for example the monthly operating expenses and gross profits

21  for The Lofts, RedRock has not presented sufficient facts to establish the

22  absence of any genuine disputes as to whether renting a Pantages unit to Ms.

23  Ling at an affordable rate would be so financially burdensome to RedRock

24  that it should not be required to grant Ms. Ling's requested accommodation.

25  Whereas a $1572 monthly shortfall might be an undue burden for an

26  individual tenant or to a landlord renting just a few units, RedRock must offer

27  more to show that no reasonable jury could find it a manageable and

28  reasonable expense for this business entity owner of a major multi-family

1   housing development.  *See Mark H.*, 849 F. Supp. 2d at 1004 (holding that

2   defendant must present more than "speculation that a suggested

3   accommodation is not feasible").

4          The reasonableness of Ms. Ling's request finds further support in the

5   implementing regulations for the Rehabilitation Act.  24 C.F.R. § 8.26 obliges

6   RedRock to provide accessible units "in a sufficient range of sizes and

7   amenities so that a qualified individual with handicaps' choice of living

8   arrangements is, as a whole, comparable to that of other persons eligible for

9   housing assistance under the same program."[9]  This persuasive interpretation

10  by HUD of a recipient's obligations under Section 504, *see Armstrong*, 622

11  F.3d at 1167, is highly instructive to the reasonableness analysis here.  Ms.

12  Ling's requested accommodation would oblige RedRock to do nothing more

13  than it is already required to do—but may not actually be doing—under  the

14  Section 504 regulations.[10]

15                          **CONCLUSION**

16         As shown above, there are extensive and material factual disputes as to

17  the "necessary" and "reasonableness" elements of Ms. Ling's reasonable

18  accommodation claim against RedRock.  Ms. Ling therefore respectfully

19  _____

20  [9] The regulations further provide that recipients must make reasonable
    accommodations for individuals with disabilities and must modify housing
    policies and practices to ensure that these policies do not discriminate on the

21  basis of disability.  24 C.F.R. §§ 8.24, 8.33.  Multi-family housing
    developments constructed after 1991, like The Lofts, must furthermore be

22  "designed and constructed to be readily accessible to and usable by individuals
    with handicaps," and have "a minimum of five percent of the total dwelling

23  units . . . be made accessible for persons with mobility impairments."  24
    C.F.R. § 8.22.

24  [10] *See also, e.g.*, *Save Our Valley v. Sound Transit*, 335 F.3d 932, 943-44 (9th

25  Cir. 2003) ("As an agency interpretation of a statute, a regulation may be
    relevant in determining the scope of the right conferred by Congress."); *Taylor*

26  *v. Hous. Auth. of New Haven*, 267 F.R.D. 36, 47 (D. Conn. 2010) (holding that
    HUD's Section 504 regulations provide probative interpretations of the scope

27  obligations imposed by the statute); *Inland Mediation Bd. v. City of Pomona*,
    158 F. Supp. 2d 1120, 1144-46 (C.D. Cal. 2001) (relying on HUD regulations

28  to interpret scope of conduct prohibited under the Fair Housing Act).

- 18 -

*Ling v. City of Los Angeles et al.*, Case No. 2:11-cv-7774-SVW
Pl.'s Opp. to RedRock NoHo Residential, LLC's Mot. for Summ. J.

1    requests that the Court deny RedRock's motion for summary judgment.

2    Dated:  October 1, 2012

3    Respectfully submitted,

4    /s/ Jamie L. Crook
     Jamie L. Crook
5    on behalf of counsel for Plaintiff

6    Michael Allen (admitted to appear *pro hac vice*)
     *mallen@relmanlaw.com*
7    D. Scott Chang (SBN 146403)
     *schang@relmanlaw.com*
8    Jamie L. Crook (SBN 245757)
     *jcrook@relmanlaw.com*
9    **RELMAN, DANE & COLFAX PLLC**
     1225 19th Street, NW, Suite 600
10   Washington, DC 20036
     Telephone: (202) 728-1888
11   Facsimile: (202) 728-0848

12   Louis A. Rafti (SBN 243813)
     *LARafti.Law@gmail.com*
13   12209 Emelita Street
     North Hollywood, CA 91607
14   Telephone: (818) 392-0913

15   *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

1

**CERTIFICATE OF SERVICE**
**CENTRAL DISTRICT OF CALIFORNIA**

2

    I hereby certify that on this 1st day of October, 2012, I filed the
3   foregoing Plaintiff's Opposition to RedRock NoHo Residential, LLC's Motion
for Summary Judgment and accompanying documents using the Court's
4   CM/ECF filing system, which shall serve as notice of such filing on all
counsel of record.  I further certify that Plaintiff's Opposition to RedRock
5   NoHo Residential, LLC's Motion for Summary Judgment will be served
according to law on the following party, which has not appeared in this action
6   and is in default:

7         JSM Florentine, LLC
           c/o Craig D. Jones
8         111 N. Pass Avenue
           Burbank, CA 91505

9

10
                         /s/ Jamie L. Crook
11                         Jamie L. Crook

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28